

849 A.2d 19 Page 1
48 Conn.Supp. 397, 849 A.2d 19, 36 Conn. L. Rptr. 531
**(Cite as: 48 Conn.Supp. 397, 849 A.2d 19)**

Superior Court of Connecticut,
Judicial District of Waterbury.
Michael A. ZEIGLER et al.
v.
SONY CORPORATION OF AMERICA et al.
**No. X01 CV-03 0181305S.**

Jan. 26, 2004.

**Background:** Purchaser of digital video disc (DVD) player brought class action against manufacturers, alleging electrical defect, and asserting claims of negligence, breach of express warranty, breach of implied warranty, breach of contract, unjust enrichment, and violation of Connecticut Unfair Trade Practices Act (CUTPA).

**Holdings:** The Superior Court, Judicial District of Waterbury, held that:
(1) purchaser stated negligence claim;
(2) purchaser stated claim for breach of express warranty;
(3) purchaser failed to state claim for breach of implied warranty; and
(4) purchaser stated claim for restitution.

Motion to strike granted in part and denied in part.

West Headnotes

**[1] Pleading 302 354**

302 Pleading
   302XVI Motions
      302k351 Striking Out Pleading or Defense
         302k354 k. Insufficient Allegations or Denials. Most Cited Cases
A motion to strike tests the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Practice Book 1998, § 10-39.

**[2] Pleading 302 360**

302 Pleading
   302XVI Motions
      302k351 Striking Out Pleading or Defense
         302k360 k. Application and Proceedings Thereon. Most Cited Cases
The trial court's role on motion to strike is to examine the complaint, construed in favor of the pleader, to determine whether a legally sufficient cause of action has been pleaded. Practice Book 1998, § 10-39.

**[3] Pleading 302 360**

302 Pleading
   302XVI Motions
      302k351 Striking Out Pleading or Defense
         302k360 k. Application and Proceedings Thereon. Most Cited Cases
On motion to strike, the court must assume the truth of both the specific factual allegations and any facts fairly provable thereunder and read the allegations broadly, rather than narrowly; that requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the complaint, but only to factual allegations and the facts necessarily implied and fairly provable under the allegations. Practice Book 1998, § 10-39.

**[4] Pleading 302 354**

302 Pleading
   302XVI Motions
      302k351 Striking Out Pleading or Defense
         302k354 k. Insufficient Allegations or Denials. Most Cited Cases
A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged. Practice Book 1998, § 10-39.

**[5] Products Liability 313A 156**

313A Products Liability
   313AII Elements and Concepts
      313Ak154 Nature of Injury or Damage

313Ak156 k. Economic Losses; Damage to Product Itself. Most Cited Cases

(Formerly 313Ak17.1)

**Products Liability 313A ⇌282**

313A Products Liability
   313AIII Particular Products
      313Ak282 k. Miscellaneous Products. Most Cited Cases

(Formerly 313Ak17.1)

Purchaser of digital video disc (DVD) player stated cause of action for negligence in production, manufacture, and testing of players, and in not recalling players or informing purchasers about product, although manufacturers alleged that recovery was barred under economic-loss doctrine; claim was independent of contract claims in later counts of complaint. Restatement (Third) of Torts, Products Liability 21, p. 293.

**[6] Sales 343 ⇌429**

343 Sales
   343VIII Remedies of Buyer
      343VIII(D) Actions and Counterclaims for Breach of Warranty
         343k429 k. Conditions Precedent. Most Cited Cases

Purchaser of digital video disc (DVD) player stated class-action claim for breach of express warranty of freedom from defects against manufacturers, although manufacturers asserted that purchaser failed to exercise his warranty rights by bringing player to an authorized service facility to establish applicability of warranty; manufacturers failed to establish lack of conflict between warranty and remedy, thereby allowing purchaser to avoid "repair or replace" remedy on basis of remedial conflict. C.G.S.A. § 42a-2-719(2).

**[7] Sales 343 ⇌280**

343 Sales
   343VI Warranties
      343k276 Construction and Operation

         343k280 k. Conditions, Limitations, and Exceptions. Most Cited Cases

An attempt to both warrant and refuse to warrant goods creates an ambiguity which can only be resolved by making one term yield to the other.

**[8] Sales 343 ⇌285(1)**

343 Sales
   343VI Warranties
      343k285 Notice to Seller of Defects
         343k285(1) k. Necessity and Effect of Notice in General. Most Cited Cases

Purchaser of digital video disc (DVD) player failed to state class-action claim for breach of implied warranty due to electrical defects, where purchaser failed to provide notice of alleged defects prior to suit, pursuant to Uniform Commercial Code. C.G.S.A. § 42a-2-607.

**[9] Appeal and Error 30 ⇌1079**

30 Appeal and Error
   30XVI Review
      30XVI(K) Error Waived in Appellate Court
         30k1079 k. Insufficient Discussion of Objections. Most Cited Cases

Manufacturers of digital video disc (DVD) players abandoned for appeal their argument that purchaser's class-action claim for breach of contract, which alleged electrical defects, was merely duplicative of prior counts for express and implied warranty, where manufacturers provided only conclusory allegation, with no case law or analysis.

**[10] Implied and Constructive Contracts 205H ⇌81**

205H Implied and Constructive Contracts
   205HII Actions
      205HII(B) Pleading
         205Hk81 k. Declaration, Complaint, or Petition. Most Cited Cases

Purchaser of digital video disc (DVD) player stated class-action claim against manufacturers for restitution for unjust enrichment, although manufacturers

asserted that purchaser received benefit of his bargain when he received player; player was defective, and purchaser did not buy it used in "as is" condition.

**[11] Implied and Constructive Contracts 205H ⇌3**

205H Implied and Constructive Contracts
    205HI Nature and Grounds of Obligation
        205HI(A) In General
            205Hk2 Constructive or Quasi Contracts
                205Hk3 k. Unjust Enrichment. Most Cited Cases

"Unjust enrichment" is a common-law doctrine that provides restitution or the payment of money when justice so requires.

**[12] Implied and Constructive Contracts 205H ⇌3**

205H Implied and Constructive Contracts
    205HI Nature and Grounds of Obligation
        205HI(A) In General
            205Hk2 Constructive or Quasi Contracts
                205Hk3 k. Unjust Enrichment. Most Cited Cases

Recovery is proper, under theory of unjust enrichment, if the defendant was benefited, the defendant did not pay for the benefit, and the failure of payment operated to the detriment of the plaintiff.

**[13] Implied and Constructive Contracts 205H ⇌4**

205H Implied and Constructive Contracts
    205HI Nature and Grounds of Obligation
        205HI(A) In General
            205Hk2 Constructive or Quasi Contracts
                205Hk4 k. Restitution. Most Cited Cases

In the absence of a benefit to the defendant, there can be no liability in restitution under theory of unjust enrichment.

**[14] Implied and Constructive Contracts 205H ⇌4**

205H Implied and Constructive Contracts
    205HI Nature and Grounds of Obligation
        205HI(A) In General
            205Hk2 Constructive or Quasi Contracts
                205Hk4 k. Restitution. Most Cited Cases

Restitution for unjust enrichment is an appropriate remedy where the defendant retains a benefit which has come to him at the expense of another.

**[15] Appeal and Error 30 ⇌1079**

30 Appeal and Error
    30XVI Review
        30XVI(K) Error Waived in Appellate Court
            30k1079 k. Insufficient Discussion of Objections. Most Cited Cases

Manufacturers of digital video disc (DVD) players abandoned for appeal their argument that purchaser's class-action claim under Connecticut Unfair Trade Practices Act (CUTPA) was derivative of inadequately pled negligence, warranty, and unjust enrichment claims, where manufacturers cited no law and provided no analysis.

**[16] Appeal and Error 30 ⇌1079**

30 Appeal and Error
    30XVI Review
        30XVI(K) Error Waived in Appellate Court
            30k1079 k. Insufficient Discussion of Objections. Most Cited Cases

Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue on appeal for failure to brief the issue properly.

**\*\*21** Elias A. Alexiades, for the plaintiffs.

McCarter & English, Hartford, for the defendants.

SHEEDY, J.

**\*397** This is a class action brought by Michael A. Zeigler, the named plaintiff (Zeigler or the plaintiff), and others who, like him, purchased a digital video disc player (DVD) player claimed to have been manufactured by the defendants, Sony

849 A.2d 19

48 Conn.Supp. 397, 849 A.2d 19, 36 Conn. L. Rptr. 531
**(Cite as: 48 Conn.Supp. 397, 849 A.2d 19)**

Page 4

Corporation of America [FN1] and Sony Electronics, Inc. The essence of the plaintiff's ***398** claim is that his DVD player (and presumably those of the other class members) has an electrical defect manifested by such phenomena as picture freezing, frequent display of "no disc" and "C13.00" error messages, lip synchronizations and other malfunctions. The plaintiff asserts that Sony representatives deny any defect, have failed to recall the alleged defective products, and, in general, have been unresponsive and/or unhelpful to purchasers of its products. The present action has been brought in a six count complaint alleging negligence, breach of express warranty, breach of implied warranty, breach of contract, unjust enrichment and violation of the Connecticut Unfair Trade Practices Act (CUTPA).

> FN1. Defense counsel, in a footnote, asserts that the named defendant, Sony Corporation of America, does not manufacture DVD players and does not import, distribute or sell them. Counsel also alleges that the named defendant has provided the plaintiff with an affidavit to the same effect in an effort to be "voluntarily dismissed" from the lawsuit. It is implied the court should conclude that the named defendant is, therefore, an improper defendant here. The court does not so conclude in the absence of evidence to the contrary or a motion to dismiss filed earlier, which has now been waived. The court therefore considers this motion as filed by both defendants, as the motion otherwise indicates.

The defendants have filed a motion to stay all proceedings pending a resolution of a pending New Jersey action [FN2] or, alternatively, to strike all counts of the complaint. The court considers only the latter. The plaintiff objects to the defendants' motion in its entirety.

> FN2. The defendants agree that the motion to stay is now moot. Although when suit in New Jersey against these defendants was first brought, the plaintiffs there intended to certify a nationwide class, which allegedly would have included all members of this class, the New Jersey action has now been restricted only to residents of that state. The plaintiffs herein are Connecticut residents.

[1][2][3][4] A motion to strike tests the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. ****22***Vacco v. Microsoft Corp.,* 260 Conn. 59, 65, 793 A.2d 1048 (2002); Practice Book 10-39. The trial court's role is to examine the complaint, construed in favor of the pleader, to determine whether a legally sufficient cause of action has been pleaded. *Suffield Development Associates Ltd. Partnership v. National Loan Investors, L.P.,* 260 Conn. 766, 772, 802 A.2d 44 (2002). Specifically, the court must "assume the truth of both the specific factual allegations and any facts fairly provable thereunder" and "read the allegations broadly, rather than narrowly." *Craig v. Driscoll,* 262 Conn. 312, 321, 813 A.2d 1003 (2003). That ***399** requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the complaint but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." (Internal quotation marks omitted.) *Forbes v. Ballaro,* 31 Conn.App. 235, 239, 624 A.2d 389 (1993). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Internal quotation marks omitted.) *Fidelity Bank v. Krenisky,* 72 Conn.App. 700, 720, 807 A.2d 968, *cert. denied,* 262 Conn. 915, 811 A.2d 1291 (2002); *Donar v. King Associates, Inc.,* 67 Conn.App. 346, 349, 786 A.2d 1256 (2001).

[5] The first count of the complaint alleges that the defendants acted negligently "with respect to the production, manufacture and testing" of the DVD/DVP [FN3] product line and "in not recalling the defective products and in not informing purchasers about the product defects." As a proximate result, the plaintiff claims to have sustained damages "in

849 A.2d 19

48 Conn.Supp. 397, 849 A.2d 19, 36 Conn. L. Rptr. 531
**(Cite as: 48 Conn.Supp. 397, 849 A.2d 19)**

Page 5

the form of flawed DVD players and excessive repair costs." The defendants claim this count is barred by the economic loss doctrine. Restatement (Third), Torts, Products Liability 21, p. 293 (1998) provides: "[H]arm to persons or property includes economic loss if caused by harm to: (a) the plaintiff's person; or (b) the person of another when harm to the other interferes with an interest of the plaintiff protected by tort law; or (c) the plaintiff's property other than the defective product itself." (Emphasis added.) Comment a to that section remarks that " 'pure economic loss' " is "more appropriately assigned to contract law and the remedies set forth in Articles 2 and 2A of the Uniform Commercial Code [UCC]." Id. Comment d underscores that principle in asserting that a product defect that renders the product ineffective so that repair or replacement is necessary is a loss "not **\*400** recoverable in tort under the rules of this Restatement." Id., at 294. The plaintiff relies upon two Connecticut Superior Court decisions which conclude that the economic loss doctrine does not apply where the asserted negligent conduct is independent of the claimed breach of conduct-which the defendants deny. See, e.g., *S.A. Candelora Enterprises v. Wild,* Superior Court, judicial district of New Haven, Docket No. CV 01 0447877S (February 4, 2002) (Thompson, J.) (31 Conn. L. Rptr. 397); *Worldwide Preservation Services v. The IVth Shea,* Superior Court, judicial district of Stamford-Norwalk, Docket No. (X05) CV 98 0167154S (Tierney, J.) (29 Conn. L. Rptr. 1). The defendants' reply ignores this argument entirely, focusing instead upon the fact that, despite conflicting authority in this state, the majority of American courts apply the economic loss rule to both commercial and consumer losses. The plaintiff has alleged the defendants failed to recall their machines despite their awareness of the claimed defects and failed properly to inform customers. Those claims are independent of the contract claims of later **\*\*23** counts. Construing the complaint in favor of the pleader as the court is bound to do on a motion to strike, the first count pleads a legally sufficient cause of action.

FN3. Digital video disc/digital video player.

[6][7] The second count asserts a breach of express warranty; specifically that the defendants warranted "the Sony DVD/DVP products were in a defect-free and merchantable condition" when sold though, in fact, they contained defective electrical systems. The defendants have asserted that this claim is insufficient as a matter of law because the plaintiff failed to allege he ever asserted his warranty rights. The warranty referenced in the plaintiff's complaint provided that, for a period of 90 days or one year from the date of purchase (depending upon the model of player purchased), if the product is claimed to be defective, the defendants would "repair or replace" it and would supply without **\*401** charge new or rebuilt replacements for a period of one year. To obtain such warranty service, the purchaser must "take ... or deliver" the product to an authorized service facility with "[p]roof of purchase" to establish the player in question was within the warranty period. Clearly, the UCC governs this contract claim. As clearly, General Statutes 42a-2-719 authorizes the limitation of remedies available to a buyer. Here, the remedy afforded is to "repair or replace." Section 42a-2-719 (2), however, provides that "[w]here circumstances cause an exclusive or limited remedy (such as the 'repair or replace' remedy) to fail of its essential purpose," the buyer may resort to any other remedy authorized under the UCC. The plaintiff has argued the applicability of this section in citing *Comind, Companhia de Seguros v. Sikorsky Aircraft,* 116 F.R.D. 397, 414 (D.Conn.1987) (Comind) wherein the court stated: "If Comind is successful in establishing that the part was latently defective and that the defect was not reasonably discoverable or actually discovered within the 90 day limitation period, thus leaving the buyer without a remedy for latent defects despite the defect guarantee, then the repair or replacement limitation is without effect." But see 4B R. Anderson, Uniform Commercial Code (3d Ed.) 2-719:138 which offers the mere fact that the seller delivered nonconforming goods does not

Case 3:05-cv-00444 Document 19-3 Filed 12/04/09 Page 5 of 8 PageID #: 77

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

849 A.2d 19

48 Conn.Supp. 397, 849 A.2d 19, 36 Conn. L. Rptr. 531
**(Cite as: 48 Conn.Supp. 397, 849 A.2d 19)**

Page 6

mean that the limited repair or replacement remedy failed of its essential purpose when the buyer has not shown that the seller was "incapable of curing" the breach. Close examination of the plaintiff's complaint, however, discloses that nowhere is there the allegation that any claimed defect was "latent" or incapable of being discovered within the warranty period.[FN4] Nevertheless, Comind concludes that, where there is "remedial conflict" between the express provisions of a warranty, **\*402** the contract's remedial provision may have failed of its essential purpose. *Comind, Companhia de Seguros v. Sikorsky Aircraft,* supra, at 413-14. A section of the contract considered there warranted the goods to be "free from defects in material and manufacture." Id., at 411. The same contract provision provided for the "repair or replace" remedy. The court found a conflict between these provisions and denied the motion for summary judgment. Id., at 416. In the present case, the parties do not dispute the presence of the repair or replace remedy.[FN5] The plaintiff **\*\*24** states that the defendants "expressly warranted" the products were in a "defect-free" condition. The defendants deny that but fail to provide the court with any documentary evidence or other means of resolving these antagonistic assertions-i.e., an affidavit stating no express warranty the product was defect-free was ever provided. Again, the court, on a motion to strike, is obligated to construe the pleading in favor of the moving party. The defendants' inability to address what is asserted in the complaint and to establish conclusively the absence of a "remedial conflict" defeats their motion on the second count.

> FN4. That is so despite the plaintiff's curious claim that paragraphs 14, 16, 17, 18 and 22 of the complaint did so when they are silent as to any such claim.
>
> FN5. As one court has stated: "An attempt to both warrant and refuse to warrant goods creates an ambiguity which can only be resolved by making one term yield to the other.... Section [42a-]316 ... of the Uniform Commercial Code provides that warranty language prevails over the disclaimer if the two cannot be reasonably reconciled." (Citation omitted.) *Wilson Trading Corp. v. David Ferguson, Ltd.,* 23 N.Y.2d 398, 405, 244 N.E.2d 685, 297 N.Y.S.2d 108 (1968).

[8] The third count alleges a breach of implied warranty in that the products, because they are poorly manufactured with faulty electronics, function improperly and are not fit for the ordinary purposes for which such goods are used. The defendants have argued that this count is insufficient because the plaintiff failed to provide notice of the defect prior to suit as required by General Statutes 42a-2-607. The plaintiff has claimed such notice is required only of sellers and not, as here, **\*403** manufacturers. That argument is unpersuasive. See, e.g., *American Mfg. Co. v. United States Shipping Board Emergency Fleet Corp.,* 7 F.2d 565, 566 (2d Cir.1925); *Hinchliffe v. American Motors Corp.,* 184 Conn. 607, 440 A.2d 810 (1981). The plaintiff cites to *Ruderman v. Warner-Lambert Pharmaceutical Co.,* 23 Conn.Supp. 416, 417-19, 184 A.2d 63 (1962), construing the predecessor statute to 42a-2-607. While this court does not conclude that 42a-2-607 is applicable to the present case, 42a-2-607 (3) clearly provides for the giving of notice and is, therefore, not helpful to the plaintiff. The plaintiff then argued that, if notice is required, the defendants had actual notice of the problems claimed-from the complaint before the court, from the existence of a complaint brought in a New Jersey court, and by way of numerous complaints made by customers to the defendants via their Internet website and customer service lines. The court is not persuaded. That argument ignores that UCC 1-201(26) provides the steps required of a buyer to provide notice "whether or not such other actually comes to know of it." By its terms, the plaintiff, as well as the other class members, is required to give individualized notice and the notice required is not simply notice of a defect-of which the defendants may already be aware-but notice of this plaintiff's

849 A.2d 19

48 Conn.Supp. 397, 849 A.2d 19, 36 Conn. L. Rptr. 531

**(Cite as: 48 Conn.Supp. 397, 849 A.2d 19)**

Page 7

claim the alleged defects constituted a breach of warranty. See, e.g., *Truslow & Fulle, Inc. v. Diamond Bottling Corp.,* 112 Conn. 181, 151 A. 492 (1930). To accept the plaintiff's argument that "generalized" knowledge satisfies the requirement of notice is, as the defendants argue, contrary to the plain language of this state's law and seriously undermines the UCC policy of avoiding lawsuits by encouraging negotiation and promoting timely cure of defects by sellers and manufacturers. The third count, therefore, is stricken for these reasons.

[9] In a footnote, the defendants assert that count four, which asserts a breach of contract, is "merely a breach **\*404** of warranty claims" recast under a new heading. They claim this count is duplicative of the prior two counts alleging breach of an express and implied warranty and they incorporate the arguments. No case law or analysis is provided to the court. The claim is abandoned, given it consists of no more than its own conclusory allegation.

**\*\*25** [10][11][12][13][14] The fifth count asserts a cause of action for unjust enrichment. It adds to earlier assertions that "the plaintiff and the class members have suffered monetary injuries, and defendants have been unjustly enriched" and that "[i]n equity and good conscience, it would be unjust and unconscionable to permit defendants to enrich themselves at the expense of plaintiff and class members and to retain the profits unjustly obtained." The plaintiff seeks "restitution damages." The defendants cite Connecticut Superior Court authority for the proposition that no action for unjust enrichment may stand absent the plaintiff directly conferring a benefit upon the defendants. See, e.g., *Parker v. Colgate-Palmolive Co.,* Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. (X08) CV 03 0193798S (August 8, 2003) (Adams, J.); *Granito v. International Business Machines,* Superior Court, Complex Litigation Docket at Tolland, Docket No. (X07) CV 02 0080440S (April 16, 2003) (Sferrazza, J.) (34 Conn. L. Rptr. 485). These courts have concluded that the parties must have a direct relationship (as opposed to dealing with others through an intermediary seller) and a course of dealing with each other.[FN6] That, however, is to engraft a requirement not imposed by our higher courts. The **\*405** law of this state is that unjust enrichment is a common law doctrine that provides restitution or the payment of money when justice so requires. *Gagne v. Vaccaro,* 255 Conn. 390, 401, 766 A.2d 416 (2001). "Recovery is proper if the defendant was benefited, the defendant did not pay for the benefit and the failure of payment operated to the detriment of the plaintiff.... In the absence of a benefit to the defendant, there can be no liability in restitution...." (Citations omitted; emphasis added.) *United Coastal Industries, Inc. v. Clearheart Construction Co.,* 71 Conn.App. 506, 512, 802 A.2d 901 (2002). Recovery is fact bound. See *Gardner v. Pilato,* 68 Conn.App. 448, 791 A.2d 707, *cert. denied,* 260 Conn. 908, 795 A.2d 544 (2002). It is an appropriate remedy where the defendant retains a benefit which has come to him at the expense of another. *Fitzpatrick v. Scalzi,* 72 Conn.App. 779, 786, 806 A.2d 593 (2002). While the extent of the benefit here is not now known, clearly the purchase of DVD players conferred a benefit upon the defendants. It is disingenuous of the defendants to argue that, because the plaintiff got a Sony DVD player, he received the benefit of his bargain when the player he got is alleged to have been defective and there is no reason to believe he knowingly purchased a used player in "as is" condition. It is that alleged failure to deliver what the plaintiff believed he would get in return for his payment that operated to his detriment. Because the court is required to construe the facts alleged in favor of the pleader and because recovery under an unjust enrichment claim is fact driven, a broad reading of the fifth count arguably supports such a claim.

> FN6. In their reply brief, the defendant "quote" language that nowhere appears in our Appellate Court's opinion in *United Coastal Industries, Inc. v. Clearheart Construction Co.,* 71 Conn.App. 506, 802 A.2d 901 (2002). The court there concludes that

there must be a benefit conferred upon the defendant for liability in restitution. Id., at 512, 802 A.2d 901. The language quoted, which references the conferring of a direct benefit upon the defendants, is not to be found therein. United Coastal Industries, Inc., is, however, correctly cited in the defendants' initial brief.

[15][16] Again, in a footnote, the defendants, in their first filed brief, urge the court to "dismiss" a count not specifically discussed. In that footnote, they state: "Because Plaintiff's [CUTPA] claim is premised upon, and derivative of, the inadequately pled negligence, warranty, **\*406** and **\*\*26** unjust enrichment claims, the [CUTPA] claims also [fail] as a matter of law and should be dismissed." CUTPA, General Statutes 42-110b(a) et seq., is an independent tort cause of action; in no meaningful sense is it derivative. The allegations of the sixth count are clearly different from the allegations of the prior counts and specific factual allegations are asserted in support of the conclusions made therein. " [A]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue for failure to brief the issue properly." (Internal quotation marks omitted.) *State v. Davila,* 75 Conn.App. 432, 441 n. 6, 816 A.2d 673, *cert. denied,* 264 Conn. 909, 826 A.2d 180 (2003). The defendants cite no law and provide no analysis of this claim. The court, therefore, considers it abandoned.

The defendants' motion to strike is granted as to the third count of the complaint; it is denied as to the first, second, fourth, fifth and sixth counts.

Conn.Super.,2004.
Zeigler v. Sony Corp. of America
48 Conn.Supp. 397, 849 A.2d 19, 36 Conn. L. Rptr. 531

END OF DOCUMENT