IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUTH SMITH, Individually and as Widow for the Use and Benefit of Herself and the Next Kin of Richard Smith, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> PFIZER, INC., *et al.*, <br><br> Defendants. | Civil No. 3:05-0444 <br> Judge Aleta A. Trauger <br> (Dist. Of MA No. <br> 1:05-cv-11515PBS) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO STRIKE LATE FILED RULE 26 DISCLOSURES**

Defendants Pfizer Inc and Warner-Lambert Company LLC respectfully submit this Memorandum of Law in Support of their Motion to Strike Late Filed Rule 26 Disclosures.

**PRELIMINARY STATEMENT**

On January 21, 2010, nearly *18 months* after the close of discovery, Plaintiff submitted a supplemental disclosure identifying numerous new witnesses and documents. Plaintiff's failure to comply with the Court's scheduling order and her obligations under Federal Rules of Civil Procedure 16 and 26 is neither substantially justified, nor harmless, and has unduly prejudiced Defendants. Further, Plaintiff's failure to timely proffer individuals with knowledge relevant to her claims has precluded Defendants from a complete investigation of Plaintiff's claims, and as a result deprived Defendants of a full defense.

Plaintiff proffered her initial Rule 26 disclosures on July 24, 2006. (*See* Pl.'s July 24, 2006, Rule 26 Discl., Ex. A.)[1] She supplemented those disclosures on August 21, 2006. (*See* Pl.'s Aug. 21, 2006, Supp. Discl., Ex. B.) On May 21, 2007, Plaintiff again supplemented her witness list, adding hundreds of new witnesses on a spreadsheet with no discernible organization.

---

[1] "Ex. __" refers to the Exhibits attached to the accompanying declaration of Mark S. Cheffo.

(*See* Pl.'s May 21, 2007, letter enclosing chart of witnesses, Ex. C.) This May 21, 2007, list of witnesses was not compliant with the disclosure requirements of Rule 26(a)(1)(A)(i), and thus does not constitute a "Supplemental Rule 26(a)(1) Disclosure" as referenced in Plaintiff's most recent disclosure. (*See* Pl.'s Jan. 21, 2010, Supp. Discl., at 9, Ex. D.) In June of 2007, in response to that witness list, and acknowledging that Plaintiff "ha[d] not yet determined which, if any, of these potential witnesses [Plaintiff] will call to testify at the time of trial," the parties began discussions regarding an agreement for handling witness disclosures. (*See* Defs.' June 25, 2007, letter to Andrew G. Finkelstein, Ex. E.) In September, the parties agreed that they would "disclose the names of the witnesses they intend to call at trial (60) days prior to the start of trial. As to any witness who has not been deposed at the time of disclosure, the parties agree to make any such persons available for deposition." (*See* Defs.' September 6, 2007, letter to Kenneth Fromson, and Pl.'s September 7, 2007, response letter to Angela Seaton, Ex. F.)

On June 20, 2008, Magistrate Judge Sorokin, on behalf of the multi-district litigation ("MDL") transferee court, issued a scheduling order designating "the discovery and briefing schedule for the *Bulger* and *Smith* cases." (*See* June 20, 2008, Order at 1, Ex. G.) This scheduling order required all fact discovery to be concluded by July 1, 2008. (*Id.*) On January 9, 2009, instead of narrowing her list of possible witnesses, Plaintiff proffered additional supplemental disclosures, adding numerous additional individuals to her list of putative fact witnesses. (*See* Pl.'s Jan. 9, 2009, Supp. Discl., Ex. H.) Plaintiff, months later in her September 2, 2009, Emergency Request for Issuance of Suggestion of Remand, represented to the MDL court that "common issue and case-specific discovery is complete in this case." (*See* Pl.'s Mem. in Supp. of Emergency Req. for Issuance of Suggestion of Remand at 3, Ex. I.) Subsequently, almost eighteen months after discovery closed, and two months after the MDL court remanded her case back to this Court for trial, Plaintiff *again* supplemented her Rule 26 disclosures, adding dozens more never-before-disclosed individuals and documents.[2] (*See* Pl.'s Jan. 21, 2010, Supp.

---

[2] This motion only concerns witnesses and documents disclosed in Plaintiff's January 2010 disclosure, and only those witnesses and documents not previously included in Plaintiff's prior Rule 26 disclosures. The parties'
*(cont'd)*

Discl., Ex. D.)[3]  Interestingly, at the conference before this Court on December 10, 2009, Plaintiff's counsel never mentioned an intention to supplement her disclosures or identify new witnesses. To the contrary Plaintiff requested an early trial date and represented that the case was trial ready, suggesting that her discovery was complete. Had she disclosed her intention to attempt to identify new witnesses and documents, that would have been something to reveal then – so that this Court could have weighed it in its scheduling order.

As noted above, Plaintiff's January 21, 2010, disclosure includes an extensive list of never-before-disclosed individuals and documents that Plaintiff now suggests may possess knowledge or information relevant to her claims. Among the new witnesses are numerous Pfizer employees (including CEO Jeffrey Kindler), statisticians with no first-hand knowledge of Plaintiff's claims, members of the American Epilepsy Society, and at least twenty additional co-workers, friends and family members. Many of these individuals should have long been known to Plaintiff, which makes the delay in her disclosure all the more puzzling. For others, Plaintiff has taken no steps to identify either the subject matter or the relevance of their possible testimony. Similarly, Plaintiff now adds to her disclosure certain records and documentary evidence that she possessed or was aware of long before discovery closed.

Plaintiff has offered no explanation for why these voluminous supplemental disclosures could not have been proffered long ago. Plaintiff's actions constitute a refusal to comply with either the MDL court's discovery orders or her discovery obligations under Federal Rule of Civil Procedure 26. Plaintiff's failure to timely disclose any and all individuals who are "likely to have discoverable information," and her attendant failure to "supplement or correct [her]

_____
*(cont'd from previous page)*
September 2007 agreement remains in effect, and Pfizer awaits Plaintiff's disclosure of her narrowed list of trial witnesses by no later than March 12, 2010.

[3] In her January 21, 2010, Supplemental Disclosure, Plaintiff seeks to "incorporate" each and every one of the 450 individuals included in the May 21, 2007, spreadsheet provided to Defendants. These individuals cannot be "incorporated" from an informal document into a Rule 26(a)(1) disclosure: the spreadsheet includes no information about the proposed subject matter of the putative fact witnesses' testimony or their relationship with Plaintiff, and lacks any location or contact information for nearly 100 of the individuals listed.

disclosure(s) . . . in a timely manner," mandates exclusion of all late-disclosed witnesses and documents. Fed. R. Civ. P. 26(a), (e).

## LAW AND ARGUMENT

**I.     Plaintiff's Failure to Abide by the Scheduling Order Warrants Exclusion**

As this Court is well aware, this lawsuit is part of a large multi-district litigation. On June 20, 2008, the district court for the District of Massachusetts, sitting as the transferee court and presiding over pre-trial proceedings in this case, issued a discovery order pursuant to Rule 16, which provided that all fact-related discovery was to be concluded by July 1, 2008. (*See* June 20, 2008, Order, Ex. G.)[4] As the Advisory Committee notes to Rule 16 state, such scheduling orders are designed

> "to stimulate litigants to narrow the areas of inquiry and advocacy to those they believe are truly relevant and material. Time limits not only compress the amount of time for litigation, they should also reduce the amount of resources invested in litigation. Litigants are forced to establish discovery priorities and thus to do the most important work first."

Fed. R. Civ. P. 16(b) Advisory Committee Notes to the 1983 Amendment (quoting *Report of the National Commission for the Review of Antitrust Laws and Procedures* (1979)). Absent a subsequent modification by the presiding court, a Rule 16 order – like the MDL court's scheduling order here – "'controls the subsequent course of action.'" *Alberty-Vélez v. Corporación De P.R. Para La Difusión Pública*, 242 F.3d 418, 423 (1st Cir. 2001) (quoting then-current rule language); *see also Klausmeyer v. Tyner Law Firm, P.A.*, No. 08-81286, 2009 WL 1833959, at *2 (S.D. Fla. June 25, 2009) ("The scheduling order 'control[s] the subsequent course of the action' unless modified by the court."); *Treat v. Am. Furniture Warehouse, Co.*, No. 06-02029, 2007 WL 2175186, at *2 (D. Colo. July 26, 2007) (stating the same).

As numerous courts have noted, these scheduling orders are "'the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner.'" *Gilbert v. Corr.*

---

[4] Rule 16(b) provides that this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

*Reception Ctr.*, No. 2:07-624, 2010 WL 319943, at *1 (S.D. Ohio Jan. 20, 2010) (citation omitted); *see also Odie v. GMC.*, 131 F.R.D. 365, 367 (D. Mass. 1990) (violation of scheduling order without sanction "tends to make a mockery of the Court's effort to manage civil cases in an efficient manner"). In keeping with this function, parties should not be allowed to treat a scheduling order like "a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (same); *Klausmeyer*, 2009 WL 1833959, at *2 (same).

Nonetheless, Plaintiff seeks to derail, without explanation, the "efficient, just and certain" adjudication of this case by belatedly disclosing a voluminous, "supplemental," list of never-before-disclosed witnesses and documents. By reviving long-dormant discovery issues – particularly without any notice to Defendants or the Court at the December 10, 2009, conference of her intention to do so – Plaintiff impermissibly seeks to divert Defendants' resources from motion practice and trial preparation, in direct contravention with the letter and spirit of this Court's pre-trial order setting this case for trial. (*See* Dec.10, 2009, Order [38].) At a minimum, admission of Plaintiff's untimely proffer of dozens of additional witnesses and documents will cause significant delays while the parties dispute the timeliness and form of Plaintiff's new disclosures. More likely, admission of Plaintiff's untimely disclosures will necessitate substantial delays in bringing this case to trial, as Defendants pursue responsive discovery regarding each witness or document. *See Walton v. Bridgestone/Firestone, Inc.*, No. 05-3027, 2009 WL 2778441, at *10 (D. Ariz. Jan. 16, 2009) (excluding evidence and holding that "[t]he late disclosure of vital evidence . . . that would initiate substantial responsive discovery cannot be allowed"). Indeed, the decision to permit Plaintiff's untimely disclosure at best presents this Court with a Catch-22: it can choose to prejudice Defendants by denying them the opportunity to investigate Plaintiff's new disclosures or it can delay the efficient adjudication of this case by re-opening discovery. The unattractiveness of these options, and Plaintiff's unexplained and

5

inexplicable failure to comply with the scheduling order, leave exclusion as this Court's best, if not only, option.

Along with a court's authority to expedite pretrial discovery through Rule 16 orders is its "wide latitude to impose sanctions for failure to comply with [that] scheduling order []." *Estes v. King's Daughters Med. Ctr.*, 234 F.3d 1269 (table), 59 F. App'x 749, 753, (6th Cir. 2003); *see also Nemeth v. McGinnis*, 2000 WL 1562789, at *4 (6th Cir. 2000) ("District courts have wide latitude in issuing and enforcing scheduling orders."); *Tauzier v. Dodge*, No. 97-2444, 1998 WL 227170, at *3 (E.D. La. May 5, 1998) ("Consistent with this [Rule 16] authority, the Court has 'broad discretion' to enforce its scheduling order.") As stated by Rule 16(f), this Court

> [o]n motion or on its own . . . may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."

Fed. R. Civ. P. 16(f); *see also Riley v. Littell Intern., Inc.*, 187 F.3d 3d 637 (table), 1999 WL 486533, at *2 (6th Cir. 1999) ("If a party fails to comply with the scheduling order, the district court, upon motion or *sua sponte,* 'may make such orders with regard thereto as are just,' including prohibiting the disobedient party from introducing designated matters into evidence."). Among those "just orders" authorized by Rule 37 is the exclusion of evidence. *See Luty v. City of Saginaw*, No. 07-2035, 2009 WL 331621, at *4 (6th Cir. Feb. 10, 2009) ("Because the plaintiff failed to comply with the scheduling order, the district court was authorized to exclude their testimony under Federal Rules of Civil Procedure 16(f)(1) and 37(b)(2)(A)(I)).").

Plaintiff's non-compliance with a discovery deadline she agreed to over a year and a half ago poses significant risk of de-railing this litigation just as the Court, and the parties, ready for trial. Plaintiff has not offered – and cannot offer – any explanation for her failure to timely disclose these new witnesses within the discovery period specified by the MDL court. Nor may Plaintiff argue that the remand of this case from the pre-trial proceedings before the MDL court resets the relevant discovery deadlines imposed by that court. *See* Stanley A. Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor courts and Transferee Courts*, 78 F.R.D. 575, 577 (1978) ("All discovery in progress and all orders of the transferor court remain in effect

after transfer unless and until modified by the transferee judge who may modify, expand, or vacate prior orders of the transferor court." (citations omitted))  Indeed, far from modifying the MDL court's pre-existing discovery orders, this Court issued a post-discovery scheduling order aimed at readying this case for trial.  (*See* Dec.10, 2009, Order [38].)

In sum, Plaintiff has shown little regard for the parameters and authority of the scheduling orders in this case.  The sanction of striking her untimely disclosures and excluding any and all late-disclosed evidence is warranted.

## II      The Federal Rules of Civil Procedure Mandate Exclusion

Exclusion of Plaintiff's late disclosed evidence is also required by Federal Rule of Civil Procedure 26.  Plaintiff's attempt to unveil a litany of previously undisclosed evidence long after the deadline for new discovery passed violates both the letter and the purpose of Rule 26.  Like Rule 16, Rule 26 is aimed at "narrow[ing] and clarify[ing] the basic issues between the parties, and [serves] as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues."  *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).  The goal is to replace "a game of blind man's bluff [with] a fair contest with the basic issues and facts disclosed to the fullest practicable extent."  *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958).  In keeping with these goals, Rule 26 imposes on parties an affirmative duty to disclose relevant information in a "timely manner."  Fed. R. Civ. P.  26(e).  When a plaintiff fails to meet these obligations – as she has in this case – Rule 37 mandates that the plaintiff "is not allowed to use that information or witness."  Fed. R. Civ. P. 37(c)(1).

This sanction is generally mandatory.  As the Sixth Circuit has repeatedly noted, "a party's failure to identify a witness as required by Rule 26(a) precludes that party from using that witness unless the failure is 'substantially justified' or harmless."  *Luty v. City of Saginaw*, 2009 WL 331621, at *4 (quoting the rule); *Roberts v. Anderson*, 213 F. App'x  420, 424, (6th Cir. 2007) ("'Under Rule 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a)" is not permitted to use the information that should have been disclosed "at trial, at a hearing, or on a motion," unless the failure to provide such

7

information is harmless.") (citations omitted); *see also Wilson v. Bradlees of New England Inc.*, 250 F.3d 10, 20 (1st Cir. 2001) (noting that "mandatory preclusion [is] 'the required sanction in the ordinary case'" (citation omitted)); *Salgado ex rel. Salgado v. GMC*, 150 F.3d 735, 742 (7th Cir. 1998) (same); *accord Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998) (excluding expert witnesses identified after pretrial order deadline in part because the party failed "to proffer any explanation for its failure to designate [its expert] in a timely fashion").

At a minimum, Plaintiff's late disclosures are improper, without justification, facially prejudicial and should be struck from the record. *See*, *e.g.*, *Kovacic v. Tyco Valves & Controls, L.P.*, No. 06-2357, 2009 WL 3857344, at *4 (N.D. Ohio Nov. 17, 2009) ("Rules 26(a)(3) and 37(c)(1) of the Federal Rules of Civil Procedure direct the Court to exclude witnesses and exhibits from trial unless they are identified prior to trial in a timely manner as instructed by the Court."); *Baker v. Eichholz*, No. 406-021, 2009 WL 62265, at *5 (S.D. Ga. Jan. 9, 2009) (witness excluded where party "first disclosed [individual] as a possible witness" over two years after discovery deadline). As the Supreme Court recognized in *Proctor & Gamble*, and as numerous courts have reiterated since, the Federal Rules are specifically designed to eliminate the kinds of gamesmanship employed by Plaintiff here. *See e.g.*, *Haas v. Delaware & Hudson Ry. Co.*, 282 F. App'x 84, 86, (2d Cir. 2008) ("'The purpose of [Rule 37] is to prevent the practice of "sandbagging" an opposing party with new evidence'").[5]

In order to avoid mandatory preclusion under Rule 37, Plaintiff must show that her dilatory behavior was "harmless or substantially justified." *See SPX Corp. v. Bartec USA, LLC*, 574 F.Supp.2d 748, 757 (E.D. Mich. 2008) ("[T]he burden is on the non-moving party to

---

[5] *See also Batesville Casket Co. v. United Steelworkers of Am.*, No. 4:07-12, 2007 WL 4289983, 3 (E.D. Tenn. Dec. 5, 2007) ("The primary objective of such broad discovery is to eliminate surprise in civil litigation.") (citing *Davis v. Marathon Oil Co.*, 528 F.2d 395, 404 (6th Cir. 1975) (*amended on other grounds*, 2008 WL 2115610 (E.D. Tenn. May 19, 2008)); *Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17, 20 (D.P.R. 2009) ("The goal of Rule 26(a) is to promote full disclosure of the facts and prevent 'trial by ambush' . . . ."); *Shelak v. White Motor Co.*, 581 F.2d 1155, 1159 (5th Cir. 1978) ("Plaintiff's disregard for the federal rules of discovery in this area created a 'trial by ambush' which those rules are designed to prevent.").

show that the non-disclosure was harmless or substantially justified."); *see also Griffith v. E. Maine Medical Ctr.*, 599 F. Supp. 2d 59, 65 (D. Me. 2009). Further, the fact that Plaintiff was merely dilatory in meeting her discovery obligations, and did not fully conceal her disclosures from Defendants, is irrelevant. Rule 26(e) and Rule 37(c)(1) apply as forcefully to evidence that a party fails to *timely* disclose as they do to evidence and testimony that a party fails disclose altogether. *See SPX Corp. v. Bartec USA, LLC*, No. 06-14888, 2008 WL 1701641, at *8 (E.D. Mich. April 10, 2008) (excluding late-disclosed evidence where delay "was unjustified and the supplementation was not seasonable or 'in a timely manner'"). As a result, Plaintiff's *eventual* disclosure of her litany of new witnesses does not – and cannot – save her from the strictures of Rule 26 and Rule 37. As other courts have noted, "[t]here is a need for some type of diligence in discovery supplementation, otherwise Rule 26(e) has no meaning." *Id.*

Although Plaintiff may attempt to argue otherwise, she cannot show that her untimely disclosures were either substantially justified or harmless. Initially, Plaintiff's list of additional disclosures includes friends and family who were clearly known and available to Plaintiff before the close of discovery, including (but not limited to) relatives, and numerous friends or co-workers. (*See* Pl.'s Supp. Discl. at 8, Ex. D.) Further, Plaintiff's disclosures include, for the first time, numerous senior Pfizer executives whose presence and position has been known to Plaintiff. Among these Pfizer executives now listed among Plaintiff's possible witnesses are Jeffrey Kindler, the CEO of Pfizer, and Senior Vice Presidents and executives, including Frank D'Amelio, William Ringo, Martin Mackay, and Amy Schulman. (*Id*. at 7-8.) Plaintiff also proffers numerous new "documents, data compilations, and tangible things . . . that [she] may use to support [her] claims or defenses," many of which she possessed long before discovery closed. (*Id*. at 20.)

That Pfizer has been placed in such a position by Plaintiff's untimely disclosures is untenable, and runs contrary to the broad policy preferences for efficiency and transparency that undergird modern discovery practice. Accordingly, pursuant to the scheduling order still in effect and the Federal Rules of Civil Procedure, this Court should grant Defendants' motion in its

entirety and exclude from trial any expert reports, expert witnesses, fact witnesses, damage calculation, and exhibits that Plaintiff has failed to timely disclose and identify.

## CONCLUSION

For all the foregoing reasons, Defendants request that this Court issue an order precluding Plaintiff from introducing at trial any newly disclosed witnesses, evidence or exhibits introduced for the first time in Plaintiff's January 21, 2010, supplemental disclosure.

Dated: February 5, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
      Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

-and-

NEAL & HARWELL, PLC

By: /s/ Gerald D. Neenan
Aubrey B. Harwell, Jr., No. 002559
W. David Bridgers, No. 016603
Gerald D. Neenan, No. 006710

2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219
(615) 244-1713
(615) 726-0573 (fax)

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of February 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

Andrew G. Finkelstein, Esq.
Kenneth B. Fromson, Esq.
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburg, NY 12550

Charles F. Barrett, Esq.
Barrett & Associates, P.A.
6718 Highway 100, Suite 210
Nashville, TN 37205

Dara G. Hegar, Esq.
Ken S. Soh, Esq.
Maura Kolb, Esq.
Robert Leone, Esq.
W. Mark Lanier, Esq.
Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069

Prince C. Chambliss, Jr., Esq.
Evans & Petree, PC
1000 Ridgeway Loop Road, Suite 200
Memphis, TN 38120

/s/ Gerald D. Neenan