# EXHIBIT I

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
:   MDL Docket No.: 1629
In re:  NEURONTIN MARKETING,     :
       SALES PRACTICES AND    :   Master File No.: 04-10981
       PRODUCTS LIABILITY LITIGATION :
:   Judge Patti B. Saris
------------------------------------------------------------x
:   Magistrate Judge Leo T. Sorokin
THIS DOCUMENT RELATES TO:        :
:
*Smith v. Pfizer Inc.* No. 1:05-CV-11515-PBS  :
------------------------------------------------------------x

**PRODUCTS LIABILITY PLAINTIFFS' MEMORANDUM IN SUPPORT OF
EMERGENCY REQUEST FOR ISSUANCE OF SUGGESTION OF REMAND**

Products Liability Plaintiffs (hereinafter "Plaintiffs") by and through their counsel, Finkelstein & Partners, LLP, hereby request an order granting the issuance of a Suggestion of Remand of the individual case of *Smith v. Pfizer Inc.*, Civ. No. 1:05-CV-11515-PBS, which was filed against Defendants Pfizer Inc., Parke-Davis, a division of Warner-Lambert Company and Warner-Lambert Company LLC, Warner-Lambert Company and Warner-Lambert Company LLC (hereinafter "Pfizer Defendants"), back to the respective transferor court, the United Stated District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1407 and Multidistrict Litigation Rule 7.6(c)(ii) of the Rules for the Judicial Panel on Multidistrict Litigation, for the completion of case-specific pretrial discovery and trial.

**POINT I**

**STATUS OF *SMITH v. PFIZER INC.***

Magistrate Judge Leo T. Sorokin issued a Products Liability Cases Scheduling Order and Status Report on July 24, 2009, which stated in relevant part: "The discovery in the Smith case

is complete." ECF Doc. # 2045, at 1. Judge Patti B. Saris issued a Memorandum and Order on August 14, 2009, denying Pfizer Defendants' motion to exclude Plaintiff's experts on general causation. ECF Doc. # 2059. On August 14, 2009, Judge Saris also issued a Memorandum and Order denying Pfizer Defendants' motion to exclude the specific causation testimony of Plaintiff's two expert witnesses, and reserved "fact specific inquires involving questions of Tennessee law" for the transferor court in Tennessee. ECF Doc. # 2060, at 2.

## POINT II

## ~~PLAINTIFFS REQUEST THAT THIS COURT ISSUE A~~
## A SUGGESTION OF REMAND OF *SMITH v. PFIZER*, BACK TO THE U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

In support of the request for a Suggestion of Remand, Plaintiff states the following. On April 13, 2004, the Judicial Panel on Multidistrict Litigation (hereinafter "JPML") issued a conditional transfer order transferring 21 Neurontin products liability actions to MDL 1629, finding that the actions involved "questions of fact which are common to the actions previously transferred to the District of Massachusetts and assigned to Judge Saris." *See* Conditional Transfer Order (CTO-6), annexed hereto as Exhibit A.

On October 26, 2004, the JPML established MDL 1629, *In re Neurontin Marketing and Sales Practices Litigation*, finding that 27 actions that were pending in sixteen districts:

> involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions are purported class actions involving allegations that common defendants have engaged in the illegal promotion and sale of the drug Neurontin for "off-label" use. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

*In re Neurontin Mktg. & Sales Practices Litig.*, 342 F. Supp. 2d 1350, 1351 (J.P.M.L. 2004). The JPML stated that the actions were being transferred to the Honorable Patti B. Saris for "coordinated or consolidated pretrial proceedings with the actions pending there." *Id.* at 1352.

*Smith v. Pfizer Inc.* was selected in this litigation as a "Track One" case where specific discovery and motion practice relating to specific causation have been completed. Because both common issue and case-specific discovery is complete in this case, this Court, in the proper exercise of its discretion, should now issue a Suggestion of Remand that allows Plaintiff to move for remand before the Panel under the MDL Rule 7.6(c).

Moreover, remand is warranted because, as Judge Saris noted in her Memorandum and Order of August 14, 2009, *see* ECF Doc. # 2060, at 2, the resolution of non-common case specific claims which involve Tennessee law should be determined by the transferor courts, who will in fact ultimately try this case.

> Although only the JPML can order a case remanded to its transferor court, the JPML gives the judgment of the transferee court great weight as to when remand is appropriate. *See, In re Nat'l Century Fin. Enter., Inc. Fin. Inv. Litigation,* 2004 U.S. Dist. LEXIS 10605, at *5 (S.D. Ohio Mar. 25, 2004); *In re Roberts,* 178 F.3d 181, 184 (3d Cir. 1999). The JPML gives such weight to the recommendation of the transferee court because the transferee court manages the coordinated cases on a day-to-day basis and can thus best determine when remand is appropriate. *In re Brand Name Prescription Drugs Antitrust Litig.,* 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003); *In re Zyprexa Prods. Liab. Litig.,* No. MDL 1596, 04-CV-1615, 2004 U.S. Dist. LEXIS 24541, at *9 (E.D.N.Y. Dec. 3, 2004); *In re IBM Peripheral EDP Devices Antitrust Litig.,* 407 F. Supp. 254, 256 (J.P.M.L. 1976) ("We are ... clearly cognizant of the special vantage point that the transferee judge has with respect to the conduct of Section 1407 proceedings. In his supervisory role, he is in a unique position to determine how the litigation can best proceed to insure the maximum efficiency for all parties and the judiciary.") "The transferee court should consider when remand will best serve the expeditious disposition of the litigation."

Manual for Complex Litigation (Fourth) at § 20.133 (2004).

While "[t]he statutory power to order a remand under [28 U.S.C.] § 1407(a) from the transferee district to the transferor district lines in the Panel, not the transferee district judge," *In re Roberts,* 178 F.3d 181, 185 (3d Cir. 100), "the Panel is greatly influenced by the transferee judge's suggestion that remand is appropriate." *In re "Dalkon Shield" IUD Prods. Litig.,* 453 F. Supp. 108, 110 (J.P.M.L. 1978). Panel rules require that any motion for remand made to the Panel include whether the movant has requested a suggestion of remand from the presiding District Court. *See* J.P.M.L. Rule 7.6(d)(i)(A). Plaintiff therefore requests that this Court find that pretrial proceedings have run their course in *Smith v. Pfizer Inc.*

Remand poses no threat of conflicting rulings or duplicate discovery since, as Magistrate Judge Sorokin has indicated, all discovery has been completed in this case. Furthermore, remand under 28 U.S.C. § 1407 is mandatory when a case has not been terminated during the pendency of the MDL and the coordinated or consolidated pretrial proceedings have concluded. *See United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.,* 498 F. Supp. 2d 25, 37 (D.D.C. 2007). There is nothing remaining to be litigated in this Court in regard to *Smith v. Pfizer Inc.* that is authorized by 28 U.S.C. § 1407. Therefore, this case should be remanded back to the transferor court, the U.S. District Court for the Middle District of Tennessee.

Dated: September 2, 2009
Newburgh, NY

                                  Respectfully submitted,

                                  *Members of Products Liability*
                                  *Plaintiffs' Steering Committee*

By:   **/s/ Andrew G. Finkelstein**
        Andrew G. Finkelstein, Esquire
        Finkelstein & Partners, LLP
        1279 Route 300, P.O. Box 1111
        Newburgh, NY 12551

By:    /s/ Jack W. London
        Jack W. London, Esquire
        Law Offices of Jack W. London
          & Associates
        106 E. 6th Street, Suite 700
        Austin, TX 78701

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system has been served pursuant to Case Management Order No. 3 on September 2, 2009.

        /s/ Andrew G. Finkelstein
        Andrew G. Finkelstein