IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUTH SMITH, Individually and as Widow For the Use and Benefit of Herself and the Next of Kin of Richard Smith, Deceased,<br><br>Plaintiff,<br><br>-against-<br><br>PFIZER INC., *et al.*,<br><br>Defendants. | Case #: 3:05-00444<br>Judge Trauger |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE LATE FILED RULE 26 DISCLOSURES

Plaintiff hereby oppose Defendants' motion to strike late filed Rule 26 Disclosures. Defendants' motion "only concerns witnesses and documents disclosed in Plaintiff's January 21, 2010 disclosure, and only those witnesses and documents not previously included in Plaintiff's prior Rule 26 disclosures." Docket No. 61 at 2. The Court should deny Defendants' motion in its entirety because: (a) Plaintiff's disclosures are timely and consistent with the parties agreement to disclose witnesses within 60 days prior to trial of this action, and that there could be additional discovery in terms of "the depositions of Smith family member and any additional fact witnesses outside of the September 15, 2007 fact discovery deadline"; (b) the documents referenced on Plaintiff's January 21, 2010 Supplemental Rule 26 Disclosure were previously identified on prior disclosures; and (c) Defendants will not suffer any harm or prejudice as to the handful of new individuals identified on Plaintiff's supplemental disclosure.

### FACTUAL BACKGROUND

In light of the volume of documents and witnesses, both parties have provided numerous Rule 26 disclosures since the inception of this case. On July 24, 2006, Plaintiff proffered her

initial Rule 26 disclosures. Docket No. 62-1. On November 15, 2007, Defendants' proffered their initial Rule 26 disclosures. Finkelstein Declaration, Ex. A. On August 21, 2006 (Docket No. 62-2), May 21, 2007 (Docket No. 62-3), October 9, 2007 (Finkelstein Decl., Ex. B), June 11, 2008 (Finkelstein Decl., Ex. C), August 13, 2008 (Finkelstein Decl., Ex. D), January 9, 2009 (Docket No. 62-8), and August 5, 2009 (Finkelstein Decl., Ex. E), Plaintiff supplemented her initial Rule 26 disclosures. On December 12, 2007 and March 4, 2009, Defendants supplemented their Rule 26 disclosures (Finkelstein Decl., Exs. F and G, respectively), and Plaintiff supplemented her disclosure again on August 5, 2009, prior to the time that Plaintiff requested that District Judge Patti B. Saris, who presides over the *In re Neurontin Sales and Marketing and Products Liability Litigation* in the District of Massachusetts, issue a suggestion of remand to the Judicial Panel on Multi-District Litigation.

Importantly, because of the volume of witnesses about which the parties were aware, on September 7, 2007, the parties agreed that the names of the witnesses they intend to call at trial be disclosed sixty (60) days prior to the start of trial; Plaintiff agreed not to object on timeliness grounds to the deposition of Smith family members or any additional fact witnesses taken outside the September 15, 2007 fact discovery deadline; and Plaintiff's counsel reserved the right to object to the number of depositions noticed in this case. Docket No. 62-6.

On January 21, 2010, Plaintiff served the supplemental Rule 26 disclosure that is the subject of this motion. Docket No. 62-4. The only witnesses listed in Plaintiff's January 21, 2010 Rule 26 disclosure who were not named in Plaintiff's initial or prior supplemental Rule 26 disclosures are noted in Groups One and Two below:

## GROUP ONE

54. Defendants' Regional or District Sales Managers who supervised, trained, or coached the territory manager(s) and/or sales representatives who detailed Plaintiff decedent's healthcare providers regarding Neurontin;
80. Frank D'Amelio, Sr. VP and Chief Financial Officer, Pfizer, Inc.;
81. William Ringo, Sr. VP, Strategy and Business Development, Pfizer, Inc.;
82. Martin Mackay, President, Pfizer Global Research & Development, Pfizer;
83. Amy Schulman, Officer, Pfizer, Inc.;
84. David Madigan, PhD, Professor of Statistics, Columbia University;
85. Javier Cabrera, PhD, Professor of Statistics, Rutgers University;
85. Sharon-Lise T. Normand, PhD, Professor of Biostatistics, Harvard School of Public Health;
86. David Kessler, former FDA Commissioner, 505 Parnassus Avenue, San Francisco, CA 94143;
88. Sandy Beaty, Pfizer Inc., 3200 W. End Ave. #500, Nashville, TN 37203-1322;
89. Corporate representative, Pfizer Inc., 3200 W. End Ave. #500, Nashville, TN 37203-1322; and
90. Corporate representative, Pfizer Inc., 1865 Shelby Oaks Drive, Memphis, TN 38134-7401.

Docket No. 62-4 at 6, 8-9.

Included in Group Two below are family and friends who were not identified by name on Plaintiff's initial or prior supplemental Rule 26 disclosures. However, Defendants specifically elicited the identities of these individuals from Plaintiff Ruth Smith during her deposition[1] on April 12, 2007:

## GROUP TWO

91. Jim Olive, minister at Jackson Park;
92. Danny Lloyd, professor at David Lipscomb, elder at Granny White;
93. Dan Chambers, minister at Lebanon Road Church of Christ;
94. Terry Smith, Woodmont Hills Church of Christ;
95. Donnie Kennedy, a friend of the family, pallbearer;
96. A.G. Brown, Mrs. Smith's youngest brother, pallbearer;
97. Neil Smith, Mr. Smith's nephew, pallbearer;
98. Mike Walsh, nephew;
99. Ron Carter, cousin;
100. Bill Duffy, nephew;
101. John Brown, Mrs. Smith's nephew;
102. Scott Brown, Mrs. Smith's nephew;

---

[1] Finkelstein Decl., Ex. H, at 194, 221-226 (Excerpts from the Testimony of Plaintiff Ruth Smith.).

103. Bill Wisenhut, minister, Episcopal Church, nephew;
104. Bill Allen, friend;
105. Bill Roehrig, Nashville Machines;
106. Bryan Roehrig, Nashville Machines;
107. David Roehrig, Nashville Machines;
108. Tim Carroll, Nashville Machines;
109. John Gray, employee Nashville Machines;
110. Jim Tatum, employee Nashville Machines;
111. Jack Bearden, employee Nashville Machines;
112. Rufus Murray, employee Nashville Machines;
113. Eric Kieffer, employee Nashville Machines;
114. Fab Bryant, employee Nashville Machines;
115. John Kolbe, employee Nashville Machines;
116. Emory Smith, employee Nashville Machines;
117. Bill Lill, employee Nashville Machines;
118. James Lee, employee Nashville Machines;
119. Paul Billings, employee Nashville Machines;
120. Bobby Armstrong, friend.

Docket No. 62-4 at 9-10.

Noteworthy, Defendants point to Magistrate Judge Leo T. Sorokin's Discovery Order No. 26, Products Liability Scheduling Order, dated June 20, 2008, which indicated that fact discovery would close on July 1, 2008, in the *Bulger* and *Smith* cases. Docket No. 62-7. However, in the *Bulger* case, the parties proposed a Joint Scheduling Order which extended the completion of all Fact Deposition and Discovery until October 30, 2009 which was accepted by the Court in Massachusetts. Finkelstein Decl., Ex. I. (MDL Docket No. 2047).

## ARGUMENT

I. **PLAINTIFF'S SUPPLEMENTAL DISCLOSURE MEETS THE REQUIREMENTS OF BOTH FED. R. CIV. P. 26 AND THE PARTIES' AGREEMENT TO IDENTIFY WITNESSES WITHIN 60 DAYS OF TRIAL, AND DEFENDANTS ARE NOT PREJUDICED BY PLAINTIFF'S DISCLOSURE**

Plaintiff's disclosure is timely and so Defendant's motion should be denied. Fed. R. Civ. P. Rule 26(a)(3)(B) "Time for Pretrial Disclosures; Objections," states "[U]nless the court orders otherwise, these disclosures must be made at least 30 days before trial." As noted above, Fed. R.

4

Civ. P. 26 does not preclude supplements to interrogatories or Rule 26 disclosure for witnesses. Plaintiff's disclosure is timely under the federal rules and this Court's local rules. Pursuant to Fed. R. Civ. P. Rule 26(e)(1)(A), a party must supplement its Rule 26 disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and **if the additional or corrective information has not otherwise been made known to the other parties during the discovery process** or in writing; or as ordered by the Court." The Fed. R. Civ. P. Advisory Committee Notes for the 1993 amendments state that there is "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition." "A preclusion sanction may not come into play unless there first has been a violation of a disclosure obligation imposed by Rule 26(a) or 26(e)(1)." 7 Moore's Federal Practice at § 37.60[1] (2000). "Exclusion under Rule 37(c)(1) is a form of a sanction, designed to encourage compliance with the disclosure requirements of the Rules and the Court." *Schanzer v. United Technologies Corp.*, 120 F. Supp. 2d 200, 206 (D. Conn. 2000).

In *Concrete Materials Corp., Inc. v. C. J. Mahan Constr. Co.*, the defendant appealed the judgment of the trial court on several issues including that the court had improperly denied its motion *in limine* to exclude from admission into evidence documents that the defendant had demanded during the discovery process but were not provided by the plaintiff. 1997 U.S. App. LEXIS 6218 at *7-8 (6th Cir. 1997). The District Court had found that because the defendant had not sought the assistance of the court by a motion to compel, it was "precluded from challenging the evidence." *Id. at* *8. The Sixth Circuit found that the defendant had not "established, or attempted to establish, that the information that [the plaintiff] failed to produce comes within of

Rule 26(a)." *Id.* at *10. The Sixth Circuit noted that "[a]lthough it is true that a party's failure to comply with Rule 26's requirements results in automatic sanctions, such sanctions do not come into play merely because one party suddenly insists that Rule 26(a) has been violated." *Id.* The Sixth Circuit affirmed the judgment of the trial court finding, *inter alia*, that the defendant had "never requested the district court's assistance in obtaining anything further. Without having established that these documents were discoverable under Rule 26(a) or any other discovery rule, the defendant cannot insist upon their exclusion under Rule 37(c)."[2] *Id.*

Applying the law to the facts of this case, Defendants' motions should be denied. First, the parties have an agreement to "disclose the names of the witnesses they intend to call at trial sixty (60) days prior to the start of trial" and that in reference to the "Smith Fact Deadline" that Plaintiff would not object to Defendants conducting depositions of "Smith family members or any additional fact witnesses taken outside the September 15, 2007 fact discovery deadline". Docket No. 62-6. Consequently, Plaintiff's position is that Defendants knew that additional witnesses would be identified, and Defendants knew that they would have an opportunity to take depositions of any additional fact witnesses within at least 60 days before trial. There is nothing in Plaintiff's supplemental disclosure that prevents Defendants from doing so.

Importantly, as to any of Plaintiff's Rule 26 disclosures <u>prior</u> to the January 2010 disclosure at issue, Defendants had every opportunity to advise this Court if they had any concerns regarding discovery required prior to trial. Defendants failed to do so. As a practical matter, the right to supplement factual Rule 26 disclosures is not dependent on a deadline for fact discovery, and both parties have supplemented their Rule 26 disclosures after the deadline for

---

[2] Citing to the Advisory Notes to the 1993 Fed. R. Civ. P. amendments for rule 37(c) and stating "this case seems to present the opposite situation, in which the party requesting disclosure **tries to take advantage of the mandatory exclusion: failing to bring what it considers a deficiency in the discovery to the attention of the court or the disclosing party, then attempting to have evidence on an entire aspect of the disclosing party's claim automatically excluded** because of that alleged deficiency."[emphasis added]

6

fact discovery in this case. Defendants conveniently fail to mention that they supplemented their own Rule 26 disclosure on March 4, 2009, and Plaintiff supplemented her Rule 26 disclosure on August 13, 2009. These supplements occurred while this action was in the MDL court in Massachusetts and before Plaintiff interposed her September 2, 2009 motion for remand to this Court. Docket No. # 62-9. Defendants neither opposed Plaintiff's motion for the issuance of a suggestion to remand nor sought the intervention of that Court in regard to Plaintiff's supplemental Rule 26 disclosures.

Here, Plaintiff relied on the parties' agreement to identify her witnesses 60 days before trial (the Fed. R. Civ. P. only requires that trial witnesses be disclosed 30 days before trial), and on the understanding that Defendants could take depositions of Smith Family members or any additional fact witnesses taken outside the September 15, 2007 fact discovery deadline. Defendants can seek discovery via depositions consistent with the parties' agreement. Indeed, Defendants have taken the depositions of Plaintiff and many family members after the initial September 15, 2007 fact discovery deadline, including Plaintiff's daughters and their husbands namely, Andrew Charlton and Cindy Smith-Charlton 10/3/07; Arnold Eugene Lawson and Gayle Lawson on 10/4/07; Lewis Wesley Carnahan on 10/23/07; and Buford Hoskins and Sherri Hoskins on 10/24/07.

It appears that Defendants either are breaching their agreement or, similar to defendants in *Concrete Materials Corp.*, are attempting to corrupt or distort the process by "failing to bring what it considers a deficiency in the discovery to the attention of the court or the disclosing party, then attempting to have evidence on an entire aspect of the disclosing party's claim automatically excluded." 1997 U.S. App. LEXIS 6218 at *10-11. Defendants had no qualms in abiding by the agreement of the parties when they supplemented their Rule 26 disclosures in

March 2009, after the close of discovery, and Defendants did not object to Plaintiff's supplement in August 2009. Defendants provided Plaintiff with every indication that the parties could rely upon the agreement and supplement their Rule 26 disclosures because a final list of the witnesses Plaintiff intends to call at trial is not due until 60 days before trial. Moreover, pursuant to the agreement, this motion is premature as the deadline for Plaintiff's list of witnesses for trial is not due until next month.

Defendants are also in alleging that there are newly identified documents included in Plaintiff's January 21, 2010 supplemental Rule 26 disclosure. Any documents listed therein were disclosed in one of Plaintiff's prior supplemental Rule disclosures.

### 1. Defendants Were Aware of Individuals Listed in Group Two Above Since April 2007 and Defendants Will Not Suffer Prejudice to Plaintiff's Inclusion of These Individuals as Witnesses at Trial

As cited *supra,* the Fed. R. Civ. P. Advisory Committee Notes for the 1993 amendments state that there is "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition." (Moore's Federal Rules Pamphlet 2009 Part 1.)

It is clear that the individuals named in Group Two above, were friends and family of Plaintiff and Plaintiff's decedent. Plaintiff's Rule 26 disclosure listed under number 12 "friends and family of the deceased". Docket No. 62-1 at 3. Further, pursuant to the agreement between the parties, the list of witnesses that the parties intend to call at trial are not due until 60 days prior to the trial of this action. Defendants cannot claim any unfair surprise in relation to these individuals since Defendants specifically elicited the names of the witnesses in Group Two from Plaintiff Ruth Smith during her deposition. Defendants were well aware of these individuals,

they had every opportunity to notice depositions of these individuals, and Defendants will not suffer any harm or prejudice from Plaintiff's naming these friends and family in her January 21, 2010 supplemental Rule 26 disclosure.

### 2. Defendants Were Aware of Individuals Named in Group One, and Defendants Will Not Suffer Any Prejudice to Plaintiff's Inclusion of These Individuals as Witnesses at Trial

Plaintiff's August 5, 2009 supplemental Rule 26 disclosure included various Defendants' employees. Finkelstein Decl., Ex. E at pp. 6-7. The individuals who are named in Group One above would fall under one of the categories of employees listed in the August 5, 2009 supplemental Rule 26 such as "Defendants' employees and representatives with knowledge as to the sale, promotion and/or marketing of Neurontin." Finkelstein Decl., Ex. E at pp. 6, 7. Further, pursuant to the agreement between the parties, the list of witnesses that the parties intend to call at trial are not due until 60 days prior to the trial of this action. Defendants cannot claim any unfair surprise in relation to these individuals since Defendants were aware that Plaintiffs disclosed their intention to proffer employees with knowledge in said areas regarding Neurontin. Further, Defendants failed to seek the intervention of the MDL Court to mandate that Plaintiff specifically identify said individuals. Defendants, like Plaintiff, were relying on the September 2007 agreement that the parties would identify trial witnesses 60 days before trial. Plaintiff also refers this Court to the 2007 agreement in regard of witnesses in Group One. Plaintiff intends to timely disclose the witnesses who she intends to call at trial 60 days prior to the trial date as agreed with Defendants.

Defendants are not forthcoming in terms of any claim of surprise, as it pertains to their own corporate witnesses that Plaintiff here has listed on the January 2010 supplemental

9
Case 3:05-cv-00444 Document 65 Filed 02/19/10 Page 9 of 12 PageID #: 388

disclosure.[3] First, Plaintiff already identified Defendant's CEO Jeffrey Kindler in her August 5, 2009 supplemental Rule 26 disclosure. Finkelstein Decl., Ex. E, item number 78 on p. 7. Second, witnesses have previously been disclosed in the MDL Neurontin Products Liability Litigation in 2009, in previous Rule 26 disclosures, albeit in different case-specific actions. For example, in the case, *Shearer v. Pfizer Inc.*, currently scheduled for trial in the MDL in Massachusetts in March 2010, Finkelstein & Partners served Rule 26 disclosures on defense counsel Skadden, Arps, Slate, Meagher & Flom. Here, in this *Smith* action, we are dealing with the same Defendants, the same facts regarding Defendants' generic liability case, and the same counsel upon whom the disclosure was served. In *Shearer*, Defendants were already placed on notice as to witnesses. Plaintiff identified Defendant corporate witnesses such as Frank Amelio, William Ringo and Martin Mackay (all of whom are now included in Plaintiff Ruth Smith's January 2010 disclosure). Finkelstein Decl., Ex. J at pp. 5-6. In *Shearer*, Plaintiff also identified witnesses David Madigan, Javier Cabrera, and Sharon-Lise Normand (all of whom are now included in Plaintiff Ruth Smith's January 2010 disclosure). Finkelstein Decl., Ex. K, at p. 3. It simply cannot be said that Defendants were not aware of these witnesses; these witnesses are not particularized to any case-specific action, but rather are identified as generic witnesses to all Neurontin Products Liability Actions. Defendants are simply not prejudiced as to the timing of Plaintiff's disclosure of these witnesses.

---

[3] Defendants also claim newly named individuals identified as members of the American Epilepsy Society on the January 21, 2010 disclosure. However, Plaintiff's review of the disclosure reflect that these individuals previously disclosed in Plaintiff's August 2009 disclosure. Finkelstein Decl., Ex. E. at 17.

## **CONCLUSION**

Plaintiff respectfully requests that this Court deny Defendants' motion in its entirety.

Dated: February 19, 2010

Respectfully submitted,

FINKELSTEIN & PARTNERS, LLP

By: *[signature]*
Andrew G. Finkelstein, Esquire
Kenneth B. Fromson, Esquire
Finkelstein & Partners, LLP
1279 Route 300, P.O. Box 1111
Newburgh, NY 12551
(800) 634-1212


/s/ **Charles F. Barrett**
Charles F. Barrett, Esquire
BARRETT LAW OFFICE, P.A.
One Burton Hills Blvd., Suite 380
Nashville, TN 37215
(615) 386-8391

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of February, 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Strike Late File Rule 26 Disclosures are being served via the Court's CM/ECF system on the following:

Aubrey B. Harwell, Jr., Esq.
W. David Bridgers, Esq.
Gerald D. Neenan, Esq.
Neal & Harwell, PLC
2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219

Prince C. Chambliss, Jr., Esq.
Evans & Petree, PC
1000 Ridgeway Loop Road, Suite 200
Memphis, TN 38120

W. Mark Lanier, Esq.
Dara G. Hegar, Esq.
Ken S. Soh, Esq.
Maura Kolb, Esq.
Robert Leone, Esq.
Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069

and a true and correct copy of the foregoing is being served via e-mail on the following

Mark S. Cheffo, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
Email: Mark.Cheffo@skadden.com

/s/ Kenneth B. Fromson
Kenneth B. Fromson