# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RUTH SMITH, Individually and as Widow for the Use and Benefit of Herself and the Next of Kin of RICHARD SMITH, Deceased, | ) ) ) ) |
| Plaintiff, | Case #: 3:05-00444 ) Judge Trauger ) ) |
| vs. | ) ) |
| PFIZER INC., PARKE-DAVIS, a division of Warner-Lambert Company and Warner-Lambert Company LLC, WARNER-LAMBERT COMPANY, WARNER-LAMBERT COMPANY LLC and JOHN DOE(S) 1-10, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO ALLOW PLAINTIFF TO DEPART FROM LOCAL RULE 39.1(c)(6)(c)
AND PRACTICE AND PROCEDURE MANUAL RULE II(F) REGARDING
TRIAL TESTIMONY OF EXPERT AND CHARACTER WITNESSES**

Plaintiff Ruth Smith, as the Widow for the use and benefit of herself and the next of kin of Richard Smith, deceased, by and through her attorneys, hereby moves this Court for an order allowing Plaintiff to depart from Local Rule 39.01(c)(6)(c) and this Court's Practice and Procedure Manual Rule II(F) regarding trial testimony of expert and character witnesses due to the complex nature of this case and the voluminous expert reports and complex expert testimony that incorporate and form the very bases of the opinions of the expert witnesses in this case.

**PRELIMINARY STATEMENT**

As this Court is well aware, this case concerns complex scientific and FDA regulatory issues regarding whether Defendants adequately warned Plaintiff's decedent and his prescribing physician of the risks of adverse mood and behavior and the increased risk for suicide as a result

of the ingestion of Defendants' drug Neurontin. Moreover, Plaintiff claims that Defendants fraudulently concealed the risks from Plaintiff's decedent and his prescribing physician. Plaintiff has disclosed both medical/scientific and regulatory experts who have submitted detailed voluminous reports regarding general causation, and Defendants have conducted depositions of these experts over a period of several days. For example, the report of Dr. Cheryl Blume, Plaintiff's regulatory expert, is 207 pages in length. *see* D. Mass., 1:04-cv-10981-PBS, ECF Doc. # 1197-4. Dr. Blume was deposed on November 12 and 13, 2007, for a total of 719 pages of testimony, and again on February 28, 2008, for another 90 pages of testimony. Copies of excerpts consisting of the cover and last pages of the deposition transcripts are annexed hereto as Exhibit A. Moreover, Plaintiff has disclosed experts on specific causation in this case, including Drs. Michael Trimble and Ronald W. Maris, who have prepared detailed and voluminous reports. *See* Maris Expert Report, D. Mass., 1:04-cv-10981-PBS, ECF Doc. # 1633-25; Trimble Declaration, ECF Doc. # 1633-28; Maris Declaration, ECF Doc. # 1673. Plaintiff's specific causation experts were likewise deposed by Defendants over a period of several days in this litigation.

**ARGUMENT**

Pursuant to Fed. R. Civ. P. 26(a)(2)(B), expert disclosure "must be accompanied by a written report – prepared and signed by the witness . . . The report must contain a complete statement of all opinions the witness will express and the basis and reasons for them." Moore's Federal Rules Pamphlet 2009. Pursuant to U.S. District Court, Middle District of Tennessee, Local Rule 39.01(c)(6)(c):

> As appropriate to the case and as included as part of customized case management under Local Rule 16.01, if applicable, or as otherwise ordered, the case management judge or the Judge before whom the trial is scheduled may require that the direct testimony of an expert witness, other than a medical expert, be

> reduced to writing and a copy thereof filed and served upon opposing counsel at least seven (7) days before trial or as otherwise provided by the Court. If so ordered, such written statement shall contain every material fact and/or opinion to which the witness would testify on direct examination if the witness were asked the appropriate questions. When the witness is called to testify at trial, he or she shall be sworn in the usual fashion. The qualifications as an expert shall be recited by the attorney who has called the expert witness. Thereafter, the attorney may interrogate the witness as to the specific qualifications of expertise that have direct bearing on the subject matter of the case. If objection to the witness' qualifications is raised, the objecting party may conduct a *voir dire* as to qualifications outside the presence of a jury. Unless objection is raised to the qualifications of the witness as an expert, the witness shall then read the written statement aloud to the trier of facts. During the reading of the statement, the witness may refer to a mechanical device, drawing, chart, photograph, or other exhibit in order to explain his or her testimony. After the witness has read the prepared statement, the attorney who called the witness may ask additional questions to further explain his opinion. However, the witness may not proffer any opinion not encompassed in the written statement. At the conclusion of the witness' direct examination in the manner described above, opposing counsel shall be given the opportunity to cross-examine the witness in the usual fashion.

U.S.D.C., M.D. Tenn., Local Rules of Court (Dec. 1, 2009). Similarly, the Practice and Procedure Manual of this Court provides:

> In civil cases and in some criminal cases, Judge Trauger adopts the option provided for in LR 39.01(c)(6)(c) and requires that expert testimony (other than medical) be reduced to writing before the trial, which will be read at trial as the expert's direct testimony. Motions *in limine* should be filed if an expert's qualifications are challenged.
>
> *Judge Trauger will consider requests for departure from this procedure on a case-by-case basis.*

Practice and Procedure Manual for Judges and Magistrate Judges for the Middle District of Tennessee (Judge Aleta A. Trauger), Rule II(F) (emphasis added).

In *Thompson v. Doane Pet Care Co.,* District Judge William J. Haynes, Jr. denied the plaintiff's request to allow his expert to testify on direct examination that his opinion was based on "generally accepting accounting principles," because the phrase was not written in his report. 470 F.3d 1201 (6th Cir. 2006). The Court of Appeals for the Sixth Circuit, in finding that the

3

Judge Haynes' ruling was in error and an abuse of discretion, held that Fed. R. Civ. P. 26(a)(2)(B) "does not limit an expert's testimony simply to reading his report. No language in the rule would suggest such a limitation. The rule contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report." *Id.* at 1203. The Sixth Circuit found that Judge Haynes' ruling was in violation of Fed. R. Civ. P. 26(a)(2)(B) and that the "Judge Higgins rule," as with other local rules. "must comply with Fed. R. Civ. Pro. 83(a)(2)." *Id.* at 1204.

Due to the complex nature of the scientific and regulatory issues involved in this case, and the volume of the evidence amassed in the expert reports and expert testimony obtained in this case, it is not appropriate to order the parties to comply with Local Rule 39.01(c)(6)c in this case. It would be extremely difficult to include all of the expert opinions contained in the reports and the several days of testimony into one comprehensible statement for each expert. Plaintiff respectfully requests that this Court to dispense with compliance to Local Rule 39.01(c)(6)c in this case.

Dated: March 26, 2010

Respectfully submitted,

THE LANIER LAW FIRM, P.L.L.C.

By:     **/s/ W. Mark Lanier**
    W. Mark Lanier, Esq.
    Dara G. Hegar, Esq.
    Ken S. Soh, Esq.
    Maura Kolb, Esq.
    Robert Leone, Esq.
    126 East 56th Street, 6th Floor
    New York, NY 10022

- and -

FINKELSTEIN & PARTNERS, LLP

By:    **/s/ Andrew G. Finkelstein**
       Andrew G. Finkelstein, Esq.
       Kenneth B. Fromson, Esq.
       1279 Route 300, P.O. Box 1111
       Newburgh, NY 12551

- and -

BARRETT & ASSOCIATES, P.A.

By:    **/s/ Charles F. Barrett**
       Charles F. Barrett, Esq.
       BPR #020627
       6518 Highway 100, Suite 210
       Nashville, TN 37205

       *Attorneys for Plaintiff Ruth Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of March, 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

Aubrey B. Harwell, Jr., Esq.
W. David Bridgers, Esq.
Gerald D. Neenan, Esq.
Neal & Harwell, PLC
2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219

Prince C. Chambliss, Jr., Esq.
Evans & Petree, PC
1000 Ridgeway Loop Road, Suite 200
Memphis, TN 38120

Mark S. Cheffo, Esq.
Catherine B. Stevens, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

                                              **/s/ Charles Barrett**
                                                Charles Barrett