UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUTH SMITH, Individually and as Widow for the Use and Benefit of Herself and the Next of Kin of Richard Smith, Deceased, ) ) ) ) Plaintiff, ) ) v. ) ) PFIZER INC., et al, ) ) Defendant. ) | Case No. 3:05-0444 Judge Aleta A. Trauger |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO DEPART FROM LOCAL RULE 39.01(c)(6)(c) AND PRACTICE AND PROCEDURE MANUAL RULE II(F) REGARDING TRIAL TESTIMONY OF EXPERT AND CHARACTER WITNESSES**

**I. INTRODUCTION**

Defendants oppose Plaintiff's Motion to Depart From Local Rule 39.01(c)(6)(c). Defendants respectfully submit that the parties should comply with this local rule, as previously directed by the Court in the Order Setting Case For Trial (D.E. 38).

The facts cited by Plaintiff in support of waiving this local rule actually dictate the opposite result. The fact that this is a complex case with voluminous expert reports and depositions and complex expert testimony demonstrates the need for Local Rule 39.01(c)(6)(c). Enforcing this rule will make the trial more efficient by allowing many issues regarding the direct testimony of experts to be addressed before each expert testifies. It will significantly lessen the likelihood of surprise. It will also avoid having the jury hear expert testimony upon direct examination that is then excluded, when the jury never would have heard that testimony in the first place if this local rule had been followed.

## II. ARGUMENT

This is an ideal case for applying Local Rule 39.01(c)(6)(c). As Plaintiff points out in her Memorandum, this is a complex case. There will be extensive expert testimony. Some of the Plaintiff's experts have provided voluminous expert reports and given lengthy depositions. For example, one of the Plaintiff's witnesses, Dr. Cheryl Blume, provided a 207 page, single-spaced expert witness report and 809 pages of deposition testimony (Plaintiff's Memorandum, D.E. 76 at p. 2). If Plaintiff is required to comply with Local Rule 39.01(c)(6)(c), then, prior to Dr. Blume's testimony, Defendants will know what Dr. Blume is going to say and how she is going to say it. Defendants can then assert objections to her direct testimony to the Court before Dr. Blume takes the stand. If the Court determines that an objection by Defendants is well taken, that testimony will be excluded from Dr. Blume's direct testimony. This will give Defendants the benefit of one of the salutary effects of this local rule, which is to avoid the prejudice resulting from having the jury hear testimony that is ultimately excluded, and having to rely upon the jury's ability to follow an instruction to disregard that testimony. The ability to resolve such issues in advance of the expert's testimony should reduce interruptions for objections and rulings, making it easier for the jury to follow complicated testimony such as Dr. Blume's opinions regarding statistics.

Enforcing this local rule will help counsel for the parties prepare to cross-examine opposing experts. Dr. Blume is a good example. It is a daunting task to sift through her 207 page single-spaced Rule 26 disclosure and 809 pages of deposition testimony in an effort to (i) divine what Dr. Blume's actual trial testimony will be and then (ii) determine how to structure a cross-examination of that testimony. Enforcing Local Rule 39.01(c)(6)(c) will give defense counsel two weeks to review Dr. Blume's direct testimony and prepare for cross-examination.

Plaintiff's counsel will benefit even further. For example, if Plaintiff's proof in this case takes two weeks, then Plaintiff's counsel will have four weeks to review the direct testimony of the defense experts and prepare to cross examine them.

Plaintiff makes the striking statement in her memorandum that "[i]t would be extremely difficult to include all of the expert opinions contained in the reports and the several days of testimony into one <u>comprehensible</u> statement for each expert." [Emphasis added.] (Plaintiff's Memorandum, D.E. 76, at p. 4.) This Court, the Defendants and the jury are each entitled have Plaintiff's experts present their testimony in a "comprehensible" manner. Since Plaintiff apparently concedes that one of the effects of Local Rule 39.01(c)(6)(c) is to require counsel to organize the direct testimony of their experts in a comprehensible manner, enforcing this rule will have an extremely beneficial effect in this case.

Plaintiff has had ample time to comply with Local Rule 39.01(c)(6)(c). Plaintiff has able local counsel, who certainly is aware of the existence and requirements of this rule. This Court's Order Setting Case For Trial (D.E. 38) advised the parties on December 10, 2009 this local rule would be enforced in this trial. If Plaintiff opposed the application of Local Rule 39.01(c)(6)(c) in this trial, Plaintiff should have moved for relief from this rule months ago.

Plaintiff attempts to portray *Thompson v. Doane Pet Care*, 470 F.3d 1201 (6th Cir. 2006), as holding that Local Rule 39.01(c)(6)(c) is in conflict with the Rules of Civil Procedure. [DE 76 at 3-4.] This is a misreading of the case. In *Thompson*, an expert witness's testimony initially was limited to reading the Fed. R. Civ. P. 26(a)(2)(B) report, and the witness was not offered the opportunity to further explain his opinion. *Id*. at 1202-1203. More importantly, the expert was ultimately prevented from even reading the 26(a)(2)(B) report at all, resulting in a reversal. *Id.* Both of those rulings by the trial court were actually contrary to Local Rule 39.01(c)(6)(c).

Local Rule 39.01(c)(6)(c) does not limit an expert to reading his Fed. R. Civ. P. 26(a)(2)(B) report. Instead, it merely requires the expert to reduce his direct testimony to writing. Plaintiff conflates the Fed. R. Civ. P. 26(a)(2)(B) expert disclosure report with the written testimony requirement of Local Rule 39.01(c)(6)(c). The Fed. R. Civ. P. 26(a)(2)(B) report is actually addressed in Local Rule 39.01(c)(6)(d).[1] Furthermore, the Sixth Circuit's disagreement with the "Judge Higgins Rule" as misapplied in *Thompson* was that it conflicted with the Civil Rules because

> [Fed. R. Civ. P. 26(a)(2)(B)] contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross examination.

*Thompson*, 470 F.3d at 1203. As Plaintiff knows, Local Rule 39.01(c)(6)(c), when properly applied, allows this as well:

> After the witness has read the prepared statement, **the attorney who called the witness may ask additional questions to further explain his opinion**. However, the witness may not proffer any opinion not encompassed in the written statement. At the conclusion of the witness' direct examination in the manner described above, **opposing counsel shall be given the opportunity to cross-examine the witness in the usual fashion**.

(emphasis added). Plaintiff misconstrues *Thompson*, for there is no conflict between Fed. R. Civ. P. 26(a)(2)(B) and Local Rule 39.01(c)(6)(c).

In summary, Local Rule 39.01(c)(6)(c), which has been in effect in the Middle District of Tennessee for decades, provides many benefits, including: judicial economy; aiding the jury by reducing disruptions for objections and rulings during expert testimony; avoiding the confusion and potential prejudice of having the jury hear direct examination testimony that is excluded;

---

[1] "Expert witness disclosures shall be made in accordance with any order of the Court, or if none, in accordance with Fed R. Civ. P. 26(a)(2)."

facilitating the presentation and resolution of objections to expert direct testimony; and assisting opposing counsel to plan their cross-examination of an expert. These benefits are important in a complex case such as this, where there will be extensive expert testimony regarding a wide variety of subject matters and much of the expert testimony will be subject to disputes and objections. Accordingly, Defendants respectfully submit that Local Rule 39.01(c)(6)(c) should be applied to this case, in accordance with this Court's Order Setting Case For Trial.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: /s/ Robert A. Peal
    Aubrey B. Harwell, Jr., No. 002559
    W. David Bridgers, No. 016603
    Gerald D. Neenan, No. 006710
    Robert A. Peal, No. 025629

2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219
(615) 244-1713
(615) 726-0573 (fax)

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

By: /s/ Mark S. Cheffo
    Mark S. Cheffo
    Catherine B. Stevens

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

*Attorneys for Defendants Pfizer Inc. and Warner-Lambert Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 1st day of April, 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

| | |
|---|---|
| Eleanor L. Polimeni, Esq.<br>Andrew G. Finkelstein, Esq.<br>Kenneth B. Fromson, Esq.<br>Finkelstein & Partners, LLP<br>1279 Route 300<br>P.O. Box 1111<br>Newburg, NY 12551 | Dara G. Hegar, Esq.<br>Ken S. Soh, Esq.<br>Maura Kolb, Esq.<br>Robert Leone, Esq.<br>W. Mark Lanier, Esq.<br>Lanier Law Firm<br>6810 FM 1960 West<br>Houston, TX 77069 |
| Charles F. Barrett, Esq.<br>Barrett & Associates, P.A.<br>6718 Highway 100, Suite 210<br>Nashville, TN 37205 | Prince C. Chambliss, Jr., Esq.<br>Evans & Petree, PC<br>1000 Ridgeway Loop Road, Suite 200<br>Memphis, TN 38120 |

                    /s/ Robert A. Peal

6

Case 3:05-cv-00444   Document 77   Filed 04/01/10   Page 6 of 6 PageID #: 697