# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| RUTH SMITH, Individually and as Widow | ) | |
| for the Use and Benefit of Herself and the | ) | |
| Next of Kin of RICHARD SMITH, Deceased, | ) | **Case #: 3:05-00444** |
| | ) | **Judge Trauger** |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | |
| | ) | |
| PFIZER INC., PARKE-DAVIS, | ) | |
| a division of Warner-Lambert Company | ) | |
| and Warner-Lambert Company LLC, | ) | |
| WARNER-LAMBERT COMPANY, | ) | |
| WARNER-LAMBERT COMPANY LLC and | ) | |
| JOHN DOE(S) 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE
## MISCELLANEOUS SUBJECTS FROM EVIDENCE AT TRIAL

Plaintiff Ruth Smith, as the Widow for the use and benefit of herself and the next of kin of Richard Smith, deceased, by and through her undersigned counsel, respectfully requests an order precluding Defendants Pfizer Inc. and Warner-Lambert Company LLC from proffering all evidence, references, testimony or argument relating to the miscellaneous topics set forth below.

Under Fed. R. Evid. 402, relevant evidence is admissible and evidence which is not relevant is not admissible. Relevant evidence is defined as matters which may tend to prove or disprove a material fact at issue. Fed. R. Evid. 401. Further, "relevant evidence may be excluded if its probative value is substantially outweighed by the risk of (a) undue prejudice, confusion of issues, or misleading the jury or (b) undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an

emotional one." Fed. R. Evid. 403, Advisory Committee's Note (1972). In *United States v. Henderson,* the Court of Appeals found that the trial court had committed error in allowing admission of impeachment evidence concerning a "domestic dispute [which] posed a disproportionate risk of unfairly inflaming the jury's emotions and sidetracking the trial regarding the irrelevant question." 409 F.3d 1293, 1298 (11th Cir. 2005).

The following evidence is not only irrelevant to these proceedings, but its probative value is greatly outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or causing undue delay and waste of time, and therefore such evidence should be excluded.

(1)     That a verdict for Plaintiff will adversely impact pharmaceutical companies' incentive/ability to develop new medications. Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury. The tactic of appealing to the collective self interest of jurors has been condemned by courts and clearly applies to this and other issues presented below. Courts have condemned such appeals to "community conscience" as improper. *Westbrook v. General Tire & Rubber Co.,* 754 F.2d 1233, 1239 (5th Cir. 1985). The self-interest aspect was specifically addressed in *Norman v. Gloria Farms, Inc.,* 668 So. 2d 1016 (Fla. Dist. Ct. App. 4th 1996) (copy attached hereto as Exhibit A), where the court held:

> This us-against-them plea can have no appeal other that to prejudice . . . .Such argument is an improper distraction from the jury's sworn duty to reach a fair, hones and just verdict according to the facts and evidence presented at trial . . . Our condemnation of a "community conscience" argument is not limited to the use of those specific words: it extends to all impassioned and prejudicial pleas intended to evoke a sense of community law through common duty and expectation.

*Id.* at 1021 (quoting *S.H. Inv. & Dev. Corp. v. Kincaid*, 495 So. 2d 768 (Fla. 5th Dist. Ct. App. 1986) (copy attached hereto as Exhibit B), in turn quoting *Westbrook,* 754 F.2d at 1238-39).

Likewise in *Pappas v. Middle Earth Condominium Ass'n*, the Second Circuit reversed the District Court's denial of plaintiff's motion for a new trial, where defense counsel, in his closing argument, in referring to a plaintiff from New Jersey who was injured while skiing in Vermont (the forum), made an untoward "us-against-them" appeal to the jury. 963 F.2d 534, 539 (2d Cir. 1992). The Court found that "the prejudice engendered by the improper comments may well have influenced the jury's verdict that defendants were not negligent." *Id.* at 541.

(2)     Any comment or inference, evidence, testimony, or documents tending to suggest in any way that an award of damages in this case will adversely affect the ability of any member of the jury to purchase, or have available medications in the future, or affect the cost thereof, or have any adverse effect on the medical or health products available to individuals or industries in the United States or worldwide. Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury. *See* argument above under subpart (1).

(3)     Making reference that this case or other Neurontin products liability litigation cases may have a negative impact on the stock price of Pfizer Inc or any other publicly traded pharmaceutical manufacturer. Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury. *See* argument above under Subpart (1).

(4)     That this case or any other Neurontin products liability case may cause an increase in the cost of purchasing or maintaining insurance. Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury. *See* argument above under Subpart (1).

(5)     That this case or any other Neurontin product liability case may cause an increase in the cost of purchasing medications for the public. Such argument is irrelevant, highly

3

prejudicial and calculated to sway the sympathies of the jury. *See* argument above under Subpart (1).

(6)     Any comment, evidence, testimony, inference or document mentioning medical conditions of Plaintiff's decedent's family that are unrelated to the injuries at issue in this lawsuit. Such argument is irrelevant and Defendants have not provided any scientific evidence that the medical conditions of decedent's family caused Plaintiff's decedent's injuries. *See* argument above under Subpart (1).

(7)     Any comment, inference, evidence, testimony, or document tending to suggest in any way that an award of punitive damages in this case is unconstitutional, illegal, or not supported by the current state of the law. *See generally TXO Prod. Corp. v. Alliance Res. Corp.,* 509 U.S. 443, 451 (1993).

(8)     Any mention of the purported "litigation crisis," "lawsuit crisis," "lawsuit abuse," or similar terms or phrases. Such argument would be irrelevant, highly prejudicial, and calculated solely to inflame the jury. *See* argument above under Subpart (1).

(9)     That Plaintiff's attorneys and their law firms primarily represent plaintiffs in lawsuits or specialize in personal injury or product liability litigation or that Plaintiff's firm implemented a national advertising campaign for Neurontin cases. Such argument would be irrelevant, highly prejudicial, and calculated solely to inflame the jury. *See Bufford v. Rowan Cos., Inc.,* 994 F.2d 155, 157-58 (5th Cir. 1993); *Fineman v. Armstrong World Indus.,* 980 F.2d 171, 207 (3d Cir. 1992) (test regarding whether remarks against counsel will "engender sufficient prejudice" to warrant a new trial is "whether the improper assertions have made it reasonably probably that the verdict was influenced by prejudicial statements"); *Commonwealth v. Shelley,* 374 Mass. 466 (Super. Ct. Mass. 1978) (Superior Court reversed and ordered a new

4

trial where the prosecutor made remarks during his closing argument that "insinuated that the expert witnesses were 'bought' and in which he attempted to refute the defense of insanity"). *See* argument above under Subpart (1).

(10)     Any comment or personal anecdote from any witness or lawyer for Defendants about themselves, or family members who have used Neurontin.  Such evidence is irrelevant, hearsay, and undeniably prejudicial.  These emotional stories cannot be verified and will inappropriately sway the sympathies of the jury.  *See* argument above under Subpart (1).

(11)     Any comment, evidence, testimony, inference or document mentioning that:  (a) state products liability law frustrates the FDA's protective regime; (b) state tort law undercuts the FDA's mission to provide only scientifically valid warnings; (c)) state warning defect or failure-to-warn laws pressure drug manufacturers to add unsubstantiated, false, or invalid warnings in order to avoid lawsuits; or (d) too many warnings of serious injuries will dilute the effectiveness of warnings generally.

Such statements are incorrect and do not reflect the current state of law.  Thus, in *Wyeth v. Levine,* the United States Supreme Court stated in regard to a similar statement made by pharmaceutical manufacturer Wyeth:

> Wyeth also argues that requiring it to comply with a state-law duty to provide a stronger warning about IV push administration would obstruct the purposes and objectives of federal drug labeling regulation.  Levine's tort claims, it maintains, are pre-empted because they interfere with "Congress's purpose to entrust an expert agency to make drug labeling decisions that strike a balance between competing objectives."  Brief for Petitioner 46.  We find no merit in this argument, which relies on an untenable interpretation of congressional intent and an overbroad view of an agency's power to pre-empt state law.

555 U.S. ___, 129 S. Ct. 1187, 1199, 173 L. Ed. 2d 51 (2009).

For the reasons stated above, Plaintiff respectfully requests that the Court preclude the statements, references, testimony, etc., delineated above due to irrelevance, remoteness, causing unfair prejudice, confusion of the issues and inflammation and misleading the jury.

Dated: April 16, 2010                                    Respectfully submitted,

                                                         THE LANIER LAW FIRM, P.L.L.C.


                                         By:     /s/ W. Mark Lanier
                                                 W. Mark Lanier, Esq.
                                                 Dara G. Hegar, Esq.
                                                 Ken S. Soh, Esq.
                                                 Maura Kolb, Esq.
                                                 Robert Leone, Esq.
                                                 126 East 56th Street, 6th Floor
                                                 New York, NY  10022

                                                         - and -

                                                 FINKELSTEIN & PARTNERS, LLP


                                         By:     /s/ Andrew G. Finkelstein
                                                 Andrew G. Finkelstein, Esq.
                                                 Kenneth B. Fromson, Esq.
                                                 1279 Route 300, P.O. Box 1111
                                                 Newburgh, NY  12551

                                                         - and -

                                                 BARRETT & ASSOCIATES, P.A.


                                         By:     /s/ Charles F. Barrett
                                                 Charles F. Barrett, Esq.
                                                 BPR # 020627
                                                 6518 Highway 100, Suite 210
                                                 Nashville, TN  37205

                                                 *Attorneys for Plaintiff Ruth Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of April, 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

Aubrey B. Harwell, Jr., Esq.
W. David Bridgers, Esq.
Gerald D. Neenan, Esq.
Robert A. Peal, Esq.
Neal & Harwell, PLC
2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219

Prince C. Chambliss, Jr., Esq.
Evans & Petree, PC
1000 Ridgeway Loop Road, Suite 200
Memphis, TN 38120

Mark S. Cheffo, Esq.
Catherine B. Stevens, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

/s/ Kenneth B. Fromson
Kenneth B. Fromson