EXHIBIT B

*495 So. 2d 768, \*; 1986 Fla. App. LEXIS 9453, \*\*;*
*11 Fla. L. Weekly 1834*

S. H. INVESTMENT AND DEVELOPMENT CORPORATION, HIC MANAGEMENT CORPORATION OF FLORIDA, HOUSING INVESTMENT CORPORATION, and CHASE HOME MORTGAGE CORPORATION OF THE SOUTHEAST, Appellants/Cross-Appellees, v. DORSEY KINCAID and BERNICE KINCAID, his wife, Appellees/Cross-Appellants

Nos. 85-833, 85-1152

Court of Appeal of Florida, Fifth District

495 So. 2d 768; 1986 Fla. App. LEXIS 9453; 11 Fla. L. Weekly 1834

August 21, 1986, Filed

**PRIOR HISTORY:** **[\*\*1]** Appeal from the Circuit Court for Orange County, Lon S. Cornelius, Jr., Judge.

**LEXISNEXIS® HEADNOTES**                                             **Show**

**COUNSEL:** John L. O'Donnell, Jr., and Robert S. Hoofman, of DeWolf, Ward & Morris, P.A., for Appellants/Cross-Appellees.

John R. Overchuck, of Maher, Overchuck and Langa, A Professional Association, and Herbert H. Hall, Jr., of Law Offices of Herbert H. Hall, Jr., for Appellees/Cross-Appellants.

**JUDGES:** Cobb, J. Upchurch, C.J., and Cowart, J., concur.

**OPINION BY:** COBB

**OPINION**

 **[\*769]**  In this case, three Florida corporations, hereinafter referred to as HIC, [1] were charged with fraud in the sale of a condominium **[\*770]** unit to Dorsey and Bernice Kincaid, plaintiffs below. The condo unit had been previously occupied and suffered fire damage, but it was represented as new and the facts pertaining to the fire were misrepresented by the corporate sales agent, Knight, Orr and Company, which was not a named party defendant. The plaintiffs, who purchased the unit for $28,900.00 in April, 1978, sued for compensatory and punitive damages. They presented evidence that it would cost an estimated $10,764.68 to repair the damages. The jury returned a verdict of $22,750.00 for compensatory damages, and $265,000.00 **[\*\*2]** for punitive damages.

---

**FOOTNOTES**

[1] The jury found, via interrogatory verdict, that two of these corporations (S.H. Investment and Development Corporation and HIC Management Corporation of Florida) were operated as the alter-ego of the third (Housing Investment Corporation). Evidence was adduced which supported this finding.

---

Numerous points are raised on appeal. Initially, HIC contends that the Kincaids failed to prove compensatory damages and justifiable reliance. As we stated in *Amazon v. Davidson, 390 So.2d 383, 385 (Fla. 5th DCA 1980)*, the essential elements for an action based on fraudulent representation are; (1) a false statement concerning a specific material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury to the other party acting in reliance on the representation.

In the instant case, there was evidence adduced by expert testimony from a plaintiff witness that it would cost $10,764.68 **[**3]** to repair the fire, water and smoke damage to the Kincaids' unit. This figure is far short of the verdict for compensatory damages. Moreover, the trial court erroneously admitted conjectural testimony by one Paul Novak, who did not appraise the subject property, that "emotional factors" would reduce the value of fire damaged property by as much as 25%; the court also erred in admitting evidence from the plaintiffs in regard to mental anguish in a case that falls far short of the egregiousness or outrage required for such damages in the absence of physical injury. Compare *Food Fair, Inc. v. Anderson, 382 So.2d 150 (Fla. 5th DCA 1980)*. Hence, a new trial in regard to compensatory damages is mandated.

We find no merit, however, in the appellants' argument in regard to reliance by the buyer. The unit admittedly was represented to them as "new" and "previously unoccupied" by the sales agent of the defendant prior to purchase. See *Johnson v. Davis, 480 So.2d 625 (Fla. 1985)*.

HIC also contends that the plaintiffs failed to sustain their allegations of deceptive and unfair trade practices in regard to the appliances in the condo, pursuant to section 501.201, *et seq.*, Florida **[**4]** Statutes (1977). It was alleged in count three that "the stove, the refrigerator and trash compactor, in addition to other appliances, were in a used condition and in need of repair." The testimony of Dorsey Kincaid at trial refuted these allegations. He testified that all of the appliances except the dishwasher were in place at the time of his inspection in March, 1978, prior to closing, and that subsequently the rusty dishwasher was replaced with one from another unit that was satisfactory. No damage evidence was adduced in regard to this claim concerning the appliances, and the trial court should have dismissed count three at the close of the plaintiffs' case.

The Kincaids also presented a claim, accepted by the jury, based on false advertising in violation of sections 817.40 - 817.41, Florida Statutes (1977). Count six of the complaint alleged such false advertising in regard to the appliances, and must fail for the reasons set forth in the preceding paragraph. Count five claimed such false advertising in regard to the representation to the Kincaids that the unit sold to them was new and previously unoccupied. Although these representations made by the sales agent directly to **[**5]** the Kincaids may have been fraudulent, that fraud is not encompassed by the provisions of sections 817.40 or 817.41, which relate to misleading advertising "disseminated before the general public of the state, or any portion thereof." The evidence did not establish that there were *no* new condos at Lime Bay Colony in 1978; on the contrary, the only evidence in this regard indicated **[*771]** that there were some new condos at the time the Kincaids were attracted to the project. It was uncontroverted that there were separate price categories for new and used condos at the time of the Kincaids' purchase, there being a $1,000 discount for the used ones. The Kincaids were not misled and duped into their purchase by false advertising, but rather by the sales pitch and negotiations made directly to them by the sales agent. Consequently, the trial court also erred in its failure to direct a verdict on counts five and six of the complaint relating to false advertising.

We find no merit in regard to the appellants' claim of juror misconduct or in regard to their claim that the trial court erred in rejecting their requested jury instruction concerning reliance on a fraudulent misrepresentation **[**6]** based on *Besett v. Basnett*, 389 So.2d

995 (Fla. 1980). We find that the instruction given was sufficient. *See* Johnson v. Davis, supra. Although we agree with HIC's contention that the trial court erred in overruling a number of its objections to leading questions by counsel for plaintiffs, and also erred in refusing to admit superseded pleadings as admissions against interest, [2] we would not find these errors, standing alone, sufficiently prejudicial to warrant reversal.

> **FOOTNOTES**
>
> [2] *See Annot.*, 52 A.L.R.2d 516 (1957) (with few exceptions, withdrawn or superseded pleadings are admissible against the pleader as evidence of admissions against interest). *See also* 4 Wigmore, *Evidence* § 1067(5) (Chadbourne rev. 1972); Contractor Utilities Sales Co., Inc. v. Certain-Teed Products Corp., 638 F.2d 1061 (7th Cir. 1981).

We are more concerned with the final argument made by counsel for the plaintiffs. There were three motions for mistrial made during the course of this argument, and several objections. [**7] Illustrative of that argument is the following:

> The opportunity that you have is to speak with a voice so loud and so strong and so firm that it will reach from here to Miami, Florida, from Miami, Florida, to the heart of Chase Manhattan Bank [not a party here] and those corporations in New York City and throughout all of the fifty or a hundred or however many corporations that have some kind of collateral dealings here. That is your opportunity.
>
> If you weren't as incensed by what you've heard as I was as I began to uncover the facts of this case, if you're not upset, if you're not bothered by the conduct of these corporations and the absolute insensitivity that they have to peoples rights and something that they hold so dearly as a home, an investment that is the most important investment that they'll ever make, then I have failed you and I have failed my clients.
>
> Never have I seen so much evidence; never have I seen so many strong fingers of guilt pointing to the culpable parties.

At other times during closing argument, counsel for Kincaid stated he knew certain evidence and statements presented by the appellants were not true; that the Kincaids testified truly, [**8] honestly and candidly; and stated his opinion as to the veracity of various adverse witnesses.

In *Westbrook v. General Tire and Rubber Co.*, 754 F.2d 1233 (5th Cir. 1985), counsel used a "community conscience" argument and the Fifth Circuit Court of Appeals stated:

> This us-against-them plea can have no appeal other than to prejudice by pitting "the community" against a nonresident corporation. Such argument is an improper distraction from the jury's sworn duty to reach a fair, honest and just verdict according to the facts and evidence presented at trial. . . . Our condemnation of a "community conscience" argument is not limited to the use of those specific words; it extends to all impassioned and prejudicial pleas intended to evoke a sense of community law through common duty and expectation. Such appeals serve no proper purpose and carry the potential of substantial injustice when invoked against outsiders.

754 F.2d at 1238-39.

Additionally, Florida Bar Code of Professional Responsibility EC7-24 and DR7-106 **[*772]** (C)(3)(4) provide that expressions by a lawyer of his personal opinion as to the justness of a cause, as to the credibility of a witness, **[**9]** and as to the culpability of a civil litigant are not proper subjects for argument to the trier of fact. The Third District, in *Borden, Inc. v. Young*, 479 So.2d 850 (Fla. 3d DCA 1985), *review denied*, 488 So.2d 832 (Fla. 1986), and *Schreier v. Parker*, 415 So.2d 794 (Fla. 3d DCA 1982), has stated it will not condone arguments in derogation of the above cited ethical cannons and disciplinary rules, even absent objection. We agree, hence a new trial on all issues is required.

We must also address the contradictory interrogatory verdicts below finding *both* a joint venture between the three corporate defendants and a finding that two were operated as the alter-ego of the third. It cannot be both ways. See *Green v. Putnam*, 93 So.2d 378 (Fla. 1957). We find that the evidence does not support the verdict finding of a joint venture, but does support the determination that two of the corporations operated as the alter-ego of the third.

At retrial the instructions and verdict forms should clearly spell out that, in regard to vicarious liability for punitive damages, there can be no punitive damage award against HIC absent some fault on its part separate and apart from the **[**10]** fraudulent conduct warranting such damages by its employee, Knight, Orr and Company. See *Mercury Motors Exp., Inc. v. Smith*, 393 So.2d 545 (Fla. 1981); *Montgomery Ward and Company, Inc. v. Hoey*, 486 So.2d 1368 (Fla. 5th DCA 1986). Direct corporation liability was not pleaded in this case, and the evidence did not support a verdict on that basis. Cf. *Winn-Dixie Stores, Inc. v. Robinson*, 472 So.2d 722 (Fla. 1985); *Bankers Multiple Line Ins. Co. v. Farish*, 464 So.2d 530 (Fla. 1985); *Kent Ins. Co. v. Schroeder*, 469 So.2d 209 (Fla. 5th DCA 1985).

Accordingly, we reverse and remand for a new trial on liability and damages, compensatory and punitive. The appellant, HIC, is entitled to an award of attorneys' fees for its defense of counts three, five and six of the complaint based on Chapters 501 and 817, at trial and on appeal, and this cause is also remanded to the trial court for assessment of such fees. See §§ 501.2105 [3] and 817.41, Florida Statutes (1985). The appellees' cross-appeal in regard to the award of attorney fees is without merit for the reasons set forth in this opinion.

> **FOOTNOTES**
>
> [3] Previously section 501.210, Florida Statutes (1977).

**[**11]** REVERSED and REMANDED.

UPCHURCH, C.J., and COWART, J., concur.