IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUTH SMITH, Individually and as Widow for the Use and Benefit of Herself and the Next of Kin of RICHARD SMITH, Deceased, | ) ) ) |
| | ) Case #: 3:05-00444 |
| | ) Judge Trauger |
| Plaintiff, | ) |
| | ) |
| -against- | ) |
| | ) |
| PFIZER INC., PARKE-DAVIS, a division of Warner-Lambert Company and Warner-Lambert Company LLC, WARNER-LAMBERT COMPANY, WARNER-LAMBERT COMPANY LLC and JOHN DOE(S) 1-10, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO STRIKE THE DEPOSITION TESTIMONY AND AFFIDAVIT OF DEFENDANTS' EXPERT CYNTHIA MCCORMICK AND TO PRECLUDE DEFENDANTS FROM UTILIZING THE DEPOSITION OF CHARLES TAYLOR AT TRIAL**

Plaintiff Ruth Smith, as the Widow for the use and benefit of herself and the next of kin of Richard Smith, deceased, by and through her undersigned counsel, respectfully requests an order striking the deposition testimony and Affidavit of Defendants' expert Cynthia McCormick from the trial of this action, and precluding Defendants Pfizer Inc. and Warner-Lambert Company LLC from utilizing the deposition transcript of their employee Charles Taylor at trial, and precluding Defendants from mentioning the reason for Taylor's absence from the trial.

**1. Defendants Failed to Timely and Adequately Disclose Their Expert Cynthia McCormick Pursuant to Fed. R. Civ. P. 26(a) and Fed. R. Evid. 701 and 702, and This Court Should Strike McCormick's Deposition Testimony and Affidavit From Consideration at the Trial of This Action.**

"<b><u>For the record, I'm being paid to give my opinion, not someone else's.</u></b>"

Excerpts of Deposition of Cynthia McCormick, taken February 14, 2008, annexed hereto as Exhibit A, at 22:13-14 (emphasis added).

This quote alone from Cynthia McCormick's deposition confirms that she was retained and paid by Defendants to serve as an expert on behalf of Defendants in the Neurontin litigation. As Defendants' expert, McCormick should be required to appear in person at trial and provide testimony subject to cross-examination.

Pursuant to Discovery Orders Nos. 13 and 14 (D. Mass. No. 04-10981-PBS, ECF Doc. ## 801, 890), the report of Products Liability Plaintiffs' general causation expert Dr. Michael Trimble was served on Defendants on October 1, 2007, and his deposition was held as scheduled on October 18 and 19, 2007; the reports of Plaintiffs' other experts were to be served on Defendants on October 22, 2007, with the depositions of Plaintiffs' general causation experts to be held prior to November 12, 2007. Defendants were to provide their expert disclosure by December 3, 2007. D. Mass. No. 04-10981-PBS, ECF Doc. # 801. Plaintiffs produced their general causation expert Dr. Cheryl Blume for deposition on November 12 and 13, 2007. At the November 13, 2007 deposition of Dr. Blume, Defendants marked an Affidavit of Cynthia McCormick as an exhibit. D. Mass. No. 04-10981-PBS, ECF Doc. # 980-1. On January 10, 2008, Plaintiffs moved to take the deposition of non-party witness McCormick. D. Mass. No. 04-10981, ECF Doc. # 1056. On January 25, 2008, Magistrate Judge Leo T. Sorokin allowed Plaintiffs a one-day deposition of McCormick. D. Mass. No. 04-10981-PBS, ECF Doc. # 1092.

It is quite clear that Cynthia McCormick is not just a fact witness in this litigation. McCormick testified that she was retained by Defendants to work with them in their defense against this very litigation. She testified that subsequent to leaving the Food and Drug

Administration in October 2002, she was contacted by Defendants to provide assistance in the litigation regarding Neurontin. *See* Ex. A at 13:12-14; 15:1-8. McCormick testified to receiving her usual consulting fee of $500.00 per hour. Ex. A at 39:11-12; 39:11-13. Furthermore, the witness' bill presented to McCormick during the deposition totaled approximately $17,000.00 as of September 14, 2007, which she did not dispute. Ex. A at 40:7-13.

McCormick also testified that defense counsel wrote the Affidavit beginning with the first draft. Ex. A at 83:7-19,. The contents of the Affidavit contradict McCormick's unequivocal statement that she made in the 1992 FDA Clinical Review for Neurontin. In the 1992 Clinical Review for Neurontin, McCormick stated that "depression, while it may not be an infrequent occurrence in the epileptic population, may become worse and require intervention or lead to suicide" and that this was one of the "less common but more serious events that may limit the drug's widespread usefulness." Ex. A at 14:14-25; *see also* Clinical Review, D. Mass. No. 04-10981-PBS, ECF Doc. ## 1200-15, 1200-16, 1200-17, 1200-18. However, McCormick blatantly admitted that after she was hired by Defendants she contradicted her 1992 statements in the clinical review regarding Neurontin. Ex. A at 15:1-13. Plaintiffs' counsel explicitly objected to Defendants' attempt to elicit expert testimony during McCormick's deposition. Ex. A at 127:18-25.

It is clear from the testimony cited above that Cynthia McCormick was hired by Defendants as an expert in this case. Any testimony that McCormick would provide as a fact witness regarding the FDA review of Neurontin must be considered as tainted by virtue of her receiving remuneration for providing expert services to the Defendants. Clearly, it would be substantially prejudicial to Plaintiff if McCormick is permitted to provide any testimony as an uninterested fact witness when in fact she is one of Defendants' experts.

Moreover, Defendants have failed to comply with the mandates of Fed. R. Civ. P. 26(a) regarding expert disclosure. Defendants failed to provide: copies of McCormick's report by the requisite deadline scheduled by the Court, the data or other information considered by the witness in forming her opinions, a list of all publications authored in the previous 10 years, or a list of all other cases she testified as an expert at trial or deposition for the previous 4 years. Further, what McCormick meant in regard to her statement in the clinical review for Neurontin that "depression, while it may not be an infrequent occurrence in the epileptic population, may become worse and require intervention or lead to suicide" and that this was one of the "less common but more serious events that may limit the drug's widespread usefulness," is a statement that is based on scientific, technical and other specialized knowledge which is the province of experts and not, pursuant to Fed. R. Evid. 701, within the purview of a lay witness.

Pursuant to Fed. R. Evid. 701:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) *not based on scientific, technical, or other specialized knowledge within the scope of Rule 702*.

Fed. R. Evid. 701 (emphasis added).

The Sixth Circuit noted in *United States v. White,* that Rule 701 was amended in 2000:

> to foreclose lay witness testimony "based on scientific, technical, or other specialized knowledge" -- testimony more properly given by a qualified expert. In amending the Rule, the drafters intended to preclude a party from surreptitiously circumventing "the reliability requirements set forth in Rule 702 . . . through the simple expedient of proffering an expert in lay witness clothing" and to "ensure[] that a party will not evade the expert witness disclosure requirements set forth in . . . Fed. R. Crim. P. 16 by simply calling an expert witness in the guise of a layperson." Fed. R. Evid. 701 advisory committee's note (2000).

492 F.3d 380, 400-01 (6th Cir. 2007).

Moreover, in *White*, the Sixth Circuit made clear that it is "improper" to proffer the testimony of a lay witness where the testimony:

> encompasses opinions that "call[] for specialized skill or expertise" -- such as a paramedic's testimony that skull trauma caused the bruises on a victim's face. *Id.* at 550. The distinction is far from clear in cases where, as here, a witness with specialized or technical knowledge was also personally involved in the factual underpinnings of the case. *See United States v. Ayala-Pizarro*, 407 F.3d 25, 28 (1st Cir. 2005) (citation omitted) (observing that "[t]he line between expert testimony under Fed. R. Evid. 702 . . . and lay opinion testimony under Fed. R. Evid. 701 . . . is not easy to draw"); *United States v. Cruz*, 363 F.3d 187, 194 (2d Cir. 2004) ("District courts must be especially vigilant in evaluating the admissibility of expert testimony where . . . a [witness] is called on to testify as a fact witness but also functions as an expert."); *United States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006) (citations omitted).

*Id.* at 401.

In *J.G.R. v. Thomasville Furniture Indus., Inc.*, the district court permitted a certified public accountant, who had performed bookkeeping services for the company in question, to provide lay testimony on damages and the company's loss profits and loss of value. 370 F.3d 519, 526 (6th Cir. 2004). The Sixth Circuit found that the admission of the accountant's lay opinion testimony was improper due to the fact that the information he relied upon was provided by the owners and that he did not verify much of the information — that the accountant had "no basis upon which to offer lay opinion testimony about JGR's lost profits or loss of business value, and the district court abused its discretion in admitting that testimony." *Id.*

Plaintiff respectfully requests that this Court strike Cynthia McCormick's Affidavit and deposition testimony from consideration in this case because she was retained by Defendants as an expert, but Defendants failed to comply with the deadline for expert disclosure in regard to McCormick, and that her testimony as a fact witness has been tainted because she was paid for her services by Defendants.

5

**2.  Defendants Have Failed to Make a Sufficient Showing That Their Expert Charles Taylor Is Not Available to Testify at Trial, and Defendants Should Not Be Permitted To Utilize His Prior Deposition Testimony at Trial.**

Pursuant to Fed. R. Civ. P. 32(a)(4), a party to the action may use a deposition of a witness when the person is an "unavailable witness" if the Court determines:

(A)  that the witness is dead;
(B)  that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;
(C)  that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;
(D)  that the party offering the deposition could not procure the witness's attendance by subpoena; or
(E)  on motion and notice, that exceptional circumstances make it desirable--in the interest of justice and with due regard to the importance of live testimony in open court--to permit the deposition to be used.

The Sixth Circuit has clearly stated that "[t]he party seeking to admit a deposition at trial must prove that the requirements of Rule 32(a) have been met." *Allgeier v. United States,* 909 F.2d 869, 876 (6th Cir. 1990). In *Allgeier,* the Sixth Circuit held in regard to the district court's allowance of the use of the deposition testimony of a treating surgeon without receiving any proof that the surgeon was not available, that "absent more persuasive evidence of unavailability, there was an abuse of discretion." *Id.* at 875, 876.  Other Courts of Appeal have treated the issue of unavailability similarly.  Thus, in *Frenchette v. Welch,* the district court allowed the videotaped deposition of one physician and the deposition transcript of another deposition to be read at trial without "exploring" whether the conditions regarding the unavailability of a witness were satisfied.  621 F.2d 11, 13 (1st Cir. 1980).  The district court had taken judicial notice that one of the physicians resided within the 100-mile limit and that the defense attorney stated he had "been told, but had no firsthand knowledge that [the physician] had just been through open heart surgery " *Id.*  The First Circuit found that the district court was in error "in allowing

6

defendants, over objection, to use the depositions of [both of the physicians] without an adequate showing that any of the conditions [of the federal rule for unavailability] were met." *Id.* at 14.

In August 2009, Defendants deposed their expert Charles Taylor for "preservation" purposes because of medical circumstances; the bases for the preservation deposition is not disputed. Mr. Taylor has been a practicing pharmacologist for Parke-Davis and Pfizer for over 25 years (although he does not have a degree in pharmacology). Despite Plaintiff's requests, Defendants have not committed to whether Mr. Taylor will be present at the trial of this action. Instead, Defendants have indicated they may utilize portions of his videotaped deposition.

Plaintiff respectfully submits that Defendants should be ordered to produce Charles Taylor for trial testimony or make an adequate showing that the conditions for availability pursuant to Fed. R. Civ. P. 32(a)(4) have been met. Moreover, if this Court allows Defendants to utilize the deposition testimony of Mr. Taylor at trial, Plaintiff submits that Defendants should be precluded from mentioning the reason for his absence. The reason for Mr. Taylor's absence is totally irrelevant to any issue in this case, and will only serve to cause unfair prejudice to Plaintiff by playing on the emotions of the jury to evoke sympathy in regard to Taylor's testimony. "Unfair prejudice" means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 Advisory Committee's Note (1972). The probative value of any such statement concerning Mr. Taylor's medical condition is far outweighed by the detrimental unfair prejudice to Plaintiff.

7
Case 3:05-cv-00444   Document 93   Filed 04/16/10   Page 7 of 9 PageID #: 1497

Dated: April 16, 2010	Respectfully submitted,

                                                     THE LANIER LAW FIRM, P.L.L.C.

                                    By:    **/s/ W. Mark Lanier**
                                                    W. Mark Lanier, Esq.
                                                    Dara G. Hegar, Esq.
                                                    Ken S. Soh, Esq.
                                                    Maura Kolb, Esq.
                                                    Robert Leone, Esq.
                                                    126 East 56th Street, 6th Floor
                                                    New York, NY 10022

                                                            - and -

                                                   FINKELSTEIN & PARTNERS, LLP

                                    By:    **/s/ Andrew G. Finkelstein**
                                                    Andrew G. Finkelstein, Esq.
                                                    Kenneth B. Fromson, Esq.
                                                    1279 Route 300, P.O. Box 1111
                                                    Newburgh, NY 12551

                                                            - and -

                                                   BARRETT & ASSOCIATES, P.A.

                                    By:    **/s/ Charles F. Barrett**
                                                   Charles F. Barrett, Esq.
                                                   BPR # 020627
                                                   6518 Highway 100, Suite 210
                                                   Nashville, TN 37205

                                                   *Attorneys for Plaintiff Ruth Smith*

# CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of April, 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

Aubrey B. Harwell, Jr., Esq.
W. David Bridgers, Esq.
Gerald D. Neenan, Esq.
Robert A. Peal, Esq.
Neal & Harwell, PLC
2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219

Prince C. Chambliss, Jr., Esq.
Evans & Petree, PC
1000 Ridgeway Loop Road, Suite 200
Memphis, TN 38120

Mark S. Cheffo, Esq.
Catherine B. Stevens, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

                                              **/s/ Kenneth B. Fromson**
                                                Kenneth B. Fromson