# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **RUTH SMITH, Individually and as Widow** ) | |
| **for the Use and Benefit of Herself and the** ) | |
| **Next of Kin of RICHARD SMITH, Deceased,** ) | **Case #: 3:05-00444** |
| ) | **Judge Trauger** |
| **Plaintiff,** ) | |
| ) | |
| -against- ) | |
| ) | |
| **PFIZER INC., PARKE-DAVIS,** ) | |
| **a division of Warner-Lambert Company** ) | |
| **and Warner-Lambert Company LLC,** ) | |
| **WARNER-LAMBERT COMPANY,** ) | |
| **WARNER-LAMBERT COMPANY LLC and** ) | |
| **JOHN DOE(S) 1-10,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM REFERRING TO AND/OR MAKING MENTION OF GARY WAYNE BIGGS' OPINION REGARDING WHY RICHARD SMITH COMMITTED SUICIDE

Plaintiff Ruth Smith, as the Widow for the use and benefit of herself and the next of kin of Richard Smith, deceased, by and through her undersigned counsel, respectfully requests an order precluding Defendants Pfizer Inc. and Warner-Lambert Company LLC from referring to, and/or making mention of Gary Wayne Biggs' opinion regarding why Plaintiff's decedent Richard Smith committed suicide.

## FACTUAL BACKGROUND

On February 8, 2008, Gary Wayne Biggs, an investigator for the Medical Examiner's Office, Forensic (Ex. A at 10:8-11:16), provided deposition testimony in regard to Plaintiff's decedent Richard Smith's suicide. *Id.* at 20:39. Biggs testified that he obtained information from various sources including Detective Danny Satterfield and other officers/detectives on the

scene and with Plaintiff and her daughter Cindy. *Id.* at 21:8-22:21. In fact, Biggs was unable to distinguish between the information that he obtained from Cindy Smith versus Ruth Smith. *Id.* 24:9-12. Biggs only spoke to Plaintiff and her daughter for three minutes and he testified that they were distraught and errors in fact that may have been obtained from them are understandable due to their emotional state. *Id.* at 69:2-71:6. Biggs was paid $250.00 an hour by Defendants for his deposition testimony and would be paid by Defendants for any court testimony. *Id.* at 28:22-29:8. Biggs obtained the information that formed much of his testimony from officers and detectives on the scene:

> Q  Okay. You also, in addition to that note, you note that there is a -- that there was a suicide note. You note that in your scene report, correct?
>
> A  Oh, yes, sir.
>
> MR. EVANS:  I'm going to mark as Exhibit No. 6 photograph 5. It's the same one.
>
> THE WITNESS:  Here. You can see it better.
>
> MR. SOH:  That's all right. I have 7 seen it.
>
> (EXHIBIT NO. 6 WAS MARKED FOR IDENTIFICATION.)
>
> BY MR. EVANS:
> Q  Does what I have marked as deposition Exhibit No. 5, which is scene photograph number 005, does that appear to be the suicide note that you reference in your report?
>
> A  Yes, sir.
>
> BY MR. EVANS:
> Q  And you note here in this, also after kind of you -- you -- you recite what the note says. You said the victim reportedly had a history of hip and knee replacement surgery. The victim was reportedly in chronic pain and the victim reportedly discussed thoughts of suicide in March of 2004. Are you able to tell me specifically where that information came from?

2

> A  More than likely -- well, definitely, the officers and detectives on the scene. Then when I talked to the wife, I would have either confirmed or denied it real quick. Like I said, she was really distraught. So I might have just rushed real –

*Id.* at 50:20-51:6.

Biggs testified that it was his personal opinion that Richard Smith committed suicide because he just go tired of hurting. *Id.* at 57:3-21. Biggs stated that his opinion on why Richard Smith committed suicide was based upon his experience as a forensic investigator and the wound. *Id.* at 58:3-16. Biggs stated that his opinion was not a formal opinion from the Medical Examiner's Office, but his personal opinion. *Id.* at 59:21-60:3. Biggs' opinion was not based on a review of medical literature to ascertain whether there was an increased risk from a drug that could have caused Richard Smith's suicide. *Id.* at 60:9-16. Biggs did not review any scientific literature to ascertain whether there was a link between Neurontin and suicide. *Id.* at 61:18-22. Biggs admitted that the information concerning Richard Smith's surgery, reports of pain, and Cindy Smith's allegedly stating Richard Smith had contemplated suicide, was obtained by Biggs from Detective Satterfield. *Id.* at 64:8-65:11.

**1.  Defendants Should Be Precluded From Offering or Mentioning Biggs' Opinion Regarding the Cause of Richard Smith's Suicide Pursuant to Fed. R. Evid. 701, 702.**

Pursuant to Fed. R. Evid. 701:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) *not based on scientific, technical, or other specialized knowledge within the scope of Rule 702*.

Fed. R. Evid. 701 (emphasis added).

The Sixth Circuit noted in *United States v. White,* that Rule 701 was amended in 2000:

> to foreclose lay witness testimony "based on scientific, technical, or other specialized knowledge" -- testimony more properly given by a qualified expert.

> In amending the Rule, the drafters intended to preclude a party from surreptitiously circumventing "the reliability requirements set forth in Rule 702 . . . through the simple expedient of proffering an expert in lay witness clothing" and to "ensure[] that a party will not evade the expert witness disclosure requirements set forth in . . . Fed. R. Crim. P. 16 by simply calling an expert witness in the guise of a layperson." Fed. R. Evid. 701 advisory committee's note (2000).

492 F.3d 380, 400-01 (6th Cir. 2007).

Moreover, in *White*, the Sixth Circuit made clear that it is "improper" to proffer the testimony of a lay witness where the testimony:

> encompasses opinions that "call[] for specialized skill or expertise" -- such as a paramedic's testimony that skull trauma caused the bruises on a victim's face. *Id.* at 550. The distinction is far from clear in cases where, as here, a witness with specialized or technical knowledge was also personally involved in the factual underpinnings of the case. *See United States v. Ayala-Pizarro*, 407 F.3d 25, 28 (1st Cir. 2005) (citation omitted) (observing that "[t]he line between expert testimony under Fed. R. Evid. 702 . . . and lay opinion testimony under Fed. R. Evid. 701 . . . is not easy to draw"); *United States v. Cruz*, 363 F.3d 187, 194 (2d Cir. 2004) ("District courts must be especially vigilant in evaluating the admissibility of expert testimony where . . . a [witness] is called on to testify as a fact witness but also functions as an expert."); *United States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006) (citations omitted).

*Id.* at 401.

The Sixth Circuit noted that sister Circuit Courts had explored this issue and that the Second Circuit in *United States v. Cruz,* 492 F.3d 380 (2d Cir. 2007), found that the district court had "failed to fulfill its gatekeeping function" when it permitted a Drug Enforcement agent to offer an expert opinion regarding drug terminology without the adversary being provided with the proper expert disclosure. 492 F.3d at 401, 402.

In *J.G.R. v. Thomasville Furniture Indus., Inc.,* the district court permitted a certified public accountant, who had performed bookkeeping services for the company in question, to provide lay testimony on damages and the company's lost profits and loss of value. 370 F.3d 519, 526 (6th Cir. 2004). The Sixth Circuit found that the admission of the accountant's lay

opinion testimony was improper due to the fact that the information he relied upon was provided by the owners and that he did not verify much of the information — that the accountant had "no basis upon which to offer lay opinion testimony about JGR's lost profits or loss of business value, and the district court abused its discretion in admitting that testimony." *Id.*

Plaintiff submits that Defendants should be precluded by mentioning or making any reference to Biggs' opinion that the reason Richard Smith committed suicide was because he was "tired", or " he got tired of the hurting" or because he was in pain. Biggs was paid by Defendants for providing deposition testimony. During Biggs' deposition, Defendants attempted to rely on Biggs' experience as a forensic investigator in obtaining his opinion as to the cause of Richard Smith's suicide. Defendants should be precluded from utilizing Biggs as an expert at this juncture, or providing such unsubstantiated opinion testimony, due to the fact Defendants failed to comply with the mandates of Fed. R. Civ. P. 26(a)(2) by failing to provide, by the requisite deadline scheduled by this Court, adequate expert disclosure including copies of Biggs' report, the data or other information considered by the witness in forming his opinions, a list of all publications authored in the previous 10 years, or a list of all other cases he testified as an expert at trial or deposition for the previous 4 years.

Moreover, if this Court would consider Biggs as a lay witness, a large part of Biggs' testimony is not based on his first hand knowledge or perceptions but on information, double hearsay, that Biggs obtained mainly from detectives and officers at the scene contrary to the mandates of Fed. R. Evid. 701(a). Further, what causes an individual to commit suicide is a determination that is based on scientific, technical and other specialized knowledge that is the province of experts and not, pursuant to Fed. R. Evid. 701, within the purview of a lay witness such as Biggs. Plaintiff also submits that Biggs' opinion as to why Richard Smith committed

5

suicide would not be helpful to the determination of proximate cause in this case because it is purely speculative and does not have any scientific basis — Biggs has not performed any scientific or medical literature review concerning the drugs Richard Smith was taking at the time of his untimely death, and did not perform a review of all of the medical records of Richard Smith.

Moreover, Biggs admitted that he spoke only briefly with Plaintiff Ruth Smith and her daughter Cindy Smith and relied heavily on the double hearsay statements of officers and detectives at the scene — which are unreliable and without definitive corroboration or any guarantees of trustworthiness. Biggs' opinion regarding the cause of Richard Smith's suicide is based on hearsay and conjecture, and the probative value of same is greatly outweighed by the danger of unfair prejudice to Plaintiff and may simply serve only to confuse the jury. Moreover, expert opinion in regard to the cause of Richard Smith's suicide might be admissible through the testimony of expert witnesses for whom Defendants have provided the requisite expert disclosure in a timely fashion. *See Fossyl v. Milligan,* No. 05-71531, 319 Fed. Appx. 642, 2009 U.S. App. LEXIS 5646 (6th Cir. Mar. 6, 2009) (opinion of lay witness regarding the prime suspect of a murder who did not have contact with witnesses and based opinion not on her own perceptions was excluded and court stated — evidence "might still be admissible through the testimony of other witnesses").

Plaintiff therefore respectfully requests that this Court preclude Defendants from referring to, and/or making mention of the opinion of Gary Wayne Biggs in regard to the reason that Plaintiff's decedent's Richard Smith committed suicide.

Dated: April 16, 2010                    Respectfully submitted,

                                                                                          THE LANIER LAW FIRM, P.L.L.C.

By:   **/s/ W. Mark Lanier**
      W. Mark Lanier, Esq.
      Dara G. Hegar, Esq.
      Ken S. Soh, Esq.
      Maura Kolb, Esq.
      Robert Leone, Esq.
      126 East 56th Street, 6th Floor
      New York, NY  10022

- and -

FINKELSTEIN & PARTNERS, LLP

By:   **/s/ Andrew G. Finkelstein**
      Andrew G. Finkelstein, Esq.
      Kenneth B. Fromson, Esq.
      1279 Route 300, P.O. Box 1111
      Newburgh, NY  12551

- and -

BARRETT & ASSOCIATES, P.A.

By:   **/s/ Charles F. Barrett**
      Charles F. Barrett, Esq.
      BPR # 020627
      6518 Highway 100, Suite 210
      Nashville, TN  37205

*Attorneys for Plaintiff Ruth Smith*

# CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of April, 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

Aubrey B. Harwell, Jr., Esq.
W. David Bridgers, Esq.
Gerald D. Neenan, Esq.
Robert A. Peal, Esq.
Neal & Harwell, PLC
2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN  37219

Prince C. Chambliss, Jr., Esq.
Evans & Petree, PC
1000 Ridgeway Loop Road, Suite 200
Memphis, TN  38120

Mark S. Cheffo, Esq.
Catherine B. Stevens, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036

                                            **/s/ Kenneth B. Fromson**
                                              Kenneth B. Fromson