IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RUTH SMITH, Individually and as Widow )
for the Use and Benefit of Herself and the )
Next of Kin of RICHARD SMITH, Deceased, ) Case #: 3:05-00444
) Judge Trauger
Plaintiff, )
)
-against- )
)
PFIZER INC., PARKE-DAVIS, )
a division of Warner-Lambert Company )
and Warner-Lambert Company LLC, )
WARNER-LAMBERT COMPANY, )
WARNER-LAMBERT COMPANY LLC and )
JOHN DOE(S) 1-10, )
)
Defendants. )

DECLARATION OF KEITH L. ALTMAN, ESQ. IN SUPPORT
OF PLAINTIFF'S MOTION FOR PRIOR APPROVAL
TO EXCEED THE THREE-EXPERT WITNESS LIMITATION
UNDER LOCAL RULE 39.1(c)(6)(a), AND FOR EXPRESS PERMISSION
TO BRING LAPTOP COMPUTERS INTO THE COURTROOM FOR
USE DURING THE TRIAL OF THIS ACTION UNDER LOCAL RULE
83.02(a)(2) AND PRACTICE AND PROCEDURE MANUAL RULE V(M)

I, Keith L. Altman, declares under penalty of perjury as follows:

1. I am an associate with the law firm of Finkelstein & Partners, LLP, attorneys for the Plaintiff in this matter.

2. This declaration is submitted in support of Plaintiff's Motion for an order granting prior approval to exceed the three-expert witness limitation under Local Rule 39.01(c)(6)(a), and for express permission to bring laptop computers into the courtroom for use during the trial of this action.

3. I am the individual who is responsible for the preparation of the repository of documents and data associated with the Neurontin multidistrict litigation. Defendants have

produced more that three million pages of documents as well as databases comprising several gigabytes of information.

4. For greater efficiency, Plaintiff intends to present evidence during the trial using electronic means. In order to accomplish this, it is necessary for counsel to have computer equipment available in the courtroom. This has been the practice of both parties in the two previous Neurontin trials.

5. Plaintiff also intends to introduce testimony by video deposition for certain witnesses. This video is played through computer, necessitating counsel's use of computers in the courtroom.

6. Furthermore, full cross-examination of Defendants' witnesses requires that counsel have access to the document repository and full collection of the parties' exhibits, necessitating that computers be available to counsel in the courtroom.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 16, 2010

Keith L. Altman
Finkelstein & Partners, LLP
1279 Route 300, P.O. Box 1111
Newburgh, NY 12551
(800) 634-1212

*Attorneys for Plaintiff Ruth Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of April, 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

Aubrey B. Harwell, Jr., Esq.
W. David Bridgers, Esq.
Gerald D. Neenan, Esq.
Robert A. Peal, Esq.
Neal & Harwell, PLC
2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219

Prince C. Chambliss, Jr., Esq.
Evans & Petree, PC
1000 Ridgeway Loop Road, Suite 200
Memphis, TN 38120

Mark S. Cheffo, Esq.
Catherine B. Stevens, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

/s/ Kenneth B. Fromson
Kenneth B. Fromson