IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUTH SMITH, Individually and as Widow for the Use and Benefit of Herself and the Next Kin of Richard Smith, Deceased,<br><br>   Plaintiff,<br><br>v.<br><br>PFIZER, INC., *et al.*,<br><br>   Defendants. | Civil No. 3:05-0444<br>Judge Aleta A. Trauger<br>(Dist. Of MA No.<br>1:05-cv-11515PBS) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
VARIOUS EVIDENCE, REFERENCES, AND ARGUMENTS**

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") respectfully submit this memorandum of law in support of their accompanying motion *in limine*, pursuant to the Federal Rules of Evidence, to exclude at trial various evidence, references, and arguments.

**I. REFERENCES TO PLAINTIFF'S PLEADINGS**

Pfizer anticipates that Plaintiff may attempt to refer to her pleadings at trial. Initially, Plaintiff's pleadings contain no information tending to prove or disprove her claims. Rather, the pleadings consist of self-serving, conclusory, and argumentative statements made by Plaintiff or her attorneys. Accordingly, her pleadings are irrelevant and should be excluded. *See* Fed. R. Evid. 402. Moreover, even if her pleadings had some nominal relevance (and they do not), they should still be excluded because any nominal relevance is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Plaintiff's pleadings also constitute hearsay for which there is no exception, and, therefore, should be excluded under Rule 802. *See* Fed. R. Evid. 802.

In addition, the MDL court has already dismissed a number of Plaintiff's claims and causes of action, including "all fraud claims alleging affirmative misrepresentations or a suppression of information as part of a national marketing campaign." *In re Neurontin Mktg., Sales Practices & Prods. Liab. Litig.*, 618 F. Supp. 2d 96, 112 (D. Mass. 2009). Accordingly, her pleadings do not reflect the status of the claims and disputes that will be before the jury. Moreover, Plaintiff's pleadings will be superseded by the parties' joint pretrial memorandum, setting forth the issues of law and fact for trial, and any Pretrial Order, which "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).[1]

## II. EVIDENCE OF OR REFERENCES TO DEFENDANTS' CORPORATE STATUS, SIZE, PROFITS, FINANCIAL CONDITION, OR EMPLOYEE COMPENSATION

Plaintiff may attempt to introduce evidence of or make references to Defendants' corporate status, size, profits, financial condition, or employee compensation. This Court should exclude any such evidence or references because they would be irrelevant to any claim or defense at issue in this lawsuit. *See* Fed. R. Evid. 402. Moreover, any nominal relevance would be substantially outweighed by the likelihood that it would cause undue prejudice to Defendants, mislead and confuse the jury, and waste time. *See* Fed. R. Evid. 403. As the Supreme Court has recognized, "the presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 417 (2003); *see also City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 757 (6th Cir. 1980) ("'[T]he rich and poor stand alike in courts of justice and . . . neither the wealth of one nor the poverty of the other shall be permitted to affect the administration of law.'") (citation omitted); *Adams Labs., Inc. v. Jacobs Eng'g Co.*, 761 F.2d 1218, 1226 (7th Cir. 1985) ("'Courts have held that appealing to the sympathy of jurors through references to the relative wealth of the defendants in contrast to the relative poverty of the plaintiffs is improper and may be cause for reversal.'") (citation omitted).

---

[1] Defendants, however, are permitted to use Plaintiff's pleadings at trial for impeachment purposes. *See* Fed. R. Evid. 613.

For these reasons, courts have regularly granted motions to exclude references to a party's financial condition or corporate status. *See, e.g., Pearson v. Ill. Cent. R.R.*, No. 06-cv-0822-DRH, 2008 WL 905915, at *1 (S.D. Ill. Mar. 28, 2008) (excluding "any reference to Defendant's size, financial condition, wealth, solvency, corporate nature, foreign or out of state residency or ability to pay a verdict or satisfy a judgment in this case"); *Avondale Indus., Inc. v. Tyco Valves & Controls, Inc.*, No. 01-2923, 2003 WL 22723025, at *2 (E.D. La. Nov. 18, 2003) (excluding "evidence of financial status or wealth").

Permitting Plaintiff to introduce evidence of Defendants' financial condition would also violate Defendants' constitutional due process rights. Defendants' profits are derived not only from the sale of Neurontin in Tennessee, but also, and to a much greater extent, from sales of many other products and from completely unrelated activities throughout the United States and the world. But a jury "may not use evidence of out-of-state conduct to punish a defendant for action that was lawful in the jurisdiction where it occurred." *Campbell*, 538 U.S. at 422. Nor does Tennessee "have a legitimate concern in imposing punitive damages to punish a defendant for unlawful acts committed outside of the State's jurisdiction." *Id.* at 421. Furthermore, "[a] defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages." *Id.* at 422. Because Defendants' net worth is overwhelmingly derived from their dissimilar and out-of-state activities, the jury may not consider Defendants' net worth in this case. In *Campbell*, for example, the Supreme Court reversed a $145 million punitive damages award that was allowed by the Utah Supreme Court partly on the basis of "State Farm's 'massive wealth.'" *Id.* at 415 (citations omitted). Deeming the Utah court's reasoning "a departure from well-established constraints on punitive damages," *id.* at 427, the Supreme Court explained that "[t]he wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award." *Id.*; *see also Clark v. Chrysler Corp.*, 436 F.3d 594, 604 (6th Cir. 2006) ("Chrysler's wealth is an inappropriate basis for the $3 million punitive damage award . . . .").

3

## III. EVIDENCE OF OR REFERENCES TO "THE PHARMACEUTICAL INDUSTRY" OR "DRUG COMPANIES"

Plaintiff may attempt at trial to introduce evidence of or make references to alleged conduct of a generic "pharmaceutical industry" or "drug companies." Although Defendants may be pharmaceutical companies, they must be judged strictly on their own conduct relevant to the issues in this case, and not on the conduct of their competitors or an entire industry. Evidence of or references to the alleged conduct of other pharmaceutical companies should be excluded as irrelevant to any claim or defense in this lawsuit. *See* Fed. R. Evid. 402. Moreover, even if such evidence had some nominal relevance (and it does not), it should be excluded because of the likelihood of unfair prejudice, jury confusion, and wasting of time. *See* Fed. R. Evid. 403. In addition, evidence concerning the "pharmaceutical industry" is likely to be inadmissible hearsay. *See* Fed. R. Evid. 802.

In *Gorski v. Myriad Genetics*, No. 06-11631, 2007 WL 1976230 (E.D. Mich. July 3, 2007), for example, the court granted a motion to exclude generalized evidence of unlawful employment discrimination in the pharmaceutical industry, finding that "evidence of purported industry wide age and gender discrimination is irrelevant." *Id.* at *1. "What is relevant," the court explained, "is whether *Defendant* engaged in age and/or gender discrimination when it terminated Plaintiff's employment." *Id.* The same reasoning applies here.

## IV. COMMENTS ABOUT THE PARTIES' RESPECTIVE COUNSEL

Plaintiff may attempt at trial to refer to the to the size, location, other clients, or nature of the legal practice of Defendants' or Plaintiff's law firms. Plaintiff may also engage in speculation regarding Defendants' preparation for this trial or the cost and resources that Defendants expended in the defense of this litigation. Such matters are clearly irrelevant to any issue in this lawsuit and would be offered solely as an allusion to Defendants' wealth in an attempt to invoke sympathy for Plaintiff. This Court should preclude any such references because they would be irrelevant to any claim or defense at issue in this lawsuit. *See* Fed. R. Evid. 402. Moreover, even if such references had some nominal relevance (and they do not),

they should be excluded because any relevance would be substantially outweighed by the danger of unfair prejudice to Defendants. *See* Fed. R. Evid. 403; *see also Polson v. Cottrell, Inc.*, No. 04-CV-882-DRH, 2007 WL 2409838, at *1 (S.D. Ill. Aug. 23, 2007) (excluding references to size, locations, or specialization of defense counsel's law firm as they "are irrelevant to the issues at bar"). The Supreme Court has long recognized that "appeals to class prejudice are highly improper and cannot be condoned." *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 239 (1940). "[T]rial courts should ever be alert to prevent them." *Id.*

## V.   EVIDENCE OF OR REFERENCES TO DEFENDANTS' INSURANCE

Plaintiff may attempt at trial to introduce evidence of or make references to Defendants' insurance. This Court should deny any such attempt. Rule 411 states in relevant part that "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. As the advisory committee notes explain:

> At best, the inference of fault from the fact of insurance coverage is a tenuous one, as is its converse. More important, no doubt, has been the feeling that knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds.

Fed. R. Evid. 411 advisory committee's notes.

Moreover, the existence of insurance coverage is irrelevant to any claim or defense at issue in this lawsuit, and any minimal relevance would be substantially outweighed by the dangers of unfair prejudice, jury confusion, and wasting of time. *See* Fed. R. Evid. 402, 403.

## VI.   REFERENCES TO THE PRESENCE OR ABSENCE OF CORPORATE REPRESENTATIVES

Plaintiff may attempt at trial to make references to the presence or absence of Defendants' corporate representatives. Here too, this Court should exclude any such evidence or references because they would be completely irrelevant to any claim or defense and pose a substantial risk of undue prejudice to Defendants. *See* Fed. R. Evid. 402, 403.

## VII. EVIDENCE OF OR REFERENCES TO HOW PLAINTIFF WILL USE ANY JURY AWARD

Plaintiff may attempt at trial to introduce evidence of or make references to how Decedent's beneficiaries will use any jury award if Plaintiff prevails. This Court should exclude any such evidence or references because they would be irrelevant to any claim or defense at issue in this lawsuit. *See* Fed. R. Evid. 402. Moreover, even if such evidence or references had some nominal relevance (and they do not), they should be excluded because any relevance would be substantially outweighed by the danger of unfair prejudice to Defendants and confusion of the issues. *See* Fed. R. Evid. 403.

## VIII. ARGUMENTS AND REFERENCES ABOUT THE EFFECT OF THE JURY'S ANSWERS

Plaintiff may attempt at trial to instruct the jury as to the effect of its answers to the questions posed in the jury verdict form. For example, Plaintiff may represent to the jury that if the questions are not answered in a certain way, then Plaintiff would be unable to recover in this lawsuit. Any such attempt should be precluded. The jury should complete the verdict form based on its resolution of the disputed facts at issue, not based on the legal effect of its responses.

This Court should also preclude any such argument because it would be irrelevant to any claim or defense at issue, and even if it did have any nominal relevance, it would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. *See* Fed. R. Evid. 402, 403.

## IX. "GOLDEN RULE" ARGUMENTS

Plaintiff may attempt to argue at trial that the jury should place itself in Plaintiff's shoes or otherwise sympathize with Plaintiff when deliberating. Any such "golden rule" arguments are highly improper and should be precluded. As the Sixth Circuit has explained:

> The suggestion that the jurors place themselves in [plaintiff's] shoes is a "Golden Rule" argument. Those circuits that have considered use of "Golden Rule" arguments have "universally condemned" them as improper because they invite decision based on bias and prejudice rather than consideration of facts.

6

*Johnson v. Howard*, 24 F. App'x 480, 487 (6th Cir. 2001) (citations omitted). Accordingly, Plaintiff should be precluded from making such arguments at trial.

## X. EVIDENCE OF OR REFERENCES TO DISCOVERY DISPUTES OR ACTIVITIES

Plaintiff may attempt at trial to introduce evidence of or make references to discovery disputes between the parties or other discovery activities by the parties. Under the Federal Rules of Civil Procedure, discovery disputes are to be addressed by the Court, not the jury. *See* Fed. R. Civ. P. 37. Evidence of or references to discovery disputes or activities are irrelevant to any claim or defense at issue in this lawsuit. *See* Fed. R. Evid. 402. Even if such evidence or references had some nominal relevance (and they do not), it would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by undue delay. *See* Fed. R. Evid. 403; *Mommsen v. Toyota Motor Corp.*, No. 07-cv-455-bbc, 2008 WL 5427734, at *3 (W.D. Wis. Oct. 27, 2008) (granting motion to exclude evidence of discovery disputes).

## XI. POST-MORTEM PHOTOGRAPHS SHOULD BE EXCLUDED AS IRRELEVANT AND UNFAIRLY PREJUDICIAL

Post-mortem photographs of Mr. Smith should be excluded at trial because they are irrelevant under Rules 401 and 402, and any minimal probative value would be substantially outweighed by the danger of unfair and undue prejudice to Pfizer under Rule 403. Plaintiff can point to no disputed factual issue that these photographs would tend to prove or disprove. Pictures of Mr. Smith after his death do not have any bearing on any fact in dispute or any element of Plaintiff's claims. At best, they could be relevant only to show that Mr. Smith is deceased, and the manner in which he committed suicide. Pfizer does not dispute these facts and evidence of their existence can be established by less prejudicial means, such as witness testimony and other documentary evidence, rather than photographs that could improperly manipulate the jury's emotions and judgment. Introducing graphic and potentially inflammatory evidence is wholly unnecessary and would serve no other purpose than to "arouse an emotional reaction among the jurors." *United States v. Calhoun*, 544 F.2d 291, 296 (6th Cir. 1976).

Courts have excluded such photographic evidence where, as here, its introduction obviously would serve no other purpose than to bolster an emotional appeal to the jury. *See, e.g., Gomez v. Ahitow*, 29 F.3d 1128, 1139-40 (7th Cir. 1994) (photographs of gunshot victim's body were improperly admitted where the only purpose furthered by admitting them was "'to inflame the jury against [the defendant]'" (alteration in original) (citation omitted)); *Copertino v. State*, 726 So. 2d 330, 334 (Fla. Dist. Ct. App. 1999) (holding that when photographs do nothing more than "highlight the horror of . . . deaths," the photographs should be excluded from evidence).

Indeed, even in cases where photographs of the deceased were found to have some relevance, federal courts still routinely exclude post-mortem photographs under Rule 403 because the risk of unfair prejudice exceeds any probative value. *See, e.g., Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1004-05 (5th Cir. 1998) (in wrongful death action, affirming exclusion of photographs depicting decedent's remains after a crash because their introduction "created some risk that the jury's decision would be based on a visceral response to the images presented"); *Fernandez v. Leonard*, 963 F.2d 459, 464-65 (1st Cir. 1992) (affirming trial court's decision to exclude autopsy photographs of the decedent's naked back and torso); *Ryan v. United Parcel Serv., Inc.*, 205 F.2d 362, 364-65 (2d Cir. 1953) (holding district court's decision to admit, in a wrongful death case involving an automobile collision, photograph of deceased's body hanging from the doorway of the car, was reversible error, because photo was unduly inflammatory); *Bridges v. Enter. Prods. Co.*, No. 3:05cv786-WHB-LRA, 2007 WL 571074, at *1-2 (S.D. Miss. Feb. 20, 2007) (excluding autopsy photographs, *inter alia*, because "the Court [found] that any probative value of the autopsy photographs [was] substantially outweighed by the danger of unfair prejudice and invoking bias on the part of the jury"); *accord Walker v. Werner Enter., Inc.*, No. 8:07-cv-631-T-24EAJ, 2008 WL 2816248, at *7 (M.D. Fla. May 14, 2008); *Gonzalez v. City of Garden Grove*, No. CV 05-1506, 2006 WL 5112757, at *7-8 (C.D. Cal. Dec. 4, 2006); *see also Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1085 (5th Cir. 1986) (noting that photographs of bleeding victim are "classic examples" of evidence properly excluded under Rule 403). Thus, pursuant to well-established precedent, post-mortem

8

photographs of Mr. Smith should be excluded because the danger of unfair prejudice substantially outweighs any limited probative value.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court exclude the evidence, references, and arguments outlined above.

Dated: April 16, 2010

                              Respectfully submitted,

                              SKADDEN, ARPS, SLATE,
                                MEAGHER & FLOM LLP

                              By:    /s/ Mark S. Cheffo
                                      Mark S. Cheffo

                              Four Times Square
                              New York, NY 10036
                              Tel: (212) 735-3000

                              -and-

                              NEAL & HARWELL, PLC

                              By:    /s/ Gerald D. Neenan
                                    Aubrey B. Harwell, Jr., No. 002559
                                    W. David Bridgers, No. 016603
                                    Gerald D. Neenan, No. 006710

                              2000 One Nashville Place
                              150 Fourth Avenue, North
                              Nashville, TN 37219
                              (615) 244-1713
                              (615) 726-0573 (fax)

                              *Attorneys for Defendants Pfizer Inc and*
                              *Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of April 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

Andrew G. Finkelstein, Esq.
Kenneth B. Fromson, Esq.
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburg, NY 12550

Charles F. Barrett, Esq.
Barrett & Associates, P.A.
6718 Highway 100, Suite 210
Nashville, TN 37205

Dara G. Hegar, Esq.
Ken S. Soh, Esq.
Maura Kolb, Esq.
Robert Leone, Esq.
W. Mark Lanier, Esq.
Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069

/s/ Gerald D. Neenan