IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUTH SMITH, Individually and as Widow for the Use and Benefit of Herself and the Next Kin of Richard Smith, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>PFIZER, INC., *et al.*,<br><br>Defendants. | Civil No. 3:05-0444<br>Judge Aleta A. Trauger<br>(Dist. Of MA No.<br>1:05-cv-11515PBS) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ANY LOSS OF CONSORTIUM DAMAGES SUFFERED BY DECEDENT'S CHILDREN

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively "Defendants" or "Pfizer") respectfully submit this memorandum of law in support of their motion *in limine* to exclude any evidence, references, testimony or argument that Plaintiff's Decedent's adult children have suffered any compensable harms as a result of their father's death. This motion is particularly directed toward any evidence or argument explicitly or impliedly suggesting that the impact of Decedent's suicide on the adult children has any bearing on the amount of "consortium" damages, if any, that the jury might be asked to award to Plaintiff Ruth Smith as a result of her husband's suicide.

Such evidence and argument would be improper and highly prejudicial to Defendants, because under Tennessee's wrongful death statutes, Mrs. Smith is entitled to recover only those damages, including consortium damages, she suffered as a result of her husband's death. While Defendants acknowledge at the outset that there are Tennessee decisions that endorse the view that the children's losses can be taken into consideration, the discussion below demonstrates that no Tennessee court has ever had the issue directly presented to it, so no Tennessee court has had

the benefit of careful analysis of the wrongful death statutes. A careful analysis compels the conclusion that it is Mrs. Smith's losses alone that are compensable.

This motion goes right to the heart of Defendants' right to a fair trial. While Defendants vigorously dispute Mrs. Smith's claim that Neurontin played a role in her late husband's decision to take his own life, there in no disputing the fact that his act was tragic and his surviving children have undoubtedly been impacted by the loss. The jury, like everyone in the courtroom, will be predisposed to be sympathetic to Mrs. Smith and her surviving children. There also is no disputing the fact that Defendants are entitled to a verdict based solely on relevant evidence. Defendants' right to a fair trial will be directly impacted if Plaintiff is allowed to put on evidence and make argument to the jury that the children's losses must be taken into account.

## ARGUMENT

Tennessee law does not allow the loss of consortium damages incurred by the children of a decedent to be considered when a wrongful death action is brought by a surviving spouse. The provisions of Tennessee's wrongful death statutes relevant to Mrs. Smith's right to bring an action for the wrongful death of her husband are limited to T.C.A. § 20-5-106 (passing the right of action to Mrs. Smith as her deceased husband's surviving spouse), T.C.A. § 20-5-107 (providing that Mrs. Smith can bring that action in her own name), and T.C.A. § 20-5-113 (providing that Mrs. Smith is entitled to any damages which her husband suffered and would be permitted to recover, had he survived, as well as the damages Mrs. Smith has suffered as a result of her husband's death).

The clear import of those three sections, when read together, is that the right to bring this action passed to Plaintiff alone upon her husband's death. *See Ki v. State*, 78 S.W.3d 876, 879 (Tenn. 2002) ("The plain language of T.C.A. § 20-5-106(a) establishes that in a wrongful death suit only one right of action exists: the action that the decedent would have had, absent death, against the negligent wrongdoer."). By virtue of that, Mrs. Smith was entitled to bring the action in her own name to recover the damages to which her husband would be entitled had he

survived, as well as the damages she has suffered as a result of her husband's death. The purported damages the children suffered are irrelevant to the recovery the surviving spouse may receive in Tennessee because the children are not parties to the action.

Plaintiff will likely argue that *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593 (Tenn. 1999), mandates a different result. She will likely cite to *Jordan*'s progeny for the proposition that the loss of consortium claims for adult children should in fact be included in her action. *See, e.g.*, *Hunter v. Ura*, 163 S.W.3d 686 (Tenn. 2005) (relying on *Jordan* to overturn the remitter of a verdict that included the children's loss of consortium damages, but not discussing the propriety of children having loss of consortium damages in a wrongful death action brought by a surviving spouse). Plaintiff's reliance on *Jordan* is misplaced for two reasons: (1) the specific issue of whether or not the Tennessee wrongful death statutes allow loss of consortium for children in an action brought by a surviving spouse has never been specifically decided by the Supreme Court; and (2) cases suggesting children in an action brought by a surviving spouse are entitled to loss of consortium damages incorrectly rely upon the text of T.C.A. § 20-5-110(a), which, as discussed in detail below, is a vestigial section of the Tennessee Code that cannot stand for that proposition.

I.   *JORDAN* AND ITS PROGENY

The Tennessee Supreme Court has never been squarely presented with the issue presented in this motion. In *Jordan*, the Tennessee Supreme Court relied upon the text of T.C.A. §§ 20-5-106, 107, and 113 to hold that loss of consortium damages may be considered when calculating the pecuniary value of a decedent's life, thereby overruling ninety-seven years of precedent. 984 S.W.2d at 600. The action was brought by the "surviving child of the decedent and the administratrix of the decedent's estate." *Jordan*, 984 S.W.2d at 596. The Court held that the cause of action passes to the survivor, and that part of the damages calculation includes loss of consortium damages as a portion of the pecuniary value of the decedent's life. *Id.* at 600.

Because the survivor in *Jordan* was the decedent's child, the Court necessarily had to address whether parental consortium damages may be considered. *Id.* at 601. The Court determined they may. *Id.* at 60. This is logical, because the right of action passes as designated in the statutory scheme:

> The party who has the prior and superior right above all others to bring a wrongful death action is the surviving spouse. If there is no surviving spouse, the children of the deceased have priority to bring the action as the next of kin. If no children of the deceased are surviving then priority passes to the next of kin. If none of these statutorily prescribed beneficiaries exist, then the cause of action cannot be brought because the existence of one of these beneficiaries is a prerequisite to bringing an action for wrongful death.

*Foster v. Jeffers*, 813 S.W.2d 449, 451 (Tenn. Ct. App. 1991) (internal citations omitted). It is logical that loss of consortium damages flow in the same manner. *See, e.g.*, *Hancock v. Chattanooga-Hamilton County Hosp. Auth.*, 54 S.W.3d 234, 236 (Tenn. 2001) ("Based upon both our interpretation of the Tennessee wrongful death statutes in Jordan and the trend of modern authority, we hold that filial consortium damages may be recovered in a wrongful death action [brought by the surviving parents as next of kin]."). The damages allowed to the children of a decedent only flow with the statutory succession of the right of action. *C.f. Taylor v. Beard*, 104 S.W.3d 507, 511 (Tenn. 2003) ("[W]e decline to create a common law cause of action for loss of parental consortium in personal injury cases."). The *Jordan* court, however, included in its decision a discussion of the text of T.C.A. § 20-5-110(a). 984 S.W.2d 593, 601.

Unfortunately, some subsequent courts appear to have relied upon this discussion as a basis to allow the award of loss of consortium damages to *both* the person to whom the right of action passed *and* to other next of kin. *See, e.g.*, *Hunter*, 163 S.W.3d at 686. This is a misapplication of the law, as demonstrated by the text and history of the statutes.

4

## II. THE STATUTORY SCHEME

T.C.A. § 20-5-110(a) does not support the proposition that children are entitled to loss of consortium damages in a wrongful death action brought by a surviving spouse. At first blush, T.C.A. § 20-5-110(a) may appear to confer upon the surviving child some right to the proceeds of a wrongful death action, for that section provides that a suit for the wrongful death of a spouse "may be brought in the name of the surviving spouse for the benefit of the surviving spouse and the children of the deceased." Upon closer review, however, it becomes clear that Section 110(a) is a vestigial section of the Code, for it was the procedural counterpart to former T.C.A. § 20-5-109 (repealed in 1985), which granted the surviving children a substantive right to the proceeds of a wrongful death action by specifying how the surviving husband and children were to share the proceeds. Former Section 109 granted surviving children a right to share in the recovery, but it has been repealed and no current section of the Code grants children any such right.

The history of Tennessee's wrongful death statutes illustrates that T.C.A. §§ 20-5-109 and 20-5-110 were enacted together in 1897 and were meant to be read in tandem. In repealing § 20-5-109, the General Assembly evidenced an intent to strip surviving children of the substantive right to share in the proceeds that T.C.A. § 20-5-109 had previously granted to those children. Since the General Assembly chose not to replace T.C.A. § 20-5-109 with another statute setting forth the children's substantive right to share in the proceeds, the General Assembly clearly intended to strip surviving children of their right to share in wrongful death proceeds in those cases in which there is a surviving spouse who succeeds to the decedent's claim. As T.C.A. § 20-5-110(a) is now a procedural statute without a substantive counterpart, it is best understood as a vestigial statute that does nothing more than recognize that surviving children ordinarily will benefit incidentally when a surviving spouse realizes a recovery.

The relevant historical timeline is as follows:

**1858:** The predecessors of T.C.A. §§ 20-5-106 and 20-5-107 were codified at Sections 2291 & 2292, respectively, of the Code of 1858, and applied only to surviving wives. As first enacted, Section 2291 provided that the action passed to the personal representative for the benefit <u>of the widow and the next of kin</u>. (Ex A, pertinent sections of the Code of 1858.)[1]

**1871:** Section 2291 (now T.C.A. § 22-5-106) was amended in 1871 to provide that the right of action first passed only to the widow and not "the widow and the next of kin."[2] (Ex. B, Acts 1871, Ch. 78.)

**1883:** Acts 1883, Ch. 186, § 1 (current T.C.A. § 20-5-113) was enacted to specify the damages available in an action under section 2291. Accordingly, it applied only to actions brought by widows for the death of a husband. (Ex. C, Acts 1883, Ch. 186.)

**1897:** Act 1897, Ch. 86 §§ 1 and 2 (former T.C.A. § 20-5-109 and current T.C.A. § 20-5-110) were enacted, granting surviving husbands, for the first time, the right to sue for the wrongful death of a wife. Section 2 of the Act (current T.C.A. § 20-5-110) provided that a suit for the wrongful killing of a wife could be brought in the name of the husband for the benefit of himself and the children of the wife. That section (current T.C.A. § 20-5-110) had to be read in tandem with Section 1 of the Act (now-repealed T.C.A. § 2-5-109), which provided that the damages for the wrongful killing of a married woman went to the surviving husband and children equally, with the husband taking a child's share. (Ex. D, Acts 1897, Ch. 86.)

**1975:** T.C.A. §§ 2-5-106, 2-5-107 & 2-5-110 were amended to make each of them gender neutral, thereby making them apply equally to surviving wives and husbands. (Ex. E, Acts 1975, Ch. 284.)

---

[1] All exhibits are attached to the accompanying declaration of Mark S. Cheffo.

[2] The import of that amendment is that beginning in 1871, the General Assembly intended for the surviving widow alone to enjoy the proceeds of a wrongful death action.

**1985:** Former T.C.A. § 2-5-109 was repealed, eliminating the substantive law granting surviving children a right to share in the proceeds with the surviving spouse. (Ex. F, Acts 1985, Ch. 140.)

Because the then-existing provisions later codified as T.C.A. §§ 2-5-109 and 2-5-110 were enacted together and were intended to be read in tandem, the repeal of T.C.A. § 2-5-109 left T.C.A. § 2-5-110 as a procedural statute without its substantive counterpart, a vestigial remnant that was read out of context by the *Jordan* court. The history, therefore, makes clear that children have no right to share in the proceeds of a wrongful death action when there is a surviving spouse. To the extent cases misinterpret *Jordan* and hold otherwise, they were wrongly decided.[3] The above history also helps illustrate why the Supreme Court's decision in *Kline v. Eyrich*, 69 S.W.3d 197 (Tenn. 2002), does not establish that children are entitled to loss of consortium claims in a wrongful death action brought by a surviving spouse.

In *Kline*, the Supreme Court held that counsel for a surviving spouse was entitled to one third of the entire recovery in a wrongful death action in which the defendant had settled with both the surviving spouse and the surviving children. *Id.* at 201. Because the spouse and the children had reached a settlement, the Court was not called upon to answer the question of whether, and if so, to what extent, the children had a legal right to share in the recovery. *Id.* Instead, the issue before the Court was whether the surviving spouse's attorney was entitled to one-third of the amount the defendant had agreed to pay to the surviving children, a question the Court answered in the affirmative. *Id.*

---

[3] "Were we to rule upon precedent alone, were stability the only reason for our being, we would have no trouble with this case . . . . In so doing we would have vast support from the dusty books. But dust [from] the decision would remain in our mouths through the years ahead, a reproach to law and conscience alike. Our oath is to do justice, not to perpetuate error." *Jordan*, 984 S.W.2d at 599 (quoting *Montgomery v. Stephan*, N.W.2d 227, 229 (Mich. 1960)).

In a footnote in the *Kline* decision, the Supreme Court noted that the proceeds of wrongful death actions are distributed according to the laws of intestate succession. *See id.* at 202, n.3. In support of that proposition, the Court cited to a 1991 decision from the Tennessee Court of Appeals that, in turn, cited to the Supreme Court's 1963 decision in *Anderson v. Anderson*, 366 S.W.2d 755 (Tenn. 1963). There are two problems with that reliance in *Anderson*. First, while *Anderson* explained that the recovery in a wrongful death action goes to the next of kin "free from the claims of creditors, distributed as in the case of the distribution of personal property," it was quoting from former T.C.A. § 20-609. While former Section 20-609 is now codified at T.C.A. § 20-5-108, the General Assembly amended the statute in 1975 (twelve years after *Anderson* was decided) by deleting the language "to be distributed as in the case of the distribution of personal property." *See* Ex. E, Acts 1975, Ch. 284, § 3. In doing so, the General Assembly made clear that the proceeds of such actions were <u>not</u> to be distributed in accordance with the laws of intestate succession. Because the General Assembly did not replace the deleted language in T.C.A. § 20-5-108 with any other substantive provision regarding the distribution of the proceeds from a wrongful death lawsuit, there is no current provision in the code that grants surviving children a right to a share of the proceeds.[4] Second, notwithstanding the *Anderson* Court's citation to former T.C.A. § 20-609 (codified in amended form at T.C.A. § 20-5-108), it appears that the General Assembly never intended for that section of the statute to govern the distribution of proceeds of a wrongful death action. Instead, that section, which was first enacted as Section 2293 of the 1858 Code, was intended to govern the disposition of any lawsuit (be it a contract, tort, or otherwise) that a man had commenced before his death. *See* Ex. A, Code 1858, § 2293. It was Section 2291 of the 1858 Code (now codified in modified form at T.C.A. § 20-5-106) that governed wrongful death actions. Accordingly, even if former T.C.A. §

---

[4] Moreover, in 1963, when *Anderson* was decided, former T.C.A § 20-609 applied only in the case of the death of a man.

20-609 was still codified in its prior form, it would not support an argument that the proceeds of a wrongful death action are distributed in accordance with the law of intestate succession.

Tennessee Courts have misinterpreted *Jordan*, *Kline*, and T.C.A. § 2-5-110 to errantly allow children to recover loss of consortium damages in a wrongful death action brought by a surviving spouse. *See, e.g., Hunter*, 163 S.W.3d at 686. Federal Courts have subsequently felt constrained by these incorrect holdings. *See, e.g., Coggins v. KILLM, Inc.*, 146 Fed. Appx. 9 (6th Cir. 2005) (not recommended for full text publication); *Matheny v. Tenn. Valley Authority*, 523 F.Supp.2d 697, 728 n.10 (M.D. Tenn. 2007) (citing *Hunter* for the proposition that, "[a]lthough [the decedent's] adult children were not named as plaintiffs, the Tennessee courts have consistently allowed for such damages when a wife has brought a wrongful death action on behalf of herself and the estate of her spouse.").

The logical implications of these erroneous rulings by the Tennessee courts demonstrate additional reasons why the position that children may bring consortium claims in a wrongful death action brought by a surviving spouse must be remedied. For example, if surviving children are passive beneficiaries entitled to their intestate share of the total recovery, but a jury calculates that a child's parental consortium loss is some greater or lesser amount than that child's intestate share, what is that child's appropriate recovery? *See Kline*, 69 S.W.3d at 197. If a spouse settles with the tortfeasor, are the children's loss of consortium claims released by the settlement? Additionally, Tennessee courts already appear confused about where to draw the line when defining next of kin entitled to consortium damages. *See, e.g., Rains v. Bend of the River*, 124 S.W.3d 580, 597 (Tenn. Ct. App. 2003) (considering without decision whether siblings would be entitled to loss of consortium claims in a wrongful death case brought by the decedent's surviving parents).

9

III. **EVIDENCE RELATING TO THE DECEDENT'S CHILDREN'S LOSS IS NOT RELEVANT BECAUSE LOSS OF CONSORTIUM DAMAGES ARE NOT ALLOWED TO IN WRONGFUL DEATH ACTIONS BROUGHT BY A SURVIVING SPOUSE**

Under Rule 402, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is relevant only if it "make[s] the existence of a fact of consequence to the determination of an action more or less probable than it would be without the evidence." Fed. R. Evid. 401. Further, "relevant evidence may be excluded if its probative value is substantially outweighed by the risk of (a) undue prejudice, confusion of issues, or misleading the jury or (b) undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "'Unfair prejudice' within this context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, advisory committee's note (1972).

Because the children's loss of consortium damages are irrelevant in an action brought by a surviving spouse, the evidence used to establish those damages is as well. Such testimony would be a waste of time because the children are not entitled to loss of consortium. Furthermore, emotional testimony establishing the relationship between the Decedent and his next of kin will inflame the jury, risk confusing the issues, and create a genuine risk of multiple recoveries for the same damages. As this evidence would have no probative value, the risk of unfair prejudice to Defendants precludes its admission.

## CONCLUSION

Through the repeal of former T.C.A. § 20-5-109 and the amendment to T.C.A. § 20-5-108, the General Assembly has stripped surviving children of their prior substantive right to share with a surviving spouse the proceeds of a wrongful death action. Furthermore, the loss of consortium damages relevant to the pecuniary value of a decedent's life are only those suffered by the person to whom the cause of action passes. Accordingly, Mr. Smith's children have no claim for loss of consortium, and any evidence, references, testimony or argument relating to

purported loss of consortium damages for the children of Plaintiff's Decedent is irrelevant. Furthermore, any probative value of such evidence is substantially outweighed by the risk of unfair prejudice to Defendants, so it must be excluded.

Dated: April 16, 2010

          Respectfully submitted,

          SKADDEN, ARPS, SLATE,
            MEAGHER & FLOM LLP

          By:   /s/ Mark S. Cheffo
                 Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

          -and-

NEAL & HARWELL, PLC

          By:   /s/ Gerald D. Neenan
                 Aubrey B. Harwell, Jr., No. 002559
                 W. David Bridgers, No. 016603
                 Gerald D. Neenan, No. 006710

2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219
(615) 244-1713
(615) 726-0573 (fax)

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of April 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

Andrew G. Finkelstein, Esq.
Kenneth B. Fromson, Esq.
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburg, NY 12550

Charles F. Barrett, Esq.
Barrett & Associates, P.A.
6718 Highway 100, Suite 210
Nashville, TN 37205

Dara G. Hegar, Esq.
Ken S. Soh, Esq.
Maura Kolb, Esq.
Robert Leone, Esq.
W. Mark Lanier, Esq.
Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069

/s/ Gerald D. Neenan