IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUTH SMITH, Individually and as Widow for the Use and Benefit of Herself and the Next Kin of Richard Smith, Deceased,<br><br>        Plaintiff,<br><br>v.<br><br>PFIZER, INC., *et al.*,<br><br>        Defendants. | Civil No. 3:05-0444<br>Judge Aleta A. Trauger<br>(Dist. Of MA No.<br>1:05-cv-11515PBS) |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE ALL EVIDENCE OF OR REFERENCES TO CONDUCT UNRELATED TO NEURONTIN**

Pursuant to Federal Rules of Evidence 401, 402, 403, 404, and 408, Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") respectfully move this Court for an order *in limine* to exclude at trial any and all evidence of or reference by Plaintiff or her counsel before the jury to conduct unrelated to Neurontin, including (i) an August 31, 2009, settlement among Pfizer, the United States Department of Justice, and certain other government agencies (collectively, the "Government"), pursuant to which Pfizer and the Government agreed to settle certain *qui tam* actions against Pfizer involving drugs other than Neurontin (the "August 2009 Settlement") and (ii) a plea agreement between the Government and Pharmacia & Upjohn Company, Inc. (a company that is not a party to this litigation) involving the drug Bextra (the "Pharmacia Plea"), as well as any related government finding or investigation in connection with the August 2009 Settlement or Pharmacia Plea.

First, introduction of the August 2009 Settlement is precluded by Rule 408. Second, evidence of the August 2009 Settlement and Pharmacia Plea is irrelevant to the claims in this case and would cause unfair prejudice, confusion and delay that would substantially outweigh their non-existent probative value. Third, the introduction of the August 2009 Settlement and Pharmacia Plea would result in a denial of Pfizer's due process rights. Fourth, the only plausible

reason that Plaintiff might seek admission of the August 2009 Settlement and Pharmacia Plea would be as improper character evidence barred by Rule 404(b). Finally, this evidence is not admissible as impeachment evidence. Accordingly, the Court should exclude all such evidence from the trial of this matter.

WHEREFORE, Defendants respectfully request that this Court exclude from trial the specific items of evidence set forth in the accompanying memorandum of law.

Dated: April 16, 2010

        Respectfully submitted,

        SKADDEN, ARPS, SLATE,
         MEAGHER & FLOM LLP

By:   /s/ Mark S. Cheffo
       Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

       -and-

NEAL & HARWELL, PLC

By:   /s/ Gerald D. Neenan
       Aubrey B. Harwell, Jr., No. 002559
       W. David Bridgers, No. 016603
       Gerald D. Neenan, No. 006710

2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219
(615) 244-1713
(615) 726-0573 (fax)

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of April 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

Andrew G. Finkelstein, Esq.
Kenneth B. Fromson, Esq.
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburg, NY 12550

Dara G. Hegar, Esq.
Ken S. Soh, Esq.
Maura Kolb, Esq.
Robert Leone, Esq.
W. Mark Lanier, Esq.
Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069

Charles F. Barrett, Esq.
Barrett & Associates, P.A.
6718 Highway 100, Suite 210
Nashville, TN 37205

/s/ Gerald D. Neenan