IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUTH SMITH, Individually and as Widow for the Use and Benefit of Herself and the Next Kin of Richard Smith, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>PFIZER, INC., et al.,<br><br>Defendants. | Civil No. 3:05-0444<br>Judge Aleta A. Trauger<br>(Dist. Of MA No.<br>1:05-cv-11515PBS) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNTIMELY EXPERT DISCLOSURES

Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") respectfully submit this Memorandum of Law in support of their Motion to Strike Plaintiff's Untimely Expert Disclosures.

## PRELIMINARY STATEMENT

As the Court knows, both fact and expert discovery in this action closed long ago, in 2008, and trial is set to begin in less than a month, on May 11, 2010. The parties engaged in extensive expert discovery and *Daubert* motion practice and have already exchanged their designations of evidence and exhibits for trial. On April 14, 2010, however, after the parties exchanged those trial designations, Plaintiff served Supplemental Expert Disclosures that purport to add new reliance materials for her medical causation experts. (*See* Ex. A, Plaintiff's Supplemental Expert Disclosures in *Smith*, and Ex. B, in *All Product Liability Cases*.)[1] Specifically, Plaintiff seeks to add to her expert materials an article published on April 14, 2010, in the *Journal of the American Medical Association* ("*JAMA*"), and a March 2010 article from *Pharmacoepidemiology and Drug Safety*. Plaintiff's late disclosures should be stricken, pursuant

---

[1] All exhibits are attached to the accompanying declaration of Mark S. Cheffo.

to Rule 37(c)(1), both because they were served after the deadline for designating evidence for trial, and are thus untimely under Rule 26(e), and because they do not constitute proper expert supplementation under the Rules.

Plaintiff's newly disclosed articles involve scientific studies and analyses conducted and authored by individuals who are not experts in or otherwise involved in this litigation. The nine-page *JAMA* article, entitled, "Anticonvulsant Medications and the Risk of Suicide, Attempted Suicide, or Violent Death," discusses an "exploratory analysis," based on a cohort study, of the risk of suicidal acts in patients using anticonvulsant medicines, including gabapentin, the medicine at issue here. E. Patorno et al, "Anticonvulsant Medications and the Risk of Suicide, Attempted Suicide, or Violent Death," *JAMA* (April 14, 2010) (attached to Ex. B, Plaintiff's Supplemental Disclosure). The authors review the study's methodology, limitations, and results, and conclude:

> This exploratory analysis contributes to the understanding of the complex and little-understood relationship between anticonvulsant medication use and suicide risk. It suggests that the use of gabapentin, lamotrigine, oxcarbazepine, and tiagabine, compared with the use of topiramate or carbamazepine, may be associated with an increased risk of suicidal acts and combined suicidal acts or violent deaths.

*Id.* at 1408. In her supplemental disclosures, Plaintiff asserts that the article "pertains to materials reviewed, considered and/or relied upon" by Plaintiff's general causation experts, Stefan Kruszewski, M.D., Michael Trimble, M.D., and Cheryl Blume, Ph.D., and specific causation expert, Ron Maris, Ph.D., and that the article "is consistent and supportive of [the experts'] previously disclosed opinions in this litigation." (Exs. A & B, Plaintiff's Supplemental Disclosures.) Plaintiff makes the same assertions with respect to Dr. Maris and the *Pharmacoepidemiology* article, which concerns a Danish study investigating suicide risks associated with various antiepileptic medicines and concludes that certain medicines, *but not gabapentin*, were associated with an increased risk of suicide. (*See* Ex. C, J. B. Olsen et al., "Antiepileptic drugs and risk of suicide: a nationwide study," *Pharmacoepidemiology and Drug Safety* (2010).)

In addition to being tardily disclosed on the eve of trial, Plaintiff's new expert materials do not constitute the type of corrective expert supplementation that the Rules allow. In her disclosures, Plaintiff claims that the journal articles she seeks to add to her expert and trial evidence are "consistent [with] and supportive of" her expert's opinions. Even if this simplistic characterization of the analyses and conclusions presented in the articles were accurate, and it is not, Courts have repeatedly excluded such "bolstering" materials that are disclosed after the relevant deadlines under the guise of Rule 26(e) expert supplementation. Indeed, permitting Plaintiff to introduce these new articles through her experts at trial would put Pfizer at exactly the kind of disadvantage the Rules, and the Court's deadlines for expert and evidentiary disclosures, are intended to avoid. If the Court is not inclined, however, to strike Plaintiff's late disclosures, Pfizer respectfully requests that it be permitted to depose Plaintiff's experts on the new articles within the next fourteen days.

## ARGUMENT

### I. PLAINTIFF'S DISCLOSURES SHOULD BE STRICKEN BECAUSE THEY ARE UNTIMELY

Like Plaintiff's many late-disclosed fact witnesses that this Court excluded in its February 24, 2010, Order [68], Plaintiff's April 14 supplemental disclosures should be stricken because they are untimely. Under Rule 26(e), supplemental expert disclosures "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Here, pursuant to the Court's 12/10/09 Order [38], that deadline was April 13, 2010, the date on which pretrial exhibit designations were due to be, and were, exchanged. Plaintiff's disclosure after that deadline of new purported reliance materials – for four different experts – and trial evidence that, in the case of the JAMA article, was not even published until April 14, 2010, or, in the case of the *Pharmacoepidemiology* article, was available but not disclosed until after the deadline for trial designations, is highly prejudicial to Pfizer. With discovery long closed and less than a month remaining before a jury trial involving extensive pretrial filings and numerous witnesses and expert issues, Pfizer will not have a meaningful opportunity to conduct

3

discovery on the new materials, and Plaintiff's experts' purported reliance on them, or adequately prepare rebuttal for trial. *See, e.g., Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, No. CIV 08-1101, 2009 U.S. Dist. LEXIS 101920, at *36 (D.N.M. Sept. 24, 2009) (denying plaintiff's motion to supplement expert report after pretrial disclosure deadline, citing significant prejudice to defendants where new expert materials would reasonably require them to, among other things, re-depose plaintiff's expert).

## II. PLAINTIFF'S DISCLOSURES SHOULD BE STRICKEN BECAUSE THEY ARE NOT PROPER EXPERT SUPPLEMENTATION UNDER RULE 26(e)

In addition to being untimely, Plaintiff's last minute disclosures do not constitute permissible expert supplementation under Rule 26(e). Plaintiff asserts in conclusory terms that the two journal articles are "supportive of" her experts' "previously disclosed opinions." In reality, both articles raise numerous questions about the studies and analyses they present and are subject to various expert interpretations and applications to the scientific issues on which Plaintiff's experts have opined. But even if it were true that the new articles directly supported Plaintiff's experts opinions, it would not be proper for Plaintiff to simply tack them on to her expert's list of reliance material, and her trial exhibit list, as Rule 26(e) supplements.

Rule 26 requires supplementation when a "party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Courts applying the Rule under similar circumstances have repeatedly held that it does not "allow for unlimited bolstering of expert opinions." *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002); *accord Kipperman v. Onex Corp.*, No. 1:05-cv-01242-JOF, 2010 U.S. Dist. LEXIS 18669, at *30-31 (N.D. Ga. Mar. 2, 2010); *Raley v. Hyundai Motor Co.*, No. CIV-08-0376-HE, 2010 U.S. Dist. LEXIS 11318, at *9 (W.D. Okla. Feb. 9, 2010); *Guidance Endodontics*, 2009 U.S. Dist. LEXIS 101920, at * 3-32; *Leviton Mfg. Co. v. Nicor, Inc.*, 245 F.R.D. 524, 531 (D.N.M. 2007); *see also Okla. v. Tyson Foods, Inc.*, No. 05-CV-329-GKF-PJC, 2009 U.S. Dist. LEXIS 66530, at *22-23 (N.D. Okla. July 24, 2009) ("[A] supplemental expert opinion which attempts to strengthen or deepen opinions expressed in the original expert report 'exceeds the

4

bounds of permissible supplementation and is subject to exclusion under Rule 37(c)(1).'") (citation omitted).

Indeed, as the court observed in *Akeva*, "[t]o construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc in docket control and amount to unlimited expert opinion preparation." 212 F.R.D. at 310. Instead, "Rule 26(e) envisions supplementation when a party's discovery disclosures happen to be defective in some way so that the disclosure was incorrect or incomplete and, therefore, misleading." *Id.*; *accord Presstek, Inc. v. Creo, Inc.*, No. 05-cv-65, 2007 U.S. Dist. LEXIS 24170, at *15 (D.N.H. Mar. 30, 2007) ("Rule 26(e) exists to protect recipients of information. It is not designed to give producing parties a way to avoid agreed-upon discovery deadlines.").

Here, Plaintiff has not even attempted to establish that her purported expert supplements are necessary to correct or complete her experts' reports and opinions. Rather, her disclosure, on the eve of trial, of what she has labeled "consistent and supportive" materials, constitute exactly the kind of non-corrective, untimely bolstering and modification of expert opinions that the foregoing courts have excluded. *See, e.g., Leviton Mfg.*, 245 F.R.D. at 531 (granting motion to exclude plaintiff's supplemental expert disclosure "filed . . . after court-imposed deadlines had passed and without seeking or obtaining leave of the Court to do so," and where plaintiff failed to "show[] that supplementation [was] required, under rule 26(e), because new information [made] the [original] report incorrect"). As those courts have recognized, the Rules, and the realities and constraints of trial preparation, do not permit unlimited augmentation and revision of expert opinions and other evidence for trial. Plaintiff's disclosures should thus be stricken and she should be precluded from introducing the new materials at trial.

5

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court strike Plaintiff's April 14, 2010, supplemental expert disclosures and preclude Plaintiff from introducing the new materials at trial. Alternatively, Defendants request that the Court permit them to depose Plaintiff's experts on the new materials within the next fourteen days.

Dated: April 16, 2010

Respectfully submitted,

SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
 Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

-and-

NEAL & HARWELL, PLC

By: /s/ Gerald D. Neenan
 Aubrey B. Harwell, Jr., No. 002559
 W. David Bridgers, No. 016603
 Gerald D. Neenan, No. 006710

2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219
(615) 244-1713
(615) 726-0573 (fax)

*Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of April 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

Andrew G. Finkelstein, Esq.
Kenneth B. Fromson, Esq.
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburg, NY 12550

Charles F. Barrett, Esq.
Barrett & Associates, P.A.
6718 Highway 100, Suite 210
Nashville, TN 37205

Dara G. Hegar, Esq.
Ken S. Soh, Esq.
Maura Kolb, Esq.
Robert Leone, Esq.
W. Mark Lanier, Esq.
Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069

/s/ Gerald D. Neenan