IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUTH SMITH, Individually and as Widow for the Use and Benefit of Herself and the Next Kin of Richard Smith, Deceased, ) ) ) ) | |
| Plaintiff, ) | Civil No. 3:05-0444 |
| ) | Judge Aleta A. Trauger |
| v. ) | (Dist. Of MA No. |
| ) | 1:05-cv-11515PBS) |
| PFIZER, INC., *et al.*, ) ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF MARKETING OR ADVERTISING MATERIALS AND CONDUCT AND OTHER LITIGATIONS**

Pursuant to the Federal Rules of Evidence, Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") respectfully move this Court for an order excluding any evidence of or reference to any marketing, advertising, or promotional materials or conduct concerning Neurontin. None of this evidence bears any connection to the claims in this litigation, thus rendering it irrelevant under Rules 401 and 402. Moreover, the unfair prejudice to Pfizer from admitting such evidence would substantially outweigh its nonexistent probative value, thus mandating its exclusion under Rule 403. Further, to the extent that this evidence constitutes prior bad acts used to show Pfizer's propensity, it is inadmissible under Rule 404(b). Finally, this evidence is irrelevant to the issue of punitive damages because it lacks a sufficient nexus with Decedent's alleged harm in this case. Accordingly, all such evidence must be excluded.

Defendants also seek an order excluding evidence of or reference to any other claims, actions, or legal proceedings related to Neurontin. Such evidence is irrelevant to this case and would unfairly prejudice Pfizer. Because no other similar Neurontin lawsuit has been tried to judgment, these suits offer only allegations, not evidence, and are irrelevant. In addition, evidence of these other proceedings would unfairly prejudice Pfizer by suggesting that the jury

impose liability for improper reasons.

The grounds for this motion are set forth in more detail in the accompanying memorandum of law and Declaration of Mark S. Cheffo.

WHEREFORE, Defendants respectfully request that the Court exclude at trial all of the evidence described above.

Dated: April 16, 2010

> Respectfully submitted,
>
> SKADDEN, ARPS, SLATE,
>   MEAGHER & FLOM LLP
>
> By: /s/ Mark S. Cheffo
>      Mark S. Cheffo
>
> Four Times Square
> New York, NY 10036
> Tel: (212) 735-3000
>
>    -and-
>
> NEAL & HARWELL, PLC
>
> By: /s/ Gerald D. Neenan
>      Aubrey B. Harwell, Jr., No. 002559
>      W. David Bridgers, No. 016603
>      Gerald D. Neenan, No. 006710
>
> 2000 One Nashville Place
> 150 Fourth Avenue, North
> Nashville, TN 37219
> (615) 244-1713
> (615) 726-0573 (fax)
>
> *Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of April 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

Andrew G. Finkelstein, Esq.
Kenneth B. Fromson, Esq.
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburg, NY 12550

Charles F. Barrett, Esq.
Barrett & Associates, P.A.
6718 Highway 100, Suite 210
Nashville, TN 37205

Dara G. Hegar, Esq.
Ken S. Soh, Esq.
Maura Kolb, Esq.
Robert Leone, Esq.
W. Mark Lanier, Esq.
Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069

/s/ Gerald D. Neenan