IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUTH SMITH, Individually and as Widow for the Use and Benefit of Herself and the Next Kin of Richard Smith, Deceased,<br><br>        Plaintiff,<br><br>v.<br><br>PFIZER, INC., *et al.*,<br><br>        Defendants. | Civil No. 3:05-0444<br>Judge Aleta A. Trauger<br>(Dist. Of MA No.<br>1:05-cv-11515PBS) |

## DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE ALL EVIDENCE OF OR REFERENCES TO WARNER-LAMBERT COMPANY LLC'S GUILTY PLEA OR ANY RELATED GOVERNMENT INVESTIGATIONS OR AGREEMENTS

Pursuant to Federal Rules of Evidence 401, 402, 403, and 404, Defendants Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") respectfully move this Court for an order *in limine* to exclude at trial any and all evidence of or reference by Plaintiff or her counsel before the jury to Warner-Lambert Company LLC's guilty plea dated May 13, 2004, any negotiation, settlement, or agreement between Pfizer and/or Warner-Lambert and any government entity arising out of the guilty plea, or any related government finding or investigation of the marketing of Neurontin in violation of the Food, Drug, and Cosmetic Act, and the fact of any such investigation (collectively, the "Plea").

Evidence of the Plea, which antedates Decedent's alleged use of Neurontin and relates only to certain violations of FDA regulations, is irrelevant to the claims in this case and should therefore be excluded under Rule 401. Additionally, introducing evidence of the Plea would violate Pfizer's due process rights. Moreover, evidence of the Plea should be excluded due to unfair prejudice and undue delay that would substantially outweigh its non-existent probative value. Further, the only plausible reason that Plaintiff might seek admission of the Plea would be as improper character evidence barred by Rule 404(b). Finally, the Plea is not admissible as

impeachment evidence. Accordingly, the Court should exclude all such evidence from the trial of this matter.

WHEREFORE, Defendants respectfully request that this Court exclude from trial the specific items of evidence set forth in the accompanying memorandum of law.

Dated: April 16, 2010

    Respectfully submitted,

    SKADDEN, ARPS, SLATE,
      MEAGHER & FLOM LLP

    By:   /s/ Mark S. Cheffo
          Mark S. Cheffo

    Four Times Square
    New York, NY 10036
    Tel: (212) 735-3000

    -and-

    NEAL & HARWELL, PLC

    By:   /s/ Gerald D. Neenan
          Aubrey B. Harwell, Jr., No. 002559
          W. David Bridgers, No. 016603
          Gerald D. Neenan, No. 006710

    2000 One Nashville Place
    150 Fourth Avenue, North
    Nashville, TN 37219
    (615) 244-1713
    (615) 726-0573 (fax)

    *Attorneys for Defendants Pfizer Inc and*
    *Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of April 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

Andrew G. Finkelstein, Esq.
Kenneth B. Fromson, Esq.
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburg, NY 12550

Charles F. Barrett, Esq.
Barrett & Associates, P.A.
6718 Highway 100, Suite 210
Nashville, TN 37205

Dara G. Hegar, Esq.
Ken S. Soh, Esq.
Maura Kolb, Esq.
Robert Leone, Esq.
W. Mark Lanier, Esq.
Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069

                                                /s/ Gerald D. Neenan

3
Case 3:05-cv-00444   Document 124   Filed 04/16/10   Page 3 of 3 PageID #: 2053