# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * *
```
UNITED STATES OF AMERICA        *
                                *
            vs.                 *        CRIMINAL ACTION
                                *        No. 04-10150-RGS
WARNER-LAMBERT COMPANY LLC      *
                                *
```
* * * * * * * * * * * * * *
```

BEFORE THE HONORABLE RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE
**WAIVER, CHANGE OF PLEA AND SENTENCING HEARING**

A P P E A R A N C E S

OFFICE OF THE UNITED STATES ATTORNEY
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210
for the United States
By:  Thomas E. Kanwit, AUSA
     Sara M. Bloom, AUSA
     Jill Furman, Trial Attorney


DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
for the defendant
By:  Robert B. Fiske, Jr, Esq.
     James P. Rouhandeh, Esq.
     Martine M. Beamon, Esq.


                    Courtroom No. 21
                    John J. Moakley Courthouse
                    1 Courthouse Way
                    Boston, Massachusetts 02210
                    June 7, 2004
                    2:30 p.m.

6/7/04

**APPEARANCES, CONTINUED**

```
                HARE & CHAFFIN
                160 Federal Street, 23rd Floor
                Boston, Massachusetts 02110-1701
                for the defendant
                By: David B. Chaffin, Esq.
```

```
                CAROL LYNN SCOTT, CSR, RMR
                    Official Court Reporter
                One Courthouse Way, Suite 7204
                  Boston, Massachusetts 02210
                        (617) 330-1377
```

1          MR. TEICHER:  My name is Martin Teicher.  I am

2    a Vice President of Warner-Lambert Company LLC.

3          THE COURT:  All right.  Mr. Teicher, you are

4    familiar with what purports to be the minutes of the meeting

5    held by the managers of Warner-Lambert on May 11, 2004?

6          MR. TEICHER:  I am on the Board of Directors

7    of Warner-Lambert.

8          THE COURT:  And this resolution authorizes you

9    to, in fact, appear for Warner-Lambert as attorney in fact;

10   am I correct?

11         MR. TEICHER:  Yes.

12         THE COURT:  And the action of the Board of

13   Directors in enacting this resolution was in the authority

14   of the Board under the Articles of Incorporation?

15         MR. TEICHER:  I believe so, Your Honor.

16         THE COURT:  All right.  Have you discussed --

17   and, again, I am asking more by way of formality, but it is

18   an important question.

19         Have you discussed with counsel what it means for

20   the corporation to waive indictment in this case?

21         MR. TEICHER:  Yes.

22         THE COURT:  Do you understand that the crimes,

23   although they are treated as felonies because of a prior

24   conviction of the company, are nonetheless charged as

25   misdemeanors?  Ordinarily the prosecutor has no authority on

1    his or her own to bring in the form of an indictment a

2    felony or a charge with the consequence of a felony crime

3    without obtaining the prior permission of a citizen panel

4    called a grand jury to do so.

5         By waiving indictment in this case, Warner-Lambert

6    is permitting the government to proceed as if it, indeed,

7    had the consent of the grand jury to bring these charges.

8    Although this is captioned as an "Information," the crimes,

9    again, as I stated before are felonies.

10         Do you understand that Warner-Lambert by agreeing

11    to waive indictment is giving up its right to require the

12    government to present this case first to a grand jury to

13    obtain the acquiescence of a grand jury in the Information?

14         **MR. TEICHER:** I do understand that, Your

15    Honor.

16         **THE COURT:** Is it the advice of counsel that

17    it is in the best interests of the corporation to proceed by

18    waiver of indictment?

19         **MR. TEICHER:** Yes, Your Honor.

20         **THE COURT:** Does either counsel or Mr. Teicher

21    know of any untoward threats or inducements that were given

22    to Warner-Lambert to bring about the waiver of indictment in

23    this case?

24         **MR. TEICHER:** No.

25         **MR. ROUHANDEH:** No, Your Honor.

1    The sale of the drug with the tradename Neurontin

2    was introduced in interstate commerce for unapproved uses

3    and without prior FDA approval.

4    This crime, like Count 2, is a direct liability

5    offense, that is, the government would not have to prove

6    scienter but would have to prove the four elements I just

7    described.

8    So too with Count 2 which alleges distribution of a

9    misbranded drug. As framed this would require proof of a

10   prior conviction under the same operative statutes, the sale

11   of the drug under the tradename Neurontin in interstate

12   commerce, and unapproved uses without adequate directions

13   being provided to physicians and consumers for such uses.

14   These would be the elements that the government

15   would have to prove.

16   Do I have them correctly stated, Counsel?

17   **MR. KANWIT:** Yes, you do, Your Honor.

18   **MR. ROUHANDEH:** Yes, Your Honor.

19   **THE COURT:** Do you understand that --

20   **MR. TEICHER:** Yes.

21   **THE COURT:** -- that is what would be involved?

22   All right. Now, let me ask Mr. Kanwit to

23   explain -- and I realize that there is more art than perhaps

24   science in this -- but explain the maximum penalties to the

25   offense.