IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUTH SMITH, Individually and as Widow for the Use and Benefit of Herself and the Next Kin of Richard Smith, Deceased,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PFIZER, INC., et al.,<br><br>　　　　　Defendants. | Civil No. 3:05-0444<br>Judge Aleta A. Trauger<br>(Dist. Of MA No.<br>1:05-cv-11515PBS) |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE GARY WAYNE BIGGS' TESTIMONY ABOUT MR. SMITH'S SUICIDE

Defendants Pfizer Inc and Warner-Lambert Company LLC (together, "Pfizer" or "Defendants") respectfully submit this memorandum in opposition to Plaintiff's motion *in limine* to exclude certain testimony of Gary Wayne Biggs, a forensic investigator who conducted an investigation of the Decedent's suicide for the purposes of the Medical Examiner's Office. Plaintiff's motion is without merit as the expert report requirements under Federal Rule of Civil Procedure 26(a)(2)(B) do not apply to Mr. Biggs' testimony because he has not been retained as an expert.

### ARGUMENT

Mr. Biggs has worked as a medical/legal death investigator for the Medical Examiner's Office, Forensic Medical, for over a decade. (Ex. A, Biggs Dep. at 10:2-12:6.)[1] As part of his ordinary job responsibilities, he conducts investigations at the scene of a reported death for the purpose of determining the "manner and cause of death," which is a process that involves collecting data, talking to witnesses, taking photographs, working with the police department, and collecting evidence. (*Id.* at 12:9-14:3.) Throughout his career, he has investigated around

---

[1] All exhibits are attached to the accompanying Declaration of Mark S. Cheffo.

3,400 deaths, including somewhere between "250 to 500" suicide cases. (*Id.* at 14:9-15:8.) Mr. Biggs worked the scene of Mr. Smith's suicide, and he created a preliminary investigative report that was later made part of the medical examiner's final report. (*See id.* at 20:4-24:21; 36:23-39:12.) Mr. Biggs explained that the ultimate goal of his investigation is to determine the "manner and cause" of death, which may include "why the individual may have committed suicide." (*Id.* at 13:11-18; 55:11-56:15.) He stated that it was part of his ordinary job responsibilities to determine "why somebody would take their own life." (*Id.* at 56:9-57:2) In Mr. Smith's case, Mr. Biggs determined that the Decedent decided to take his own life because "[h]e just got tired. He got tired of hurting," which was an observation Mr. Biggs based upon his experience as a forensic investigator, his interviews with the family, and his examination of the suicide note and the wound. (*Id.* at 57:3-59:6.)

As the advisory committee has explained, the written report requirement applies only to expert witnesses "who are retained or specially employed to provide . . . testimony [under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters] in the case or whose duties as an employee of a party regularly involve the giving of such testimony." Fed. R. Civ. P. 26(a)(2), 1993 advisory committee's note. The Sixth Circuit has found that Rule 26(a)(2) does not require an expert report where a witness did not "form[] his opinion at the request of . . . counsel." *Fielden v. CSX Transportation*, 482 F.3d 866, 869 (6th Cir. 2007); *see also Gomez v. Rivera Rodriguez*, 344 F.3d 103, 113 (1st Cir. 2003) (holding that "a party need not identify a witness as an expert so long as the witness played a personal role in the unfolding of the events at issue and the anticipated questioning seeks only to elicit the witness's knowledge of those events"). "'The determinative issue is the scope of the proposed testimony.'" *Fielden*, 482 F.3d at 871 (quoting *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995)). In other words, even where a witness happens to have a special expertise, that does not mean he is rendering an expert opinion for the purposes of litigation where he will merely testify about matters "within the normal range of his duties." *Fielden*, 482 F.3d at 870 (quoting *Martin v. CSX Transp., Inc.*, 215 F.R.D. 554, 557 (S.D. Ind. 2003)); *Gomez*, 344 F.3d at 113

2

(finding that a report is not required for a "percipient witness who happens to be an expert").

Thus, in *Fielden*, the Sixth Circuit held that a witness, who had specialized knowledge of the matters at issue, should have been permitted to testify without filing a written report considering that he "formed his opinions" before – and not in response to – the lawsuit. 482 F.3d at 869. Likewise, in this case, Mr. Biggs made observations and conclusions about "the manner and cause of death" solely for the purpose of preparing the medical examiner's report – a task that was "within the normal range of his duties" – and not for the purpose of litigation. *Fielden*, 482 F.3d at 870 (citation omitted). Regardless of whether Mr. Biggs' testimony should be classified in the expert or lay category, Plaintiff is incorrect that Defendants were required to submit a written report for him under Federal Rule of Civil Procedure 26(a)(2)(B) because he was not an expert "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

Plaintiff attempts to attach unwarranted significance to the fact Mr. Biggs received nominal compensation. At his deposition, however, Mr. Biggs made it clear that money he received for appearing at the deposition constituted compensation for his time, as well as travel expense, and it was "according to [his] fee schedule for [his] time."[2] (Biggs Dep. at 29:10-30:11.) As such, the fact that Pfizer compensated Mr. Biggs for his time does not make him a "retained" expert witness for the purposes of Rule 26(a)(2)(B). Many courts have recognized that fact witnesses may be compensated for their lost time and income beyond the $40 witness fee provided in 28 U.S.C. § 1821. *See, e.g., Prasad v. MML Investors Servs.*, 04 Civ. 380, 2004 WL 1151735, at *5 (S.D.N.Y. May 27, 2004) (observing that federal courts "are generally in agreement that a witness may properly receive payment related to the witness' expenses and

---

[2] Furthermore, throughout this litigation, the parties have jointly compensated treating physicians and other fact witnesses for their time away from their employment. Allowing for compensation above the $40 witness fee described in 28 U.S.C. § 1821 is not unprecedented in the course of the parties' dealings.

3

reimbursement for time lost associated with the litigation"); *id.* at *7 (holding that reimbursement of fact witness' time at his normal hourly rate was not excessive or unreasonable); *see also Centennial Mngt. Servs., Inc. v. Axa Re Vie*, 193 F.R.D. 671, 682 (D. Kan. 2000) ("[O]ccurrence witnesses may be reasonably compensated for time spent in attending a deposition or trial; for time spent in pretrial interviews with the lawyer in preparation for testifying; and for time spent in reviewing and researching records that are germane to his or her testimony."); *Roemmich v. Eagle Eye Development, LLC*, No. 1:04-cv-079, 2006 WL 3833433 (D.N.D. Dec 29, 2006) (approving fees paid to a former federal official who had supervised the development projects at issue in the litigation); *Morgan v. U.S. Express, Inc.*, No. 03-88-1, 2006 WL 278398, at *4 (M.D. Ga. Feb. 3, 2006) (finding that the fee statute related to fact witnesses only "sets forth the minimum amount a fact witness is entitled to receive, [and] there is nothing in the statute prohibiting the parties from agreeing to pay a higher amount").[3] Likewise, in this case, it was appropriate to compensate Mr. Biggs for the reasonable value of his time, and such compensation is not determinative of whether he is a "retained" expert for the purposes of 26(a)(2)(B).

Plaintiff's attempt to rely upon Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), is likewise misplaced. To the extent his observations as to the cause of Mr. Smith's death may be considered expert testimony, it is clear from his deposition testimony that Mr. Biggs employed "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). The record indicates that Mr. Biggs employed, with appropriate diligence, the customary methodology of a forensic investigator when attempting to ascertain

---

[3] *See also* ABA Ethics Op. 96-402 (Aug. 2, 1996) (observing that attorneys may "compensate a non-expert witness for the reasonable value of the time expended by the witness while preparing for or giving testimony at a deposition or at a trial," and what constitutes a reasonable amount of compensation "is relatively easy to determine in situations where the witness can demonstrate to the lawyer that he has sustained a direct loss of income because of his time away from work – as, for example, loss of hourly wages or professional fees").

4

Case 3:05-cv-00444   Document 139   Filed 04/27/10   Page 4 of 7 PageID #: 2405

the "manner and cause of death" of Mr. Smith. (Biggs Dep. at 13:11-18; 55:11-56:15.) For example, he talked to the relevant witnesses,[4] (*id.* at 22:3-23:1; 35:25-36:22), obtained the necessary information from responding police officers, (*id.* at 33:16-35:18), conducted an examination of the body, (*id.* at 30:22-32:1), collected the medication at the scene, (*id.* at 44:23-48:9), took photographs, (*id.* at 43:18-44:16), and prepared a scene description and narrative summary. (*Id.* at 32:1-33:15).[5] In short, he applied the same "level of intellectual rigor" customarily found in the field of forensic science. *Kumho Tire*, 526 U.S. at 152; *see also Rosen v. Ciba-Geigy Corp.*, 78 F.3d 316, 318 (7th Cir. 1996) (observing that the purpose of *Daubert* is "to make sure that when scientists testify in court they adhere to the same standards of intellectual rigor that are demanded in their professional work"). Thus, *Daubert* – to the extent it even applies – does not provide a basis for excluding any portions of Mr. Biggs testimony.

## CONCLUSION

For all of the foregoing reasons, Pfizer respectfully requests that this Court deny Plaintiff's motion *in limine* to exclude the testimony of Mr. Biggs with regard to the cause of the Decedent's death.

---

[4] Plaintiff also complains that Mr. Biggs relied upon hearsay from herself and her daughter, but the record establishes that such statements would fall under the excited utterance exception because they were still upset from the death of Mr. Smith at that time, as well as the party-opponent exception with regard to Plaintiff herself, and potentially to her daughter. Fed. R. Evid. 801(d)(2), 803(2).

[5] Plaintiff's criticisms, such as the amount of time Mr. Biggs spent interviewing her, go to the weight and not the admissibility of his testimony.

Dated: April 27, 2010

                Respectfully submitted,

                SKADDEN, ARPS, SLATE,
                  MEAGHER & FLOM LLP

                By:   /s/ Mark S. Cheffo
                        Mark S. Cheffo

                Four Times Square
                New York, NY 10036
                Tel: (212) 735-3000

                -and-

                NEAL & HARWELL, PLC

                By:   /s/ Gerald D. Neenan
                        Aubrey B. Harwell, Jr., No. 002559
                        W. David Bridgers, No. 016603
                        Gerald D. Neenan, No. 006710

                2000 One Nashville Place
                150 Fourth Avenue, North
                Nashville, TN 37219
                (615) 244-1713
                (615) 726-0573 (fax)

                *Attorneys for Defendants Pfizer Inc and Warner-Lambert Company LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of April 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

Andrew G. Finkelstein, Esq.
Kenneth B. Fromson, Esq.
Finkelstein & Partners, LLP
1279 Route 300
Newburg, NY 12550

Charles F. Barrett, Esq.
Barrett & Associates, P.A.
6718 Highway 100, Suite 210
Nashville, TN 37205

Dara G. Hegar, Esq.
Ken S. Soh, Esq.
Maura Kolb, Esq.
Robert Leone, Esq.
W. Mark Lanier, Esq.
Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069

/s/ Gerald D. Neenan