# EXHIBIT C

```
 1              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS
 2
                                    MDL Docket No. 1629
 3                                  Master File No. 04-10981
 4   * * * * * * * * * * * * * * * * * * *
                                         *
 5   IN RE: NEURONTIN MARKETING          *
         SALES PRACTICES AND             *
 6       PRODUCTS LIABILITY LITIGATION   *
     ------------------------------------*
 7                                       *
     THIS DOCUMENT RELATES TO:           *
 8                                       *
     Shearer v. Pfizer Inc, 1:07-cv-11428-WGY *
 9                                       *
     * * * * * * * * * * * * * * * * * * *
10
11              DAILY TRANSCRIPT OF PRELIMINARY
                JURY INSTRUCTIONS, OPENING
12              STATEMENTS and THE EVIDENCE
                         (Volume 2)
13
            BEFORE: The Honorable William G. Young,
14                         District Judge, and a Jury
15
     APPEARANCES:
16
             FINKELSTEIN & PARTNERS, LLP (By Ronald
17   Rosenkranz, Esq., Kenneth B. Fromson, and Keith L.
     Altman, Esq.), 1279 Route 300, P.O. Box 1111,
18   Newburgh, New York 12551
            - and -
19           JACK W. LONDON and ASSOCIATES, P.C. (By
     Jack W. London, Esq.), 3701 Bee Cave Road, Suite
20   200, Austin, Texas 78746
            - and -
21           THE LANIER LAW FIRM PLLC (By Kenneth S.
     Soh, Esq.), 6810 FM1960 West, Houston, Texas
22   77069, on behalf of the Plaintiffs
23
24                                  1 Courthouse Way
                                    Boston, Massachusetts
25
                                    March 31, 2010
```

## Page 2

```
 1        A P P E A R A N C E S (Cont'd)
 2
 3        BOIES, SCHILLER & FLEXNER LLP (By William
   S. Ohlemeyer, Esq.), 333 Main Street, Armonk, New
 4 York 10504
          - and -
 5        GOODELL, DeVRIES, LEECH & DANN, LLP (By
   Bonnie J. Beavan, Esq.), One South Street, 20th
 6 Floor, Baltimore, Maryland 21202
          - and -
 7        `SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
   (By Catherine B. Stevens, Esq. and Mark S. Cheffo,
 8 Esq.), Four Times Square, New York, New York
   10036, on behalf of the Defendant
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

## Page 3

```
 1              I N D E X
 2
   WITNESS:      DIRECT  CROSS  REDIRECT  RECROSS
 3
 4 DAVID FRANKLIN
 5   By Mr. London    46           150
 6   By Mr. Ohlemeyer      120
 7
                       FOR   IN
 8 EXHIBITS:           I.D.  EVID.
 9
10   2020   Neurontin Deciles . . . . . . . . . .67
11   2020-1 Neurontin Indications . . . . . . . .83
12   6000   Dr. McCormick Regarding Neurontin . 100
13   5655   Voice Mail Tape . . . . . . . . . . 107
14   4062   Memorandum . . . . . . . . . . . . 113
15   5150   Neurontin Marketing Assessment . . 117
16
17
18
19
20
21
22
23
24
25
```

## Page 4

 1        THE CLERK: All rise. Court is in session, please
 2 be seated.
 3        Calling Civil Action 07-11428, Shearer v. Pfizer.
 4        Oh, sorry, Judge.
 5        MR. ROSENKRANZ: Good morning, your Honor.
 6        THE COURT: Good morning, counsel. Would you come
 7 over here to the side bar, this doesn't have to be on the
 8 record.
 9        (Side bar conference off the record.)
10        THE COURT: We'll stand in recess until we have the
11 jurors. If they're back there we'll start right at nine
12 o'clock. We'll recess.
13        THE CLERK: 11 rise. Court is in recess.
14        (Recess.)
15        THE CLERK: 11 rise for the jury.
16        (Whereupon the jury entered the courtroom.)
17        THE CLERK: Court is in session, please be seated.
18        THE COURT: Good morning, folks.
19        THE CLERK: If you would move down one. Thank you.
20 In the second row. Right. Okay, great.
21        THE COURT: My name is Bill Young. I'm the judge
22 who is assigned to preside in this session of the Court.
23 You've already met my colleague, Magistrate Judge Bowler,
24 who was gracious enough to conduct the impanelment of the
25 jury, but you're stuck with me for the actual trial of the

## Page 5

 1 case. That's my responsibility.
 2        You were sworn as jurors. Mr. Newman, the Court
 3 appoints you foreman of this jury.
 4        Let me take a few minutes to explain in detail
 5 exactly what's going to happen in this case and to tell you
 6 a little bit about what your function is in this case
 7 because you are the most important people in the courtroom.
 8        At this time, in this courtroom, there are thirteen
 9 judges. You twelve men and women are the judges of the
10 facts. You are the only judges of the facts. I'm the judge
11 of the law.
12        Now, let's consider a moment what that means to be
13 judges of the facts. This is informal, but I want to ask
14 you this: Do any of come from towns where they have direct
15 town meeting, everyone can get, go to town meeting and vote?
16 Does anyone? Thank you. Thank you.
17        When I'm picking a jury that's the first thing I
18 ask of the whole group. And you see you people who come
19 from towns where they have direct town meeting, you have the
20 experience of direct democracy, the people themselves ruling
21 directly. I don't come from such a town. But in those
22 towns everybody can go to town meeting. Everybody, if
23 you're 18 years of age or older, you can go to town meeting
24 and you 11 can vote. You vote whether to buy another fire
25 engine, raise the teachers' salaries, close the town dump.

## Page 70

1    didn't ask to be here, though you're charged with this
2    important constitutional function. So get to know each
3    other. Talk. Just not about what's going on in this room.
4        Now, I don't mean to beat that to death. But it is
5    very important. And every time we recess I will remind you
6    of it by saying keep your minds suspended. Do not discuss
7    the case either among yourselves nor with anyone else.
8        We'll recess for one-half hour until 20 minutes
9    after 10:00. We'll stand in recess.
10       THE CLERK: 11 rise for the jury.
11       THE COURT: I'll remain on the bench.
12       (Whereupon the jury left the courtroom.)
13       THE COURT: Please be seated.
14       I want the recess -- please be seated.
15       I want the recess, too, so I'm only going to take a
16   minute.
17       I've got this plaintiff's motion to preclude the
18   utilization of the deposition of Charles Taylor. You're
19   going to call Taylor or -- where's Taylor? Physically?
20       MR. OHLEMEYER: Physically, I think he's in
21   Wisconsin, your Honor.
22       THE COURT: All right. Why can't he be here?
23       MR. OHLEMEYER: He's in between chemotherapy
24   treatments, which is why we took the preservation deposition
25   last summer that we took to use in cases like this.

## Page 71

1        THE COURT: All right. You're going to have to
2    supply medical evidence in view of their objection.
3        And with respect to Cynthia McCormick, she's not an
4    expert?
5        MR. FROMSON: That's what the dispute is, your
6    Honor.
7        MR. OHLEMEYER: Correct. Well, she's a witness who
8    by reason of her position --
9        THE COURT: You're paying her.
10       MR. OHLEMEYER: No, no. She is a fact witness to
11   events that occurred while she was at the FDA.
12       THE COURT: You're paying her?
13       MR. OHLEMEYER: She was paid for consulting after
14   she left the FDA.
15       THE COURT: Right. That goes to the weight, not
16   the admissibility. I won't treat her as an expert. But I
17   can handle that on the deposition.
18       (Whereupon the Court and the Clerk conferred.)
19       THE COURT: Yes, two other just housekeeping things
20   and let's take the -- Mr. London?
21       MR. LONDON: Yes, sir.
22       THE COURT: The practice in Massachusetts, but I
23   didn't want to correct you, and I'm perfectly comfortable
24   with your demeanor in court, but the practice is that
25   lawyers stand when they inquire. You don't have to. I

## Page 72

1    don't insist upon it. The jury's 11 perfectly comfortable.
2    So you people be comfortable. I just didn't want everybody
3    else leaping up in case -- and honestly, I don't insist upon
4    it. The bar enclosure is yours.
5        Now, I've done another one of these depositions.
6    The way they've been submitted to me is fine. I understand
7    you've got a problem with exhibits. So, recognizing that,
8    I've said that the plea colloquy, if you've got that, and
9    the judgment in the criminal case, those are admissible.
10   Beyond that, now, when I did Mr. Glanceman, if a foundation
11   appears in the deposition, I have underlined the exhibit and
12   written admitted. So you don't need anymore. For example,
13   he was shown an exhibit which from the transcript I am
14   satisfied again is a Pfizer document, ergo an admission, and
15   I'm satisfied that it's relevant. So if I can figure it out
16   from the deposition, I'll do it because I want things to go
17   smoothly. But if I can't, I'm not -- if there isn't an
18   underlining and admitted, the exhibit is not in and you'll
19   have to get it in some other way.
20       We'll recess until 20 after 10:00. We'll recess.
21       THE CLERK: 11 rise. Court is in recess.
22       (Recess.)
23       THE CLERK: 11 rise for the jury.
24       (Whereupon the jury entered the courtroom.)
25       THE CLERK: Court is in session, please be seated.

## Page 73

1        THE COURT: Proceed, Mr. London.
2        DIRECT EXAMINATION (Cont'd)
3    BY MR. LONDON
4    Q  Dr. Franklin, when we recessed you had just begun to
5    tell the jury about one of your tools that you used out in
6    the parking lot.
7        MR. LONDON: I would ask that Exhibit 2020,
8    page 177, be called up on the screen, please.
9        THE CLERK: All right, let's see. You're with the
10   plaintiffs, right?
11       MR. LONDON: Yes, I'm sorry.
12       THE CLERK: No, that's okay. I just have to get
13   acclimated.
14       MR. LONDON: So do I.
15   Q  All right, 2020 is just a cover page showing the date,
16   and Parke-Davis provided that to you?
17   A  Yes.
18   Q  Now, let's turn to the next page which I believe is
19   page 178 of the exhibit. Would you just show the jury in
20   sort of a quick form how this document, you used it as a
21   tool. Start at the territory and --
22   A  Right. So, so in the far -- you guys can see it?
23   Q  You have a highlighter that will work better. Maybe if
24   you highlighted where you --
25       THE CLERK: You can --