## Joint Agreement Regarding Authenticity of Documents

For purposes of the trial of *Smith v. Pfizer Inc, et al*, Case No. 05-CV-0444-AAT, the parties stipulate that they will not object to the authenticity (within the meaning of Fed. R. Evid. 901) of any documents offered into evidence that fall under the categories below, provided that (1) the document was previously provided to counsel; (2) the document "is what its proponent claims" in accordance with Rule 901; and (3) the document is a verbatim copy of the original without additional interlineation or other marks.

To the extent that a document is not included in its entirety, the parties agree not to object on authenticity grounds, but specifically reserve the right to require that the complete document be placed into evidence (rather than the excerpt).

- Documents produced by any healthcare provider of Richard Smith.

- Documents produced by any police department, fire department and ambulance service, and any DSS or court files concerning Richard Smith and/or Ruth Smith.

- Documents produced in the Neurontin MDL Marketing, Sales Practices, and Products Liability Litigation bearing a Pfizer bates number.

- Documents produced in the Neurontin MDL Marketing, Sales Practices, and Products Liability Litigation bearing a third-party bates number or other documents of third parties where the documents reasonably show on their face that they are authentic.

- Documents produced by Pfizer in *U.S. ex rel. Franklin v. Pfizer Inc and Parke- Davis*, No. 96-11651-PBS (D. Mass.) bearing a Pfizer bates number.

- Documents that can be shown are contained in NDAs 20-235 and 21-397 or otherwise made available to the plaintiffs for inspection and copying in the Neurontin MDL Marketing, Sales Practices, and Products Liability Litigation.

- Documents concerning Neurontin originally created by Pfizer/Warner-Lambert or FDA that can be shown are available on FDA's website.

- Documents originally created by FDA that are posted on the FDA website.

- Electronic documents concerning Neurontin from the FDA that contain the standard FDA electronic signature along with attachments specifically referred to.

- Emails concerning Neurontin between Pfizer, Parke-Davis, or Warner-Lambert on one hand and FDA on the other.

- Documents concerning Neurontin from the FDA signed by an FDA employee on FDA letterhead along with attachments specifically referred to.

- Neurontin-related Advisory Committee briefing documents/submissions and transcripts.

This stipulation does not waive either party's right to object to the admissibility of any exhibit on other grounds.

Entered into this 19th day of April 2010.


On behalf of Plaintiff

By _____
Keith Altman

FINKELSTEIN & PARTNERS, LLP
Attorneys for Plaintiff
1279 Route 300
Newburgh, N.Y. 12551


On behalf of Defendants

By _____
Catherine B. Stevens

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Tel: (212) 735-3000

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of April 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

Andrew G. Finkelstein, Esq.
Kenneth B. Fromson, Esq.
Finkelstein & Partners, LLP
1279 Route 300
Newburg, NY 12550

Charles F. Barrett, Esq.
Barrett & Associates, P.A.
6718 Highway 100, Suite 210
Nashville, TN 37205

Dara G. Hegar, Esq.
Ken S. Soh, Esq.
Maura Kolb, Esq.
Robert Leone, Esq.
W. Mark Lanier, Esq.
Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069

/s/ Gerald D. Neenan