# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| RUTH SMITH, Individually and as Widow for the Use and Benefit of Herself and the Next of Kin of RICHARD SMITH, Deceased, | ) ) ) | **Case #: 3:05-00444** |
| | ) | **Judge Trauger** |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | |
| | ) | |
| PFIZER INC., PARKE-DAVIS, a division of Warner-Lambert Company and Warner-Lambert Company LLC, WARNER-LAMBERT COMPANY, WARNER-LAMBERT COMPANY LLC and JOHN DOE(S) 1-10, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE VARIOUS EVIDENCE, REFERENCES AND ARGUMENTS FROM EVIDENCE AT TRIAL

Plaintiff Ruth Smith, by and through her attorneys, respectfully requests that this Court deny in its entirety Defendants' motion *in limine* to exclude various evidence, references, testimony or argument relating to miscellaneous topics. Plaintiff will not introduce such evidence, references and arguments for any purpose that is inapposite to federal or state law. Plaintiff submits that the evidence is highly relevant, in accordance with Fed. R. Evid. 401, and is admissible under Fed. R. Evid. 402. Further, the probative value of such evidence substantially outweighs the risk of confusing, misleading or inflaming the jury, or wasting judicial resources, and will not be unfairly prejudicial, as evaluated under Fed. R. Evid. 403, rendering Defendants' arguments without merit.

## ARGUMENT

A motion *in limine* presents a pretrial issue on the admissibility of evidence that is likely to arise at trial, and as such, an order on the motion, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial. *United States v. Luce,* 713 F.2d 1234, 1239 (6th Cir. 1983), *aff'd,* 469 U.S. 38 (1984); *see also Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-T-17 MAP, 2007 U.S. Dist. LEXIS 44053, at \*2 (M.D. Fla. Nov. 15, 2007). "The real purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Id*. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. *See Luce v. United States*, 469 U.S. 38, 41 (1984). Any possible harm flowing from a district court's *in limine* ruling is wholly speculative, and the ruling is subject to change when the case unfolds. "Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*.

To be admissible, evidence must be relevant. Fed. R. Evid. 401. Relevant evidence is defined as matters which may tend to prove or disprove a material fact at issue. Fed. R. Evid. 401. Under Fed. R. Evid. 402, relevant evidence is admissible, and evidence which is not relevant is not admissible. Further, "relevant evidence may be excluded if its probative value is substantially outweighed by the risk of (a) undue prejudice, confusion of issues, or misleading the jury or (b) undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. The Sixth Circuit has stated that when weighing the prejudicial potential against the probative value of the evidence: "the court 'must view the evidence in the light most favorable to its proponent giving the evidence its maximum probative force and its minimum

2

reasonable prejudicial value.' *Robinson v. Runyon*, 149 F.3d 507, 512 (6ᵗʰ Cir. 1998)." *Burks v. O'Connor, Kenny Partners, Inc.*, 77 Fed. App'x 351, 356 (6ᵗʰ Cir. 2003).

> Neither the appellate nor the district court is permitted to consider the weight or sufficiency of the evidence in determining relevancy and "even if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth." *Douglass v. Eaton Corp*., 956 F.2d 1339, 1344 (6th Cir. 1992).

*Robinson v. Runyon*, 149 F.3d at 512.

"Unfair prejudice" within its context means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, advisory committee's note (1972). It is clear that "all relevant evidence is to some degree prejudicial. What the rule discourages is unfair prejudice, which is evidence that has 'an undue tendency to suggest decision on an improper basis, commonly but not necessarily an emotional one.'" *Donathan v. Orthopaedic & Sports Medicine Clinic*, PPLC, No. 4:07-cv-18, 2009 U.S. Dist. LEXIS 99557, at *7 (E.D. Tenn. Oct. 26, 2009) (citing to *United States v. Whittington,* 455 F.3d 736, 739 (6ᵗʰ Cir. 2006). A party moving *in limine* to exclude evidence has the burden to establish that the evidence is inadmissible for any purpose. *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). Plaintiff submits that since Defendants have not met their burden, their motion must fail.

1.      **REFERENCES TO PLAINTIFF'S PLEADINGS**

Defendants argue that Plaintiff's pleadings constitute hearsay for which there is no exception. What they incorrectly omit is that no exception is needed. Although counsel may have drafted the pleadings, the statements contained therein are considered statements of the Plaintiff herself. *See, e.g.*, *Dugan v. EMS Helicopters, Inc.*, 915 F. 2d 1428, 1431-32 (10th Cir. 1990).

3

Defendants also incorrectly claim that because a few of Plaintiff's causes of action have been dismissed, that the pleadings will reflect the status of the claims that will be before the jury. However, trial judges may properly admit superseded pleadings, and the admissibility of superseded pleadings is subject to a Fed. R. Evid. 403 balancing test. *Athridge v. Rivas*, 421 F. Supp. 2d 140, 151 (D.D.C. 2006). Since Plaintiff's pleadings are not prejudicial, they should be admitted to prove notice that a certain population of patients who were prescribed Neurontin for an off-label purpose committed suicide. This is especially pertinent since Defendants' malfeasance persisted subsequent to the filing of the complaint.

Finally, as Defendants point out, Plaintiff's pleadings can also be used for impeachment purposes. *See* Fed. R. Evid. 613. Therefore, Plaintiff's pleadings should not be excluded.

## 2. EVIDENCE OF OR REFERENCES TO DEFENDANTS' CORPORATE STATUS, SIZE, PROFITS, FINANCIAL CONDITION, OR EMPLOYEE COMPENSATION

Defendants claim that references to their corporate status, size or profits are irrelevant. However, Defendants' negligent and reckless actions by not adequately studying the safety of Neurontin in the off-label populations known by Defendants to be taking Neurontin, in order to save money, is relevant on the issue of Defendants' motive. Defendants have a website at http://www.pfizer.com, which speaks to the enormity of the company, and the curious juror can even obtain information about the company's stock and wealth at http://www.pfizer.com/investors. Thus, Plaintiff would not be presenting anything that Pfizer has not already displayed to the world on the internet.

Plaintiff's counsel may include reasonable references to Defendants' financial condition. *See, e.g.*, *In re Joint Eastern & Southern Dist. Asbestos Litig.*, 124 F.R.D. 538, 544 (S.D.N.Y. 1989). Therein, in denying the defendants' motion for a new trial, the court held that the

4

plaintiff's remarks on plaintiff's and defendants' relative size and financial resources . . ."are not per se grounds for a new trial." *Id*.

The Court has ample flexibility pursuant to Fed. R. Evid. 403 to admit part of a line of proof while excluding the more prejudicial details. *See Gomez v. Rivera Rodriquez*, 344 F.3d 103, 115 (1st Cir. 2003). If there is doubt about the existence of unfair prejudice, confusion of issues, misleading content, undue delay, or waste of time, it is generally better practice to admit the evidence and take necessary precautions by way of contemporaneous instructions to the jury followed by addition warnings in the charge. *See, e.g.*, *United States v. Smith*, 292 F.3d 90, 97-98 (1st Cir. 2002). Plaintiff submits that remarks about Defendants' financial condition, size and profits are relevant to the issue of their fiscal ability to conduct the appropriate clinical trials but their avarice-driven motives for failing to do so. It is not unduly prejudicial and should not be excluded.

**3.    EVIDENCE OF OR REFERENCES TO "THE PHARMACEUTICAL INDUSTRY" OR "DRUG COMPANIES"**

Again, Defendants are well-known pharmaceutical companies and have presented a tremendous amount of information about themselves on their website. What has also been widely publicized by the media is the marketing, and then withdrawal, by certain manufacturers of a growing number of prescription drugs, due to complications and side effects that were subsequently discovered. Plaintiff is presenting evidence of what these specific defendants did or did or did not do with respect to the marketing and sale of Neurontin. However, making references to the conduct of a generic "drug company" or "pharmaceutical company" will not unduly prejudice Defendants or confuse or mislead the jurors, as the conduct of pharmaceutical companies in general is public knowledge. *See* argument above under Subpart (2).

5

**4.	COMMENTS ABOUT THE PARTIES' RESPECTIVE COUNSEL**

As part of one of Plaintiff's motion *in limine*, Docket No. 79, Plaintiff requested that any reference to Plaintiff's attorneys, the law firms, the law firms' specialty or advertisements for Neurontin cases be excluded as irrelevant, highly prejudicial, and calculated solely to inflame the jury. Plaintiff submits that should the Court deny this portion of Plaintiff's motion, then that portion of Defendants' motion *in limine* to exclude comments and references to the size, location, other clients, or nature of the legal practice of Defendants should also be denied.

**5.	EVIDENCE OF OR REFERENCES TO DEFENDANTS' INSURANCE**

Rule 411 provides that:

> Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.

Fed. R. Evid. 411

Thus, Fed. R. Evid 411 permits mention of insurance coverage to collaterally demonstrate the possible "bias or prejudice of a witness." *See Conde v. Starlight I*, 103 F.3d 210, 214 (1st Cir. 1997). Evidence about the existence of insurance is also admissible for the purposes of impeachment. *Id.*

In determining whether to admit or exclude evidence about insurance that is offered for a purpose other than to prove a party acted negligently, the district court must apply the principles of Fed. R. Evid. 403 to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *See Pinkham v. Burgess*, 933 F.2d 1066, 1072 (1st Cir. 1991). Therefore, Plaintiff will introduce evidence of Defendants' insurance to the extent of its admissible purposes.

**6. REFERENCES TO THE PRESENCE OR ABSENCE OF CORPORATE REPRESENTATIVES**

Defendants claim that any comments, references, or inferences regarding the presence or absence of their corporate representatives is irrelevant to any claim in the lawsuit and poses a substantial risk of undue prejudice to them. Defendants do not present any caselaw on this issue nor any examples of how they will be unfairly prejudiced by said references; therefore, Defendants have failed to carry their burden. Plaintiff submits that these references are relevant and admissible.

**7. EVIDENCE OF OR REFERENCES TO HOW PLAINTIFF WILL USE ANY JURY AWARD**

Defendants claim that the Court should exclude any references as to how Plaintiff's beneficiaries will use a jury award if Plaintiff prevails. Once again, Defendants do not present any caselaw on this issue nor any examples of how they will be unfairly prejudiced by such references; therefore, Defendants have failed to carry their burden. Plaintiff submits that these references are relevant and admissible as to the type and extent of damages suffered by Richard Smith's beneficiaries.

**8. ARGUMENTS AND REFERENCES ABOUT THE EFFECT OF THE JURY'S ANSWERS**

Defendants are asking the Court to preclude Plaintiff from presenting explanatory instructions to the jury on how to interpret the jury verdict form. This is simply absurd. The purpose of jury instructions "is to inform the jury of its function, which is the independent determination of the facts, and the application of the law, as given by the court, to the facts found by the jury." *See United States v. Mikutowicz*, 365 F.3d 65, 70 (1st Cir. 2004). The instructions should fairly and impartially state the issues and applicable law in logical sequence so that the jury can understand the issues and intelligently apply the law. *Id*.

7

Not only must Plaintiff present clear instructions to the jury, as to what their answers mean, it is mandatory so that the jury can effectively and knowledgably serve its function. Further, clear instructions to the jury will save the Court time; if the jury is unclear as to how to answer and as to the impact of their answers, they will ask the Court for clarification, which can cause more confusion and lengthen the jury's deliberation.

A jury instruction, properly objected to, constitutes reversible error only if it (a) is misleading, unduly complicating, or incorrect as a matter of law; and (b) cannot be considered harmless because it adversely affected the jury verdict and the substantial rights of the objecting party. *Richards v. Relentless, Inc.*, 341 F.3d 35 , 46 (1st Cir. 2003). A proper explanation of what the jury's answers signify is essential to their understanding of what they are actually deciding. To exclude that information negates the purpose of the deliberative process.

"There are few, if any, magic words in jury instructions." *See Muniz v. Rovira*, 373 F.3d 1, 7 (1st Cir. 2004). A party does not possess a right to insist that the trial court instruct the jury in the particular phraseology that he desires. *Id.* Here, again without any clarification as to how they are prejudiced, Defendants are claiming that such instructions are irrelevant and prejudicial. Defendants have clearly failed to meet their burden here and the complained of jury instructions should be allowed.

9.     "GOLDEN RULE" ARGUMENTS

Defendants claim that Plaintiff must be precluded from presenting the "golden rule" argument. This is typically an improper type of rhetoric in which counsel asks the jury to award damages in the amount that the jury itself would wish. It applies to damages only and not to liability. *Burrage v. Harrell*, 537 F.2d 837, 839 (5th Cir. 1976). Therefore, it does not bar other

uses of the pronoun "you" in an appeal to the jurors' common sense. *See Bankers Trust Co. v. Publicker Indus., Inc.*, 641 F.2d 1361, 1366 (2d Cir. 1981).

Plaintiff submits that use of the "golden rule" argument to prove Defendants' notice and knowledge of the suicidal risks of Neurontin is rational and permissible on the issue of Defendants' liability. In assessing the effect of improper conduct by counsel, a court must examine, on a case-by-case basis, the totality of the circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case (i.e., whether it is a close case), and the verdict itself. *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 756 (6th Cir. 1980). In making this assessment, the trial court must determine whether counsel's conduct created undue prejudice or passion which played upon the sympathy of the jury. The trial judge has considerable discretion in making this determination. *In re Joint Eastern & Southern Dist. Asbestos Litig.*, 124 F.R.D. 538, 544 (E.D.N.Y. 1989), citing *Strobl v. New York Mercantile Exchange*, 582 F. Supp. 770, 780 (S.D.N.Y. 1984); *Draper v. Airco, Inc.*, 580 F.2d 91, 94 (3d Cir. 1978).

**10. EVIDENCE OF OR REFERENCES TO DISCOVERY DISPUTES OR ACTIVITIES**

Defendants' motion also seeks exclusion of references to discovery disputes which have occurred during the course of this litigation. References to opposing counsel's conduct in withholding evidence or failing to conduct discovery in good faith are usually not permitted at trial. *Koval v. Kincheloe*, No. CIV-99-1524-T, 2002 U.S. Dist. LEXIS 13381, at \*11 (W.D. Okla. May 29, 2002). However, if such references are relevant to an explanation of missing or inaccurate evidence, which occurred due to Defendants' failure to cooperate, such evidence must be permitted.

9

Plaintiff respectfully submits that the evidence, statements and references delineated above are relevant and admissible and should not be excluded, as their probative value substantially outweighs the danger that they will confuse the issues, mislead or inflame the jury, waste time, present cumulative evidence or unfairly prejudice Defendants.

## CONCLUSION

For the foregoing reasons, Defendants' motion *in limine* should be denied.

Dated: April 27, 2010

Respectfully submitted,

THE LANIER LAW FIRM, P.L.L.C.

By:    **/s/ W. Mark Lanier**

W. Mark Lanier, Esq.
Dara G. Hegar, Esq.
Ken S. Soh, Esq.
Maura Kolb, Esq.
Robert Leone, Esq.
126 East 56th Street, 6th Floor
New York, NY 10022

- and -

FINKELSTEIN & PARTNERS, LLP

By:    **/s/ Andrew G. Finkelstein**

Andrew G. Finkelstein, Esq.
Kenneth B. Fromson, Esq.
1279 Route 300, P.O. Box 1111
Newburgh, NY 12551

- and -

BARRETT & ASSOCIATES, P.A.

By:    **/s/ Charles F. Barrett**

Charles F. Barrett, Esq.
BPR # 020627
6518 Highway 100, Suite 210
Nashville, TN 37205

*Attorneys for Plaintiff Ruth Smith*

10

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of April, 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

Aubrey B. Harwell, Jr., Esq.
W. David Bridgers, Esq.
Gerald D. Neenan, Esq.
Robert A. Peal, Esq.
Neal & Harwell, PLC
2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219

Prince C. Chambliss, Jr., Esq.
Evans & Petree, PC
1000 Ridgeway Loop Road, Suite 200
Memphis, TN 38120

Mark S. Cheffo, Esq.
Catherine B. Stevens, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

       **/s/ Kenneth B. Fromson**
        Kenneth B. Fromson

11