IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUTH SMITH, Individually and as Widow for the Use and Benefit of Herself and the Next of Kin of RICHARD SMITH, Deceased,<br><br>Plaintiff,<br><br>-against-<br><br>PFIZER INC., PARKE-DAVIS, a division of Warner-Lambert Company and Warner-Lambert Company LLC, WARNER-LAMBERT COMPANY, WARNER-LAMBERT COMPANY LLC and JOHN DOE(S) 1-10,<br><br>Defendants. | Case #: 3:05-00444<br>Judge Trauger |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ANY LOSS OF CONSORTIUM DAMAGES SUFFERED BY DECEDENT'S CHILDREN**

Defendants have moved *in limine* to exclude evidence of any loss of consortium damages suffered by decedent's children in this action, on the grounds that such damages are not recoverable on behalf of the decedent's children in an action brought by the decedent's surviving spouse.

Notably, Defendants cite no legal authority directly on point in support of their interpretation of Tennessee law  Presumably because none exists.  Moreover, Defendants concede that decisions by the Tennessee Supreme Court, this Court, and the Court of Appeals for the Sixth Circuit disagree with Defendants' analysis.  Nevertheless, Defendants argue that "Tennessee Courts have misinterpreted" these decisions "to errantly allow children to recover loss of consortium damages in a wrongful death action brought by a surviving spouse." Docket No. 105, at 9.  As discussed below, Defendants' *ipse dixit* should be summarily rejected.

**STATEMENT OF FACTS**

This wrongful death/personal injury action has been brought by Plaintiff Ruth Smith, the surviving spouse of the decedent, Richard Smith. Mr. Smith was also survived by three adult children. Plaintiff does not deny that the surviving children would be improperly named as Plaintiffs in this wrongful death/personal injury action brought by the surviving spouse. *See, e.g.*, *Davidson v. Lindsey*, 104 S.W.3d 483, 487 (Tenn. 2003). And Defendants do not deny that <u>adult</u> surviving children have standing to bring a wrongful death/personal injury action for loss of parental consortium where there is no surviving spouse. *See, e.g.*, *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 601 (Tenn. 1999). But Defendants claim that here, where the surviving spouse has commenced a wrongful death/personal injury action, no damages may be awarded to the surviving children for loss of parental consortium.

**POINT I**

**TENNESSEE STATE AND FEDERAL COURTS HAVE CONSISTENTLY HELD THAT A DECEDENT'S SURVIVING CHILDREN MAY SEEK TO RECOVER DAMAGES FOR LOSS OF PARENTAL CONSORTIUM NOTWITHSTANDING THAT AN ACTION TO RECOVER DAMAGES FOR LOSS OF SPOUSAL CONSORTIUM HAS BEEN COMMENCED BY THE SURVIVING SPOUSE**

In *Jordan v. Baptist Three Rivers Hosp.*, the adult surviving child of the decedent, who was also the administratrix of the decedent's estate, brought a medical malpractice action alleging that the defendants' negligence caused the decedent's death. 984 S.W.2d at 596. The Tennessee Supreme Court held that claims for loss of spousal and parental consortium in wrongful death cases are viable in Tennessee under Tenn. Code Ann. § 20-5-113.

In *Kline v. Erich*, 69 S.W.3d 197 (Tenn. 2002), the decedent was survived by his wife and by three children from a former marriage. The Tennessee Supreme Court held that a trial court has the discretion to apply the common fund doctrine to the proceeds of a wrongful death

action, thereby obliging the passive beneficiaries of that action (in this case, the attorney for the surviving children) to pay a reasonable fee to the attorney procuring the judgment or settlement (the attorney for the surviving spouse). *Id.* at 201-02.

Defendants contend that Tennessee State and Federal Courts have misinterpreted *Jordan* and *Kline* to **errantly** allow surviving children to recover loss of parental consortium damages in a wrongful death action brought by a surviving spouse. Defs. Mem., Docket No. 105, at 9 (citing *Hunter v. Ura*, 163 S.W.3d 686 (Tenn. 2005); *Coggins v. KLLM, Inc.*, 146 Fed. App'x 9 (6th Cir. 2005) (not recommended for full text publication) (affirming appeal from Senior Judge Robert L. Echols); and *Matheny v. Tennessee Valley Auth.*, 523 F. Supp. 2d 697, 728 n.10 (M.D. Tenn. 2007) (Trauger, J.); *see also Davidson v. Lindsey*, 104 S.W.3d 483 (Tenn. 2003) (in wrongful death action originally commenced by surviving spouse and five adult surviving children of decedent, where parties agreed to dismiss children as plaintiffs, jury was permitted to award damages for loss of parental consortium as a result of the wrongful death); *Shanklin v. Norfolk S. Ry. Co.*, No. 94-1212, 2001 U.S. Dist. LEXIS 25606, at *28-29 (W.D. Tenn. Oct. 22, 2001) (court noted that the purpose in having the jury set out the loss of consortium award separately was to enable the surviving plaintiff spouse to determine how much of the wrongful death award should be set aside for the surviving child).

Defendants fail to mention that this Court's decision in *Matheny* was later amended, 247 F.R.D. 541 (M.D. Tenn. 2007), to increase each of the awards for loss of consortium to the surviving spouse and the three surviving children from $500,000 (for a total loss of consortium award of $2,000,000), to $800,000 (for a total loss of consortium award of $3,200,000). Moreover, Defendants also fail to cite the decision on appeal, where the Sixth Circuit reversed on other grounds, 557 F.3d 311 (6th Cir. 2009), but took pains to note:

3

> Both parties agree that damages based on loss of consortium are permissible in this admiralty case because Tennessee's wrongful death statute, Tenn. Code Ann. § 20-5-113 (1994 & Supp. 2006), allows for recovery of the pecuniary value of the decedent's life, which includes not only lost earning capacity but also the value of tangible household services lost and the value of intangible consortium losses sustained by a decedent's spouse and children. *See Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 601-02 (Tenn. 1999). TVA does not contest the district court's findings and awards regarding the value of Mr. Matheny's lost future earnings and tangible household services but takes issue with the loss of consortium award. Because we are reversing and remanding with instructions to the district court to apply the limitation of liability under 46 U.S.C. § 30505, we leave it to the district court to apportion liability between the Lawrences and Becky Matheny.

557 F.3d at 320-21.

Thus, Defendants are attempting to persuade this Court that the highest court of the State of Tennessee, this Court and the Court of Appeals for the Sixth Circuit (whose opinions on the law are, of course, controlling in the District Courts in this Circuit) were **ALL** wrong in allowing surviving children to recover damages for loss of parental consortium where the surviving spouse has already commenced a wrongful death action. While Defendants' convoluted interpretation of Tennessee law arguably might be worthy of a law review comment, Defendants have offered no good reason for this Court to take the extraordinary measure of renouncing the contrary authority of the Tennessee Supreme Court, this Court and the Court of Appeals.

Moreover, in the interest of conserving the resources of this Court and all parties, it would be the better practice to allow the jury in this case to decide whether to award damages, if any, for loss of parental consortium, and then, if the Court of Appeals later reverses, such damages may be deducted from the Judgment. Otherwise, if this Court grants Defendants' motion and precludes evidence of such damages at trial, and the Court of Appeals reverses, then this Court and the parties would have to undergo a second trial by jury to determine whether to award damages, if any, to the surviving children for loss of parental consortium.

4

## **CONCLUSION**

In view of the above, Plaintiff respectfully requests that this Court deny in its entirety Defendants' motion *in limine* to exclude evidence of any loss of consortium damages suffered by the children of decedent Richard Smith.

Dated: April 27, 2010

Respectfully submitted,

THE LANIER LAW FIRM, P.L.L.C.

By: **/s/ W. Mark Lanier**
W. Mark Lanier, Esq.
Dara G. Hegar, Esq.
Ken S. Soh, Esq.
Maura Kolb, Esq.
Robert Leone, Esq.
126 East 56th Street, 6th Floor
New York, NY 10022

- and -

FINKELSTEIN & PARTNERS, LLP

By: **/s/ Andrew G. Finkelstein**
Andrew G. Finkelstein, Esq.
Kenneth B. Fromson, Esq.
1279 Route 300, P.O. Box 1111
Newburgh, NY 12551

- and -

BARRETT & ASSOCIATES, P.A.

By: **/s/ Charles F. Barrett**
Charles F. Barrett, Esq.
BPR # 020627
6518 Highway 100, Suite 210
Nashville, TN 37205

*Attorneys for Plaintiff Ruth Smith*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 27th day of April, 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

Aubrey B. Harwell, Jr., Esq.
W. David Bridgers, Esq.
Gerald D. Neenan, Esq.
Robert A. Peal, Esq.
Neal & Harwell, PLC
2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219

Prince C. Chambliss, Jr., Esq.
Evans & Petree, PC
1000 Ridgeway Loop Road, Suite 200
Memphis, TN 38120

Mark S. Cheffo, Esq.
Catherine B. Stevens, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

                                      **/s/ Kenneth B. Fromson**
                                         Kenneth B. Fromson