# EXHIBIT F

```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS


IN RE:                                      )
                                            ) CA No. 04-10981-PBS
NEURONTIN MARKETING, SALES PRACTICES,) Pages 1 - 107
AND PRODUCTS LIABILITY LITIGATION    )




              FINAL PRETRIAL CONFERENCE - DAY ONE

              BEFORE THE HONORABLE PATTI B. SARIS
                 UNITED STATES DISTRICT JUDGE




                              United States District Court
                              1 Courthouse Way, Courtroom 19
                              Boston, Massachusetts
                              July 20, 2009, 9:15 a.m.




                     LEE A. MARZILLI
                  OFFICIAL COURT REPORTER
                United States District Court
                1 Courthouse Way, Room 7200
                     Boston, MA  02210
                       (617)345-6787
```

1        MR. CHEFFO:  Lloyd Knapp, your Honor.
2        THE COURT:  Lloyd Knapp.  Are you bringing him in
3   as part of your case?
4        MR. CHEFFO:  He's listed as a witness.  Ultimately
5   whether he comes --
6        THE COURT:  All right, so you may have to put it
7   in through deposition testimony.
8        MR. FROMSON:  Your Honor, not only was he listed
9   as a witness, he was listed as a live witness, and he
10  offered --
11       THE COURT:  But they don't have to put on people.
12  You both listed lots of people.  So if I were you, I would
13  read his deposition in, or put in admissions, or do what you
14  need to do.  Okay?
15       MR. FROMSON:  Well, yes, your Honor.  Yes, your
16  Honor.
17       THE COURT:  There are a huge number of macro
18  issues that you do need to know before you go into the
19  closing statement.  The first is -- do you have any
20  particular order you want to go through them?  Do you want
21  to each take one that you care a lot about, and we'll go
22  back and forth?
23       MR. CHEFFO:  From my perspective, I think we'd be
24  guided by the Court, whatever --
25       THE COURT:  All right, a few things:  The

1  plaintiffs will be allowed to introduce evidence about a
2  national marketing campaign. That is relevant to not only
3  the issue of intent -- is fraud still part of this,
4  intentional --
5             MR. FROMSON:  Yes, your Honor.
6             MR. FINKELSTEIN:  Yes.
7             THE COURT:  -- as well as the duty to understand
8  that this was being nationally marketed for off-label in
9  areas that were not just epilepsy. I think that's very
10 important, and I think the probative value substantially
11 outweighs the prejudicial value.
12            MR. CHEFFO:  Your Honor, may I just --
13            THE COURT:  Yes.
14            MR. CHEFFO:  They answered "yes" very quickly, but
15 your order on the fraud, this is, I think --
16            THE COURT:  It's fraud by omission.
17            MR. CHEFFO:  That's correct, but what your Honor
18 did say was, "The motions to dismiss the fraudulent
19 concealment claims are denied in all the complaints, except
20 to the extent that they are premised on the claim of
21 fraudulent omissions in the national advertising and
22 marketing campaign." So it's our position, your Honor, that
23 you did rule on that with respect to national marketing.
24 And I would also just add --
25            THE COURT:  It goes to corporate intent, the