UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

-----------------------------------------------------------------x
RUTH SMITH, Individually and as Widow
for the Use and Benefit of Herself and the
Next of Kin of RICHARD SMITH, Deceased,

                         Plaintiff,

-against-

PFIZER INC., PARKER-DAVIS,
a division of Warner-Lambert Company,
and Warner-Lambert Company LLC,
WARNER-LAMBERT COMPANY,
WARNER-LAMBERT COMPANY LLC and
JOHN DOE(S) 1-10,

                        Defendants,
-----------------------------------------------------------------x

Civil No. 3:05-0444
Judge Trauger

## PLAINTIFF'S STIPULATIONS

EXHIBIT "A" - Authenticity Stipulation;

EXHIBIT "B" - Adverse Event Data Stipulation

EXHIBIT "C" - Drafts of Expert Reports Not Discoverable Stipulation.

Dated: April 27, 2010

FINKELSTEIN & PARTNERS, LLP
    ASSOCIATES, P.C.

By: /s/ Kenneth B. Fromson
KENNETH B. FROMSON, ESQ.
1279 Route 300
Newburgh, N.Y. 12551
Tel: (845) 562-0203

JACK W. LONDON AND

By: /s/ Jack W. London
JACK W. LONDON, ESQ.
3701 Bee Cave Rd., Suite 200
Austin, TX 78746
Tel: (512) 478-5858

THE LANIER LAW FIRM, PLLC

By: /s/ W. Mark Lanier
W. MARK LANIER
126 East 56th Street, 6th Floor
New York, NY 10022
Tel: (212) 421-2800

Attorneys for Plaintiff

SKADDEN, ARPS SLATE, MEAGHER & FLOM LLP

By: /s/ Mark S. Cheffo
    Mark S. Cheffo
Four Times Square
New York, N.Y. 10036
Tel: (212) 735-3000

Attorneys for Defendants

EXHIBIT "A"

Authenticity Stipulation

## Joint Agreement Regarding Authenticity of Documents

For purposes of the trial of *Smith v. Pfizer Inc, et al*, Case No. 05-CV-0444-AAT, the parties stipulate that they will not object to the authenticity (within the meaning of Fed. R. Evid. 901) of any documents offered into evidence that fall under the categories below, provided that (1) the document was previously provided to counsel; (2) the document "is what its proponent claims" in accordance with Rule 901; and (3) the document is a verbatim copy of the original without additional interlineation or other marks.

To the extent that a document is not included in its entirety, the parties agree not to object on authenticity grounds, but specifically reserve the right to require that the complete document be placed into evidence (rather than the excerpt).

- Documents produced by any healthcare provider of Richard Smith.

- Documents produced by any police department, fire department and ambulance service, and any DSS or court files concerning Richard Smith and/or Ruth Smith.

- Documents produced in the Neurontin MDL Marketing, Sales Practices, and Products Liability Litigation bearing a Pfizer bates number.

- Documents produced in the Neurontin MDL Marketing, Sales Practices, and Products Liability Litigation bearing a third-party bates number or other documents of third parties where the documents reasonably show on their face that they are authentic.

- Documents produced by Pfizer in *U.S. ex rel. Franklin v. Pfizer Inc and Parke-Davis*, No. 96-11651-PBS (D. Mass.) bearing a Pfizer bates number.

- Documents that can be shown are contained in NDAs 20-235 and 21-397 or otherwise made available to the plaintiffs for inspection and copying in the Neurontin MDL Marketing, Sales Practices, and Products Liability Litigation.

- Documents concerning Neurontin originally created by Pfizer/Warner-Lambert or FDA that can be shown are available on FDA's website.

- Documents originally created by FDA that are posted on the FDA website.

- Electronic documents concerning Neurontin from the FDA that contain the standard FDA electronic signature along with attachments specifically referred to.

- Emails concerning Neurontin between Pfizer, Parke-Davis, or Warner-Lambert on one hand and FDA on the other.

- Documents concerning Neurontin from the FDA signed by an FDA employee on FDA letterhead along with attachments specifically referred to.

- Neurontin-related Advisory Committee briefing documents/submissions and transcripts.

This stipulation does not waive either party's right to object to the admissibility of any exhibit on other grounds.

Entered into this 19th day of April 2010.

On behalf of Plaintiff

By _____
Keith Altman

FINKELSTEIN & PARTNERS, LLP
Attorneys for Plaintiff
1279 Route 300
Newburgh, N.Y. 12551

On behalf of Defendants

By _____
Catherine B. Stevens

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Tel: (212) 735-3000

2

EXHIBIT "B"

Adverse Event Data Stipulation

# GOODELL, DeVRIES, LEECH & DANN, LLP

ATTORNEYS AT LAW
ONE SOUTH STREET, 20TH FLOOR
BALTIMORE, MARYLAND 21202
TELEPHONE
(410) 783-4000

FACSIMILE (410) 783-4040

MICHAEL J. WASICKO
MJW@GDLDLAW.COM
WRITER'S DIRECT NUMBER
410-783-4036

February 16, 2009

**VIA FIRST CLASS MAIL AND FAX**
Kenneth B. Fromson
Finkelstein & Partners
1279 Route 300
P.O. Box 1111
Newburgh, NY 12551

Re: Neurontin Products Liability Litigation, Discovery: Dr. Sheila Weiss Smith

Dear Ken:

I am writing today to summarize our agreement, which we reached on Friday, February 13, 2009. We agree to a stipulation that neither party will question how data are obtained from the raw FDA Adverse Event Reporting System ("AERS") data. We will agree that experts for both Plaintiffs and Defendants are equally capable of running programs that will obtain from AERS into a form for subsequent queries and analyses. The points of contention start with the various experts' use of specific protocols to analyze the data. The stipulation is that if all experts ran the analyses using the same protocols, the results should be similar.

Per your email of February 13, 2009, I understand that you will be filing the appropriate papers to withdraw your motion to compel the electronic data relied upon by Dr. Weiss Smith. Please inform me immediately if my understanding is incorrect. Because the courts are closed today (February 16) because of the holiday, I am assuming you will be filing your papers no later than February 17.

Sincerely,

*Michael J. Wasicko*
Michael J. Wasicko

February 16, 2009
Fromson re: Withdrawal of Motion to Compel
Page 2

cc: Lori McGroder, Esquire, Shook Hardy & Bacon (via email)
    Keith Altman, Esquire, Finkelstein & Partners (via email)
    Richard M. Barnes, Equire

4814-3698-5371

## Keith Altman

**From:** Michael Wasicko [mjw@GDLDLAW.com]
**Sent:** Friday, February 13, 2009 10:23 AM
**To:** Keith Altman
**Subject:** RE: Weiss discovery dispute

Keith,
We can agree to a stipulation that neither side with question how the data are pulled from the raw AERS data. We will agree that both Plaintiffs and Defendants are equally capable of running programs that will pull data from AERS into a form for subsequent queries and analyses. The points of contention start then with the various experts' use of specific protocols to analyze the data (e.g. serious versus all, HGLT versus PT, etc.). The stipulation is that if all experts ran the analyses using the same protocols, the results should be similar. The point you mentioned earlier today regarding challenges to accuracy being argued at an evidentiary hearing versus in front of the jury will have to addressed at a later time. Does that work for you? Will this be enough to get the MTC withdrawn today?

---

**From:** Keith Altman [mailto:kaltman@lawampmmt.com]
**Sent:** Thursday, February 12, 2009 4:26 PM
**To:** Michael Wasicko
**Subject:** RE: Weiss discovery dispute

I think that will be fine. I just have to think about the limitation issue. I will get back to you in a bit. One of the issues we need to resolve is the following: Are we essentially willing to stipulate that both Plaintiffs and Defendants are equally capable of running analyses based upon AERS and that the only differences would be due to specific protocol considerations. As an example, Plaintiffs calculate the date that a term first shows up on a report. Defendants use the date of the last best case. If plaintiffs were to re-run the data using the last best case, then the results would be essentially the same as if we were to run it on Qscan. Dr. Weiss Smith has effectively testified to this that any competent analysis of AERS should yield essentially the same results.

If defendants are willing to enter into such a stipulation, then plaintiffs are less concerned about running alternative analyses in QScan if we can run them in our version of AERS and not have to get into a fight at the time of trial that since we didn't run them in QScan, this creates a problem out of hand. I am not suggesting that you might not question whether the computation was done accurately. Only that the mere fact it was done in plaintiffs copy of AERS is not a problem.

Does this make sense to you? If not, then we should talk about it.

As to the rest of the issues over the motion:

One thing, remember that my questions were not meant to be exclusive and that I was unsure whether I would have additional questions, so to that extent, I don't want to say that those are the only two outstanding issues.

Once I have had a chance to review the data, I will probably better able to quantify my questions. (or drop some if they are answered.)

---

**From:** Michael Wasicko [mailto:mjw@GDLDLAW.com]
**Sent:** Thursday, February 12, 2009 3:45 PM
**To:** Keith Altman
**Subject:** Weiss discovery dispute

As we just discussed, you are willing to withdraw your motion to compel if we will agree that you may pursue any additional questions that you have either through contact with DrugLogic or through queries on QScan (Dr. Weiss

Smith's portal). It appears to me that, after our discussions over the past few weeks, that the only points of contention remaining in this dispute are related to specific technical issues regarding QScan (i.e., mapping of COSTART to MedDRA and conversion of SRS and AERS to QScan database) and not to the analyses presented by Dr. Weiss Smith in her expert reports. Can we agree that should you feel that you need to run queries through QScan, those queries will be limited to answering your questions regarding the specific technical issues related to QScan?

Michael J. Wasicko, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, Suite 2000
Baltimore, MD 21202
(410) 783-4036
FAX: 410-783-4040

IMPORTANT CONFIDENTIALITY NOTICE
This message is from the law firm of Goodell, DeVries, Leech & Dann, LLP and contains information that may be privileged, confidential, and protected from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

If you have received this communication in error, please reply to the sender that you have received the message in error and delete the message or notify us immediately at our telephone number: 410-783-4000 or 410-783-4036. Thank you.

EXHIBIT "C"

Drafts of Expert Reports Not Discoverable Stipulation



**Finkelstein & PARTNERS**
*Counselors At Law*

A Limited Liability Partnership

(800) 634-1212
Fax: (845) 562-3492
www.lawampm.com

Howard S. Finkelstein, P.C. (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim (NY)
George A. Kohl, 2nd (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)

*Accredited CLE Provider*

Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright (NY)
Kenneth B. Fromson (NY, NJ & PA)
Joel Bossom (NY)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Terry D. Horner (NY)
Robert F. Moson (NY)
Julio E. Urrutia (NY)

Debra J. Reisenman (NY)
Michael T. McGarry (NY)

Steven P. Shultz (NY & MA)
Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Christopher T. Milliman (NY)
Silvia Fermanian (NY)
Edward M. Steves (NY)
Marie M. DuSault (NY)
Glenn W. Kelleher (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)

*Of Counsel*
Jules P. Levine, P.C. (NY & FL)
Michael O. Gittelsohn, P.C. (NY)
Joel A. Reback (NY & Israel)
Kenneth Cohen (NJ)
Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Frances M. Bova (NY & NJ)
Kenneth G. Bartlett (CT & NJ)
Ari Kresch (NY & MI)
Gustavo W. Alzugaray (NY & NJ)
Sharon A. Scanlan (NY & CT)
Jeffrey A. Brown, MD, Esq (NY & NJ)
Dennis G. Ellis (NY)
John F. Dowd (NY & CT)

REFER TO OUR FILE #: 200599

November 7, 2007

Lori McGroder, Esq.
Shook, Hardy, Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64108

Re: Discovery of Expert Draft Reports

Dear Lori:

We have been discussing an agreement by which neither party in the Neurontin litigation (e.g., MDL, the New York Coordinated Litigation, and *Crone v. Pfizer*), will seek from the other party discovery as it relates to drafts of expert reports. As a preliminary matter, each party has expressly reserved and not waived any potential objections to the discovery of such documents, and each party has not acknowledged that such reports even exist in the possession, custody or control of their respective experts or counsel. Nevertheless, we have reached an agreement in principle, and I am memorializing the agreement as follows:

> As it pertains to experts in the Neurontin Products Liability litigation (e.g., the MDL, the New York Coordinated Litigation, and *Crone v. Pfizer*), it is hereby stipulated and agreed upon by counsel for Parke-Davis, Warner Lambert and Pfizer, and by counsel for Plaintiffs represented by Finkelstein & Partners and by Jack London, Esq., that drafts of expert reports are not discoverable. It is further stipulated and agreed upon that drafts of expert reports is a subject about which the parties shall not inquire at depositions of the parties' experts.

I trust this language is consistent with our communications. To the extent that you agree with the above language, please provide your acknowledgement on the signature line below, or provide a responsive letter that details the language at issue and your acceptance of the agreement in the form and fashion set forth above.

To the extent you want to amend or otherwise discuss changes to the proposed language, please communicate with me at your earliest convenience.

Very truly,

Kenneth Fromson

Acknowledged and Agreed Upon
This ___ day of November, 2007

Lori McGroder, Esq.
Shook Hardy & Bacon, LLP
Counsel for Parke-Davis, Warner Lambert, and Pfizer

Newburgh • Albany • Binghamton • Kingston • Middletown • Monroe • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy • Utica

436 ROBINSON AVENUE
NEWBURGH, NY 12550

50 PARK PLACE, 10th FLOOR
NEWARK, NJ 07102

Case 3:05-cv-00444  Document 171  Filed 04/27/10  Page 12 of 12 PageID #: 3883