IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUTH SMITH, Individually and as Widow for the Use and Benefit of Herself and the Next Kin of Richard Smith, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>PFIZER, INC., *et al.*,<br><br>Defendants. | Civil No. 3:05-0444<br>Judge Aleta A. Trauger<br>(Dist. Of MA No.<br>1:05-cv-11515PBS) |

### DEFENDANTS' OBJECTIONS TO THE PROPOSED STATEMENT OF PLAINTIFF'S EXPERT DR. MICHAEL TRIMBLE

Pursuant to the Court's Scheduling Order of April 30, 2010, as amended orally due to flooding in Nashville, Defendants, Pfizer Inc and Warner-Lambert Company LLC (collectively, "Defendants" or "Pfizer") herein submit their objections to the expert witness statements proffered by Plaintiff's expert, Dr. Michael Trimble. These objections are in addition to, and without waiving, any applicable objections made in connection with Defendants' motions in limine that were filed and ruled upon by the Court.

| TESTIMONY/DEMONSTRATIVE<br>**Statement as to General Causation** | OBJECTION |
|---|---|
| **Page 5:** Dr. Trimble plans to quote at length from a discussion about the link between depression and serotonin which allegedly appears on a Pfizer website. | • Dr. Trimble does not reference the website in any of his reports, and it does not appear on Plaintiff's exhibit list.<br><br>• Moreover, Dr. Trimble does not provide the URL address for the website in his proposed statement, leaving Defendant to guess at its origin and accuracy |

- 1 -

| | of his quote. |
| --- | --- |
| | • Dr. Trimble's proposed testimony does not satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(B), which mandates the disclosure of:<br>• A complete statement of all opinions an expert witness will express and the basis and reasons for them.<br>• The data or other information considered by the expert witness in forming his opinions.<br>• Any exhibits that will be used to summarize or support the expert witness' opinions. |
| **Pages 5 - 6:** Dr. Trimble proposes to read from the deposition transcript of Dr. Leslie Tive, a Pfizer employee regarding the relationship between brain monamine levels and depression. | • The transcript of Dr. Tive's deposition is listed nowhere in Plaintiff's exhibit list, the References section of Dr. Trimble's general causation report, nor in any of his supplemental reports. It therefore fails to satisfy Fed. R. Civ. P. 26(a)(2)(B). |
| **Pages 7-8:** Dr. Trimble's proposed testimony contains a lengthy discussion of a scholarly article, Dooley, et al, *Stimulus-Dependent Modulation of [$^3$H] Norepinephrine Release from Rat Neocortical Slices by Gabapentin and Pregabalin*, Journal of Pharmacology and Experimental Therapeutics (2000). Dr. Trimble's proposed testimony includes the demonstrative display of a chart from Dooley's article. | • The Dooley article does not appear in Plaintiff's exhibit list, the References section of Dr. Trimble's general causation report, nor in any of his supplemental reports. As a result, Dr. Trimble's discussion of the Dooley article does not satisfy Fed. R. Civ. P. 26(a)(2)(B). |

| | |
|---|---|
| **Page 9:** Dr. Trimble also proposes to testify regarding Brawek and Dooley, et al., *Differential modulation of K+-evoked [$^3$H]-neurotransmitter from human neocortex by gabapentin and pregabalin*, Naunyn-Schmiedeberg's Arch Pharmacology (2008). | • Once again, the Brawek and Dooley article is found nowhere in Trimble's Reference list or Plaintiff's exhibit list. Indeed, Dr. Trimble's general causation report pre-dates the article, which was published in 2008. Dr. Trimble's use of the Brawek and Dooley study therefore violates Fed. R. Civ. P. 26(a)(2)(B). |
| **Page 10:** Dr. Trimble proposes to testify regarding Ben Menachem, et al., *Seizure frequency and CSF parameters in a double-blind placebo controlled trial of gabapentin in patients with intractable complex partial seizures*, Epilepsy Research (1995). Dr. Trimble's proposed testimony includes the display of two demonstratives: (1) the title page of the study, and (2) a bar graph from within the study. | • Although Dr. Trimble cited two other Ben Menachem studies in his general causation report, he does not cite the 1995 study he plans to testify about. Nor is the study found in Plaintiff's exhibit list. For these reasons, Dr. Trimble's planned reliance on the Ben Menachem article violates Fed. R. Civ. P. 26(a)(2)(B). |
| **Page 11:** Dr. Trimble plans to testify regarding Schmitz, *Effects of Antiepileptic Drugs on Mood and Behavior*, Epilepsia (2006), as well as display a demonstrative exhibit from that article. | • Dr. Trimble did not cite the Schmitz article in his general causation report, nor in any other disclosure. The Schmitz article is also not on Plaintiff's exhibit list. For these reasons, Dr. Trimble's proposed testimony violates Fed. R. Civ. P. 26(a)(2)(B). |
| **Page 12-13:** Beginning on the last line of page 12, Dr. Trimble discusses a number of mechanisms by which whole-brain GABA levels may be increased, including yoga exercise and selective serotonin reuptake inhibitors. He then distinguishes their effect on human behavior from that of Neurontin, and points out that | • Dr. Trimble's discussion of these other mechanisms by which whole-brain GABA levels may be increased is found nowhere in any of his expert reports in this case, and |

| | |
|---|---|
| some antidepressant medications "have been associated with release of aggression and suicidality." | therefore violates Fed. R. Civ. P. 26(a)(2)(B). |
| **Statements as to Specific Causation** | |
| Dr. Trimble's opinions in both of his expert statements that Neurontin was a substantial factor in causing Mr. Smith's suicide. | Improper expert opinion not based upon reliable scientific evidence as set forth in Defendants' motions and objections relating to causation. (FRE 702) |

Dated: May 12, 2010

        Respectfully submitted,

        SKADDEN, ARPS, SLATE,
          MEAGHER & FLOM LLP

        By:   /s/ Mark S. Cheffo
              Mark S. Cheffo

Four Times Square
New York, NY 10036
Tel: (212) 735-3000

    -and-

NEAL & HARWELL, PLC

By:   /s/ Gerald D. Neenan
      Aubrey B. Harwell, Jr., No. 002559
      W. David Bridgers, No. 016603
      Gerald D. Neenan, No. 006710

2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219
(615) 244-1713
(615) 726-0573 (fax)

*Attorneys for Defendants Pfizer Inc and*
*Warner-Lambert Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 12th day of May 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

Andrew G. Finkelstein, Esq.
Kenneth B. Fromson, Esq.
Finkelstein & Partners, LLP
1279 Route 300
Newburg, NY 12550

Charles F. Barrett, Esq.
Barrett & Associates, P.A.
6718 Highway 100, Suite 210
Nashville, TN 37205

Dara G. Hegar, Esq.
Ken S. Soh, Esq.
Maura Kolb, Esq.
Robert Leone, Esq.
W. Mark Lanier, Esq.
Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069

/s/ Gerald D. Neenan