# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

-------------------------------------------------------------x
                           :

RUTH SMITH, Individually and as Widow      :
for the Use and Benefit of Herself and the    :
Next of Kin of RICHARD SMITH, Deceased,  :        Civil No. 3:05-0444
                          :        Judge Trauger
              Plaintiff,    :
  -against-                     :

                          :   PLAINTIFF'S REQUESTS
PFIZER INC., PARKER-DAVIS,       :      TO CHARGE
a division of Warner-Lambert Company,  :
and Warner-Lambert Company LLC,    :
WARNER-LAMBERT COMPANY,     :
WARNER-LAMBERT COMPANY LLC and  :
JOHN DOE(S) 1-10,             :

                          :
             Defendants,    :
-------------------------------------------------------------x

PLAINTIFF'S REQUEST TO CHARGE NO. 1

T.P.I. – CIVIL 2.30 Expert Testimony – Determination of Weight

Usually witnesses are not permitted to testify as to opinions or conclusions.

However, a witness who has scientific, technical or specialized knowledge, skill,

experience, training, or education may be permitted to give testimony in the form of an

opinion. Those witnesses are often referred to as "expert witnesses."

You should determine the weight that should be given to each expert's opinion

[and resolve conflicts in the testimony of different expert witnesses]. You should

consider:

    1. The education, qualifications, and experience of the witnesses; and

    2. The credibility of the witnesses; and

    3. The facts relied upon by the witnesses to support the opinion; and

4. The reasoning used by the witnesses to arrive at the opinion.

You should consider each expert opinion and give it the weight, if any, that you think it deserves. You are not required to accept the opinion of any expert.

PLAINTIFF'S REQUEST TO CHARGE NO. 2

T.P.I. – CIVIL 2.40 Burden of Proof – Preponderance of Evidence

In this action, the plaintiff has the burden of establishing by a preponderance of the evidence all of the facts necessary to prove the following issues: were defendants negligent, and was defendants' negligence a proximate cause of Mr. Smith's death and damages?

The defendant has the burden of establishing by a preponderance of the evidence all of the facts necessary to prove the following issues:

The term "preponderance of the evidence" means that amount of evidence that causes you to conclude that an allegation is probably true. To prove an allegation by a preponderance of the evidence, a party must convince you that the allegation is more likely true than not true.

If the evidence on a particular issue is equally balanced, that issue has not been proven by a preponderance of the evidence and the party having the burden of proving that issue has failed.

You must consider all the evidence on each issue.

PLAINTIFF'S REQUEST TO CHARGE NO. 3

T.P.I. – CIVIL 3.01 Determination of Whether Plaintiff is Entitled to Recover a Verdict

A plaintiff is entitled to recover compensation for an injury that was legally caused by the negligent conduct of a defendant. In this case, the plaintiff has the burden of proving:

1. That the defendants were negligent; and

2. That the negligence was a legal cause of injury to the plaintiff.

PLAINTIFF'S REQUEST TO CHARGE NO. 4

T.P.I. – CIVIL 3.05 Definition of Negligence

Negligence is the failure to use ordinary or reasonable care. It is either doing something that a reasonably careful person would not do or the failure to do something that a reasonably careful person would do under all of the circumstances in this case.

A person may assume that every other person will use reasonable care, unless a reasonably careful person has cause for thinking otherwise.

A supplier who knows or reasonably should know that a product is likely to be dangerous for its intended use or foreseeable misuse has a duty to use reasonable care to warn of the product's danger or to reveal its unsafe condition. Warnings should be given to those persons whom the supplier should reasonably expect to use or to handle the product or be endangered by its use or handling, if the supplier reasonably should believe those persons would not realize the danger without the warnings. The failure to fulfill this duty is negligence.

In making this determination, you must apply the state of scientific and technological knowledge available to the Defendants in March 2004, when Richard Smith was prescribed Neurontin  You may not consider any information that became available only after that date on the question of whether the warnings provided with Neurontin were adequate.

PLAINTIFF'S REQUEST TO CHARGE NO. 5

T.P.I. -- CIVIL 3.20 Causation

A negligence claim requires proof of two types of causation: Cause in fact and legal cause. Cause in fact and legal cause are distinct elements of a negligence claim and must by proven by the plaintiff by a preponderance of the evidence.

PLAINTIFF'S REQUEST TO CHARGE NO. 6

T.P.I. – CIVIL 3.21 Cause in Fact

The defendant's negligent conduct is a cause in fact of the plaintiff's injury if, as a factual matter, it directly contributed to the plaintiff's injury and without it plaintiff's injury would not have occurred. It is not necessary that a defendant's act be the sole cause of plaintiff's injury, only that it be a cause.

PLAINTIFF'S REQUEST TO CHARGE NO. 7

T.P.I. – CIVIL 3.22 Legal Cause

Once you have determined that a defendant's negligence is a cause in fact of the plaintiff's injury, you must decide whether the defendant's negligence was also a legal cause of the plaintiff's injury.

The law in Tennessee sets out two requirements to determine whether an act or omission was a legal cause of the injury or damage.

1. The conduct must have been a substantial factor in bringing about the harm being complained of; and,

2. The harm giving rise to the action could have been reasonably foreseen or anticipated by a person of ordinary intelligence and care.

To be a legal cause of an injury there is no requirement that the cause be the only cause, the last act, or the one nearest to the injury, so long as it is a substantial factor in producing the injury or damage.

The foreseeability requirement does not require the person guilty of negligence to foresee the exact manner in which the injury takes place or the exact person who would be injured. It is enough that the person guilty of negligence could foresee, or through the use of reasonable care, should have foreseen the general manner in which the injury or damage occurred.

Negligence: Violation of a criminal statute[1]

The law forbids drug manufacturers from marketing prescription drugs for purposes not approved by the FDA and forbids drug manufacturers from misbranding drugs by not providing adequate instructions for the use of such drugs. Violation of these laws is some evidence of negligence.

You are instructed that defendant Warner-Lambert has pled guilty to the felony of distribution of an unapproved new drug by introducing Neurontin for use in the treatment of neuropathic pain, bipolar disorder, as monotherapy for epilepsy, and other unapproved uses, when no approval by the FDA was in effect for these uses, in violation of federal law.

You are instructed that defendant Warner-Lambert has pled guilty to the felony of misbranding Neurontin by introducing quantities of Neurontin into commerce in Puerto Rico, Tennessee, and elsewhere for use in the treatment of neuropathic pain, bipolar disorder, as monotherapy for epilepsy, and other unapproved uses, and which was misbranded in that Neurontin's labeling lacked adequate directions for such uses, in violation of federal law.

---

[1] See *Harden v. Danek Medical, Inc.* 985 S.W.2d 449.

PLAINTIFF'S REQUEST TO CHARGE NO. 9

Violation of Safety Standards[2]

Violation of a safety statute or regulation is some evidence of negligence. The violation in and of itself does not mean that the defendants were negligent, but it is some evidence of negligence which you may consider along with all of the other evidence on that point. It is, of course, for you to decide whether there was a such a violation in this case.

FDA regulations enacted by the legislature may be relevant

- on the issue of due care or lack thereof;

- as proof that the drug manufacturer knew or should have known of its

obligations to the public in the safe marketing of its product;

- as reflective of industry custom and practice; and

- as a basis for examination or cross-examination of expert witnesses.

In that regard, the Code of Federal Regulations provide that:

"[T]he labeling shall be revised to include a warning as soon as there is reasonable evidence of an association of a serious hazard with a drug: a causal relationship need not have been proved." 21 C.F.R. § 201.57(e); and that drug manufacturers "shall promptly review all adverse drug experience information obtained from any source" and "shall also develop written procedures for the surveillance, receipt, evaluation, and reporting of post marketing adverse drug experiences to the FDA" 21 C.F.R. § 314.80.

In this case, plaintiff alleges that defendants knew or should have known about post marketing adverse drug experiences relating to psychobiologic adverse events, including suicidality, particularly those reported with off-label use of Neurontin. Plaintiff

---

[2] See *Harden v. Danek Medical, Inc.* 985 S.W.2d 449.

claims that defendants not only had the duty to develop written procedures for surveillance, receipt, and reporting of such adverse drug experiences, but they should have evaluated and taken action in response to such psychobiologic adverse drug experiences reported with Neurontin.

If you find that defendants violated either or both of the above regulations, that violation is some evidence of negligence.

PLAINTIFF'S REQUEST TO CHARGE NO. 10

T.P.I. – CIVIL 8.36 Intentional Misrepresentation

The plaintiff seeks to recover damages for the alleged intentional misrepresentation of the defendants. To recover damages, the plaintiff must prove each of the following elements:

1. The defendants made a representation of a present or past material fact; and

2. The representation was false; and

3. The defendants knew that the representation was false when it was made [or the defendants made the representation recklessly without knowing whether it was true or false]; and

4. The defendants intended that the plaintiff rely upon the representation and act or not act in reliance on it; and

5. The plaintiff did not know that the representation was false and was justified in relying upon the truth of the representation; and

6. As a result of plaintiff's reliance upon the truth of the representation, the plaintiff sustained damage.

PLAINTIFF'S REQUEST TO CHARGE NO. 11

T.P.I. – CIVIL 8.38 Misrepresentation by Concealment

In the alternative, the plaintiff seeks to recover damages for the alleged misrepresentation by concealment of the defendants. To recover damages, the plaintiff must prove each of the following elements:

1. The defendants concealed or suppressed a material fact;

2. The defendants was under a duty to disclose the fact to the plaintiff;

3. The defendants intentionally concealed or suppressed the fact with the intent to deceive the plaintiff;

4. The plaintiff was not aware of the fact and would have acted differently if the plaintiff knew of the concealed or suppressed fact; and

5. As result of the concealment or suppression of the fact, the plaintiff sustained damage.

PLAINTIFF'S REQUEST TO CHARGE NO. 12

T.P.I. – CIVIL 8.39 Nondisclosure of Known Facts

The failure of one party to disclose material facts known by that party and not the other party is not fraud unless there is some relationship between the parties that creates a duty to disclose those facts.

There is a duty to disclose known facts when the party having knowledge of the facts is in a fiduciary or a confidential relationship with the other party. There is a fiduciary or confidential relationship when one person may reasonably trust or have confidence in the integrity and fidelity of another.

In the absence of a fiduciary or a confidential relationship, a duty to disclose known facts arises where one party knows of material facts and also knows that those facts are neither known or readily accessible to the other party.

PLAINTIFF'S REQUEST TO CHARGE NO. 13

T.P.I. – CIVIL 8.43 Negligent Misrepresentation

To prove negligent misrepresentation, plaintiff must prove that:

1. The defendants were acting in the course of their business;

2. The defendants negligently supplied false information;

3. The defendants intended the information to guide plaintiff's course of action;

4. The plaintiff justifiably relied upon the false information; and

5. As a result, plaintiff sustained damage.

Plaintiff may prove that defendants negligently supplied false information by proving that (a) defendants failed to exercise reasonable care or competence in obtaining information about its product or that (b) defendants failed to exercise reasonable care and competence in communicating that information.

PLAINTIFF'S REQUEST TO CHARGE NO. 14

T.P.I. -- CIVIL 8.44 Liability to Third Persons for Negligent Misrepresentation

To recover in this case, the plaintiff must be the person or a member of a limited group of persons that the defendants intended to benefit or guide with the information the defendants supplied, and the plaintiff must have relied on the information in a manner that the defendants intended to influence.

The plaintiff may also recover if the plaintiff received the information from another person whom the defendants knew intended to transmit the information to a similar group of persons, and if the plaintiff relied on the information in a manner that the defendants intended to influence.

PLAINTIFF'S REQUEST TO CHARGE NO. 15

T.P.I. – CIVIL 8.45 Person to Whom Representation Made

A person does not need to make a representation directly to the person whom the defendant intends will act upon it. The defendant may make a representation to a third person intending that the third person communicate the representation to the person whom the defendant intends will act upon it.

A person who makes a representation intending to defraud the public or a particular class of persons, is considered in law to have intended to defraud every individual in the same category who was actually misled by the representation.

PLAINTIFF'S REQUEST TO CHARGE NO. 16

T.P.I. – CIVIL 8.46 Reliance

A party seeking recovery for intentional and/or negligent misrepresentation must have relied upon the representation. In other words, the plaintiff would not have taken Neurontin without the representation. You must determine whether reliance upon the representation substantially influenced the party's action, even though other influences operated as well.

Reliance upon a representation may be shown by direct evidence or may be inferred by the circumstances.

PLAINTIFF'S REQUEST TO CHARGE NO. 17

T.P.I. – CIVIL 8.47 Right to Rely

A person claiming to have been damaged by a false representation must not only have acted in reliance on the representation but must have been justified in that reliance. That is, it must be reasonable for the person, in light of the circumstances and that person's intelligence, experience, and knowledge, to accept the representation without making an independent inquiry or investigation.

T.P.I. – CIVIL 10.01 Strict Liability

One who manufactures or sells a defective or unreasonably dangerous product is responsible to the ultimate consumer of the product for physical harm caused to the consumer if:

(1) The manufacturer/ seller is engaged in the business of manufacturing/ selling such a product; and

(2) It is expected to and does reach the user or consumer without substantial change in the condition in which is was manufactured/sold.

A product is "defective" if it is more dangerous than would be reasonably expected by the ordinary consumer or would not be offered for sale by a reasonably careful manufacturer or seller who knew of its dangerous condition. An "ordinary consumer" is a consumer who purchases or uses the product with the ordinary knowledge common to the community as to its characteristics. A "manufacturer" is a person or company that designs, fabricates, products, compounds, processes or assembles any product or its component parts. The word "seller" includes a retailer, wholesaler, or distributor. A seller is any individual or organization in the business of selling a product either for resale or for use or consumption.

A seller/manufacturer of a product is not responsible for any injury to person caused by the product unless the product is determined to be in a defective condition or is unreasonably dangerous at the time it left the seller's/ manufacturer's control. In making this determination, you must apply the state of scientific and technological knowledge available to the seller/ manufacturer at the time the product was placed on the market,

rather than at the time of injury. Consider also the customary designs, methods, standards and techniques of manufacturing, inspecting and testing by other manufacturers/ sellers of similar products.

PLAINTIFF'S REQUEST TO CHARGE NO. 19

T.P.I. – CIVIL 10.02 Strict Liability – Adequacy of Warning

Where proper instructions for use and an adequate warning of hazards are given, the seller may reasonably assume that they will be read and followed. Thus, a product is not in a defective condition nor is it unreasonably dangerous, if:

(1) The manufacturer or seller has given proper instructions for the use of a product and an adequate warning of the dangers associated with the use or misuse of the product; and

(2) The product is safe for use if the instructions and warnings are read and followed.

Adequate and proper instructions establish procedures for efficient use and for avoiding danger. An adequate warning is one calculated to call to the attention of a reasonably careful person the nature and extent of the danger involved in using or misusing the product.

In preparing instructions and warnings, manufacturers and sellers must take into account, among other things, the intended or reasonably expected users or consumers of the product. Where a danger or hazard is apparent to the ordinary user, a product is not unreasonably dangerous or defective even if no warning is given.

PLAINTIFF'S REQUEST TO CHARGE NO. 20

Duty Owed to Physician (Learned Intermediary Doctrine)

Tennessee law recognizes the learned intermediary doctrine. Under this doctrine, makers of unavoidably unsafe products who have a duty to give warnings may reasonably rely on intermediaries to transmit their warnings and instructions. Thus, if a drug company sufficiently warns doctors of a given side effect, the company cannot be held liable by patients for that side effect. Warnings concerning prescription drugs generally are adequate when they contain a full and complete disclosure of the potential adverse reactions to the drug. However, the learned intermediary doctrine does not shield a drug manufacturer from liability for inadequate warnings to the physician. In this case, the plaintiff has alleged that Pfizer did not adequately warn Richard Smith's prescribing medical providers of Neurontin's side effects. Nevertheless, a pharmaceutical company can escape liability if it can show that additional warnings would not have changed the prescribing doctor's actions. In other words, the plaintiff must show that the failure to warn the physician was a cause in fact of the plaintiff's injury. That is to say, plaintiff must prove that had additional warnings been given, the plaintiff would not have sustained her injuries and damages.[3]

---

[3] Smith v. Pfizer, Inc., 2010 U.S. Dist LEXIS 14909 (MD Tenn 2010)

PLAINTIFF'S REQUEST TO CHARGE NO. 21

T.P.I. – CIVIL 10.10 Manufacturer's Duty of Care

The manufacturer of a product has a duty to use reasonable care in designing, manufacturing, testing and inspecting the product so that the product may be safely used in the manner and for the purpose for which it was made. A failure to fulfill that duty is negligence.

PLAINTIFF'S REQUEST TO CHARGE NO. 22

T.P.I. – CIVIL 10.18 Misrepresentation - Products

To recover for a claim of misrepresentation concerning a product, the plaintiff must prove:

1. Defendants' business included selling the product, Neurontin;

2. The defendants represented that the product was safe for persons such as the plaintiff;

3. This representation was not merely opinion and was made to the general public or to those expected to buy or use the product.

4. The representation was not true;

5. The plaintiff knew of the representation but did not know it was untrue;

6. The plaintiff justifiably relied on the representation by using the product consistent with the representation;

7. Plaintiff's reliance on the representation was a substantial factor in causing the plaintiff's death and damages.

If the plaintiff proves all of the above factors, the plaintiff has established the defendants' fault even though the defendants' misrepresentation was not intentionally or negligently made.

PLAINTIFF'S REQUEST TO CHARGE NO. 23

T.P.I. – CIVIL 10.20 Breach of Warranty – Introduction

In this case plaintiff seeks to establish liability on a breach of warranty. A breach of warranty may be established without proof of negligence on the part of the defendant and usually occurs in connection with sale of goods.

A sale is the transfer of ownership of goods from a seller to a buyer for a price. "Goods" means any moveable property and is interchangeable with the terms "product" or "article". "Seller" includes the manufacturer, fabricator, producer, compounder, processor, assembler, retailer, wholesaler, distributor, lessor, or bailor.

"Buyer" includes the user or consumer of the product.

In this case, it has been alleged that the sale of Neurontin was made by the Defendants, Pfizer, Parke-Davis, and Warner-Lambert, formerly a subsidiary of Parke-Davis, as seller, to Richard Smith, as buyer.

PLAINTIFF'S REQUEST TO CHARGE NO. 24

T.P.I. – CIVIL 10.30 Implied Warranty of Merchantability

A sale of goods contains an implied warranty that goods are merchantable. This warranty requires that the goods are fit for the ordinary purposes for which such goods are used.

PLAINTIFF'S REQUEST TO CHARGE NO. 25

T.P.I. – CIVIL 14.01 Compensatory Damages – Introduction

If you decide that the plaintiff is entitled to damages, you must fix an amount that will reasonably compensate her for each for the following elements of claimed loss of harm, if you find it was suffered by the plaintiff and was caused by the act or omission upon which you base your finding of fault.

Each of these elements of damage is separate. You may not duplicate damages for any element by also including that same loss or harm in another element of damage.

PLAINTIFF'S REQUEST TO CHARGE NO. 26

T.P.I. – CIVIL 14.10 Personal Injury – Pain and Suffering

Plaintiff shall be awarded the following elements of damage experienced by the decedent prior to his death:

- Physical pain and suffering;

- Mental or emotional pain and suffering.

Pain and suffering encompasses physical discomfort caused by the culpable actions of the defendant. Mental or emotional pain and suffering encompasses anguish, distress, fear, humiliation, grief, shame or worry.

There is no mathematical formula for computing reasonable compensation for physical pain and suffering or mental or emotional pain and suffering, nor is the opinion of any witness required as to the amount of such compensation.

In making an award for such damages, you must use your best judgment and establish an amount of damages that is fair and reasonable in light of the evidence before you.

PLAINTIFF'S REQUEST TO CHARGE NO. 27

T.P.I. -- CIVIL 14.17 Negligent Infliction of Severe or Serious Emotional Injury

The plaintiff is entitled to reasonable compensation for serious or severe emotional injury suffered by the plaintiff and legally caused by the defendants' conduct. A serious or severe emotional injury occurs when a reasonable person, normally constituted, would be unable to adequately cope with the mental stress caused and brought about by the circumstances of the case.

There is no mathematical formula for computing reasonable compensation for serious or severe emotional injury, nor is the opinion of any witness required as to the amount of such compensation.

In making an award for such damages, you must use your best judgment and establish an amount of damages that is fair and reasonable in light of the evidence before you.

PLAINTIFF'S REQUEST TO CHARGE NO. 28

T.P.I. – CIVIL 14.30 Wrongful Death

In this case, suit has been brought for damages alleging the death of Richard Smith was caused by the fault of the defendants. If you decide to award damages, there are two classes of damages you may consider:

First those damages sustained immediately by the injured party including compensation for the following:

1. The mental and physical suffering actually endured by the injured party between the injury and death;

2. Reasonable funeral and burial expenses.

You may not speculate as to whether conscious pain and suffering actually did exist between the injury and death. If, however, you find that there was such pain and suffering prior to death, you must award damages for it.

The second class of damages that may be awarded is the present cash value of the pecuniary value of the life of the deceased. In determining this value, you should take into consideration the following factors:

1. The age of the deceased;

2. The condition of health of the deceased;

3. The life expectancy of the deceased;

4. The strength and capacity of the deceased for work and for earning money through skill in any art, trade, profession, occupation, or business;

5. The personal habits of the deceased as to sobriety and industry; and

6. The reasonable value of the loss of consortium suffered by the wife and

children of the deceased.

"Consortium" is a legal term consisting of several elements. It includes both tangible services provided by a family member, as well as intangible benefits each family member receives from the continued existence of other family members. Such intangible benefits include love, affection, attention, education, guidance, care, protection, training, companionship and cooperation and, in the case of a spouse, sexual relations, that the wife and children would reasonably be certain to have received during the life of the deceased.

In determining whether to award damages for loss of consortium for the death of a parent, you should consider for each of decedent's children: the age of the child, closeness of relationship, dependence and any other factors that reflect upon the relationship between the parent and each child.

In weighing these factors, you should consider the fact that expectancy of life is, at most, a probability based upon experience and statistics. You should consider not only the most optimistic expectations of the future, but also the most pessimistic, and all of the uncertainties between the extremes.

Finally, when determining the amount of damages based upon life expectancy and earning capacity you should deduct the present cash value of the deceased's living expenses had the deceased lived. These living expenses are those that under the deceased's standard of living would have been reasonably necessary to keep the deceased in such a condition of health and well-being as to maintain the capacity to earn money.

PLAINTIFF'S REQUEST TO CHARGE NO. 29

T.P.I. – CIVIL 14.31 Present Cash Value

I have used the expression "present cash value" in these instructions concerning damages for certain losses that may be awarded in this case. In determining the pecuniary value of the life of the decedent Richard Smith, you must adjust the award to allow for the reasonable earning power of money and the impact of inflation. "Present cash value" means the sum of money needed now, which when added to what that sum may reasonably be expected to earn in the future when invested, would equal the amount of damages at the time in the future when the earnings would have been received, living expenses incurred and the loss of consortium experienced. You should also consider the impact of inflation, its impact on wages and its impact on purchasing power in determining the present cash value of future damages.

PLAINTIFF'S REQUEST TO CHARGE NO. 30

T.P.I. – CIVIL 14.53 Life Expectancy

In calculating damages you should take into consideration the life expectancy of decedent and his beneficiaries. Richard Smith was, at the time of his death 79 years old and, according to the life expectancy tables, had a life expectancy of 7.9 years. Ruth Smith was 78 years old at the time of her husband's death and, according to the life expectancy tables, had a life expectancy of 10.3 years. Sherri Hoskins was 49 years old at the time of her father's death and, according to the life expectancy tables, had a life expectancy of 32.6 years. Gayle Lawson was 47 years old at the time of her father's death and, according to the life expectancy tables, had a life expectancy of 34.4 years. Cindy Charlton was 45 years old at the time of her father's death and, according to the life expectancy tables, had a life expectancy of 36.3 years. Donna Carnahan was 40 years old at the time of her father's death, and she lived until June 2, 2005, that is, for one year and 23 days after her father's death. The life expectancy read to you is not conclusive, but is an average life expectancy for persons who have reached a certain age. You should be aware that many persons live longer, and many die sooner, than the average. This figure may be considered by you in connection with other evidence relating to the probable life expectancy of the decedent and his beneficiaries including evidence of their health, occupation, habits and other activities.

PLAINTIFF'S REQUEST TO CHARGE NO. 31

T.P.I. – CIVIL 14.55 Punitive Damages

Plaintiff has asked that you make an award of punitive damages, but this award may be made only under the following circumstances. You may consider an award of punitive damages only if you find the plaintiff has suffered actual damage as a legal result of the defendants' fault and you have made an award for compensatory damages.

The purpose of punitive damages is not to further compensate the plaintiff but to punish a wrongdoer and deter others from committing similar wrongs in the future. Punitive damages maybe considered if, and only if, the plaintiff has shown by clear and convincing evidence that a defendant has acted either intentionally, recklessly, maliciously, or fraudulently.

Clear and convincing evidence is a different and higher standard than preponderance of the evidence. It means that the defendants' wrong, if any, must be so clearly shown that there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.

A person acts intentionally when it is the person's purpose or desire to do a wrongful act or to cause the result.

A person acts recklessly when the person is aware of, but consciously disregards a substantial and unjustifiable risk of injury or damage to another. Disregarding the risk must be a gross deviation from the standard of care that an ordinary person would use under all the circumstances.

If you decide not to award punitive damages, you will not assess an amount of punitive damages at this time. You will, however, report your finding to the court.

PLAINTIFF'S REQUEST TO CHARGE NO. 32

T.P.I. – CIVIL 14.55 Punitive Damages – Amount

You have decided that the plaintiff is entitled to punitive damages. You must now decide the amount of those damages. The plaintiff has the burden of proving by a preponderance of the evidence the amount of punitive damages that you should award.

In making you decision you must consider the instructions I have already given you and also the following:

1. The defendants' net worth and financial condition;

2. The objectionable nature of the defendants' wrongdoing, the impact of the defendants' conduct on the plaintiff, and the relationship of the parties;

3. The defendants' awareness of the amount of harm being caused and the defendants' motivation in causing the harm;

4. The duration of the defendants' misconduct and whether the defendants attempted to conceal the conduct;

5. The amount of money the plaintiff has spent in the attempt to recover the loss;

6. Whether defendants profited from the activity, and if so, whether the punitive award should be in excess of the profit in order to deter similar future behavior;

7. The number and amount of previous punitive damage awards against the defendants based upon the same wrongful act;

8. Whether, once the misconduct became known to the defendants, the defendants tried to remedy the situation or offered a prompt and fair settlement for the actual harm caused; and

9. Any other circumstances shown by the evidence that bears on determining the proper amount of the punitive award.

You have already awarded the plaintiff compensatory damages for the purpose of making the plaintiff whole. The purpose of an award for punitive damages is to punish a wrongdoer and to deter misconduct by the defendants or others.

Dated: May 12, 2010

Respectfully submitted,

THE LANIER LAW FIRM, P.L.L.C.

By: ___/s/ W. Mark Lanier___
W. Mark Lanier, Esq.
Dara G. Hegar, Esq.
Ken S. Soh, Esq.
Maura Kolb, Esq.
Robert Leone, Esq.
126 East 56th Street, 6th Floor
New York, NY 10022

- and -

FINKELSTEIN & PARTNERS, LLP

By: ___/s/ Andrew G. Finkelstein___
Andrew G. Finkelstein, Esq.
Kenneth B. Fromson, Esq.
1279 Route 300, P.O. Box 1111
Newburgh, NY 12551

- and -

BARRETT & ASSOCIATES, P.A.

By: ___/s/ Charles F. Barrett___
Charles F. Barrett, Esq.
BPR # 020627
6518 Highway 100, Suite 210
Nashville, TN 37205

*Attorneys for Plaintiff Ruth Smith*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was served via ECF filing the 13th day of May 2010 on the following:

Mark S. Cheffo, Esq.
Catherine B. Stevens, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, N.Y. 10036

Aubrey B. Harwell, Jr., Esq.
W. David Bridgers, Esq.
Gerald Neenan, Esq.
Robert A. Peal, Esq.
Neal & Harwell, PLC
2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219

Prince C. Chambliss, Jr., Esq.
Evans & Petree, PC
1000 Ridgeway Loop Road, Suite 200
Memphis, TN 38120

*Attorneys for Defendants*