# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| RUTH SMITH, Individually and as Widow for the Use and Benefit of Herself and the Next of Kin of RICHARD SMITH, Deceased, | ) ) ) ) | **Case #: 3:05-00444** |
| | ) | **Judge Trauger** |
| **Plaintiff,** | ) ) | |
| -against- | ) ) | |
| PFIZER INC., PARKE-DAVIS, a division of Warner-Lambert Company and Warner-Lambert Company LLC, WARNER-LAMBERT COMPANY, WARNER-LAMBERT COMPANY LLC and JOHN DOE(S) 1-10, | ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO
## THE PROPOSED STATEMENT OF PLAINTIFF'S EXPERT DR. MICHAEL TRIMBLE

Plaintiff Ruth Smith, as the Widow for the use and benefit of herself and the next of kin of Richard Smith, deceased, by and through her attorneys, hereby submits Plaintiff's Response to Defendants' Objections to the Proposed Statement of Plaintiff's Expert Dr. Michael Trimble.

| Testimony | Objection | Response |
|---|---|---|
| | | |

| Testimony | Objection | Response |
|---|---|---|
| **Page 5:** Dr. Trimble plans to quote at length from a discussion about the link between depression and serotonin which allegedly appears on a Pfizer website. | • Dr. Trimble does not reference the website in any of his reports, and it does not appear on Plaintiff's exhibit list.<br>• Moreover, Dr. Trimble does not provide the URL address for the website in his proposed statement, leaving Defendant to guess at its origin and accuracy of his quote.<br>• Dr. Trimble's proposed testimony does not satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(B), which mandates the disclosure of:<br>• A complete statement of all opinions an expert witness will express and the basis and reasons for them.<br>• The data or other information considered by the expert witness in forming his opinions.<br>• Any exhibits that will be used to summarize or support the expert witness' opinions. | The expert is not bound by the four corners of the expert 'report'. In *Thompson v. Doane Pet Care Co.,* District Judge William J. Haynes, Jr. denied the plaintiff's request to allow his expert to testify on direct examination that his opinion was based on "generally accepting accounting principles," because the phrase was not written in his report. 470 F.3d 1201 (6th Cir. 2006). The Court of Appeals for the Sixth Circuit, in finding that the Judge Haynes' ruling was in error and an abuse of discretion, held that Fed. R. Civ. P. 26(a)(2)(B) "does not limit an expert's testimony simply to reading his report. No language in the rule would suggest such a limitation. The rule contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report." *Id.* at 1203. The Sixth Circuit found that Judge Haynes' ruling was in violation of Fed. R. Civ. P. 26(a)(2)(B) and that the "Judge Higgins rule," as with other local rules. "must comply with Fed. R. Civ. Pro. 83(a)(2)." *Id.* at 1204.<br><br>The purported exhibit is indeed on Plaintiff's exhibit list as Ex. 2067; the Exhibit is specifically enumerated in Dr. Trimble's statement as "Exhibit 2067", and Defendants did not object to the authenticity of the exhibit in their submission ECF Doc 147-1.<br><br>The URL address for Pfizer's own publicly available site is www.zoloft.com/how_zoloft_works.aspx |

| Testimony | Objection | Response |
|---|---|---|
| **Pages 5 - 6:** Dr. Trimble proposes to read from the deposition transcript of Dr. Leslie Tive, a Pfizer employee regarding the relationship between brain monamine levels and depression. | • The transcript of Dr. Tive's deposition is listed nowhere in Plaintiff's exhibit list, the References section of Dr. Trimble's general causation report, nor in any of his supplemental reports. It therefore fails to satisfy Fed. R. Civ. P. 26(a)(2)(B). | The testimony is designated as part of Plaintiff's submitted deposition designations and so it is appropriate for Dr. Trimble to comment upon evidence/testimony in the case.<br><br>The expert is not bound by the four corners of the expert 'report'. In *Thompson v. Doane Pet Care Co.,* District Judge William J. Haynes, Jr. denied the plaintiff's request to allow his expert to testify on direct examination that his opinion was based on "generally accepting accounting principles," because the phrase was not written in his report. 470 F.3d 1201 (6th Cir. 2006). The Court of Appeals for the Sixth Circuit, in finding that the Judge Haynes' ruling was in error and an abuse of discretion, held that Fed. R. Civ. P. 26(a)(2)(B) "does not limit an expert's testimony simply to reading his report. No language in the rule would suggest such a limitation. The rule contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report." *Id.* at 1203. The Sixth Circuit found that Judge Haynes' ruling was in violation of Fed. R. Civ. P. 26(a)(2)(B) and that the "Judge Higgins rule," as with other local rules. "must comply with Fed. R. Civ. Pro. 83(a)(2)." *Id.* at 1204. |

| Testimony | Objection | Response |
|---|---|---|
| **Pages 7-8:** Dr. Trimble's proposed testimony contains a lengthy discussion of a scholarly article, Dooley, et al, *Stimulus-Dependent Modulation of [3H] _orepinephrine Release from Rat _eocortical Slices by Gabapentin and Pregabalin*, Journal of Pharmacology and Experimental Therapeutics (2000). Dr. Trimble's proposed testimony includes the demonstrative display of a chart from Dooley's article. | • The Dooley article does not appear in Plaintiff's exhibit list, the References section of Dr. Trimble's general causation report, nor in any of his supplemental reports. As a result, Dr. Trimble's discussion of the Dooley article does not satisfy Fed. R. Civ. P. 26(a)(2)(B). | As a matter of course, Plaintiffs did not include journal articles *per se* on an exhibit list because the exhibit list is meant to reflect those exhibits to be formally admitted into evidence, and journal articles would not fall under this category. Plaintiffs did not intend to formally offer journal articles into evidence, and have objected to Defendants proposed journal exhibits.<br><br>However, an expert's reliance and discussion of scholarly articles is appropriate under FRE 803 (Learned Treatises) even where the journal article itself -- as an exhibit -- is not to be formally admitted into evidence. Consequently, the expert's reference to the subject journal article is appropriate.<br><br>Next, the expert is not bound by the four corners of the expert 'report'. In *Thompson v. Doane Pet Care Co.,* District Judge William J. Haynes, Jr. denied the plaintiff's request to allow his expert to testify on direct examination that his opinion was based on "generally accepting accounting principles," because the phrase was not written in his report. 470 F.3d 1201 (6th Cir. 2006). The Court of Appeals for the Sixth Circuit, in finding that the Judge Haynes' ruling was in error and an abuse of discretion, held that Fed. R. Civ. P. 26(a)(2)(B) "does not limit an expert's testimony simply to reading his report. No language in the rule would suggest such a limitation. The rule contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report." *Id.* at 1203. The Sixth Circuit found that Judge Haynes' ruling was in violation of Fed. R. Civ. P. 26(a)(2)(B) and that the "Judge Higgins rule," as with other local rules. "must comply with Fed. R. Civ. Pro. 83(a)(2)." *Id.* at 1204.<br><br>Further, there is no prejudice to Defendants by Dr. Trimble's reference to this article/demonstrative. The expert is simply referencing the very same journal |

| Testimony | Objection | Response |
|---|---|---|
| **Page 9:** Dr. Trimble also proposes to testify regarding Brawek and Dooley, et al., *Differential modulation of K+-evoked [3H]-neurotransmitter from human neocortex by gabapentin and pregabalin*, Naunyn-Schmiedeberg's Arch Pharmacology (2008). | • Once again, the Brawek and Dooley article is found nowhere in Trimble's Reference list or Plaintiff's exhibit list. Indeed, Dr. Trimble's general causation report pre-dates the article, which was published in 2008. Dr. Trimble's use of the Brawek and Dooley study therefore violates Fed. R. Civ. P. 26(a)(2)(B). | The Neurontin Products Liability Plaintiffs' steering committee in MDL 1629 supplemented Dr. Trimble's expert disclosure on April 13, 2010 to reference the article in question.<br><br>The expert is not bound by the four corners of the expert 'report'. In *Thompson v. Doane Pet Care Co.,* District Judge William J. Haynes, Jr. denied the plaintiff's request to allow his expert to testify on direct examination that his opinion was based on "generally accepting accounting principles," because the phrase was not written in his report. 470 F.3d 1201 (6th Cir. 2006). The Court of Appeals for the Sixth Circuit, in finding that the Judge Haynes' ruling was in error and an abuse of discretion, held that Fed. R. Civ. P. 26(a)(2)(B) "does not limit an expert's testimony simply to reading his report. No language in the rule would suggest such a limitation. The rule contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report." *Id.* at 1203. The Sixth Circuit found that Judge Haynes' ruling was in violation of Fed. R. Civ. P. 26(a)(2)(B) and that the "Judge Higgins rule," as with other local rules. "must comply with Fed. R. Civ. Pro. 83(a)(2)." *Id.* at 1204.<br><br>Additionally, the article in question references Neurontin's effects on <u>human</u> brain and is thus offered as rebuttal to Defendants' argument that Plaintiffs rely on animal studies to demonstrate Neurontin's capacity to contribute to suicidality. Plaintiff's expert has simply utilized the exhibit on direct examination and this inures to the judicial economy as well as not having to have Dr. Trimble return from London, England after the close of Defendants' case for rebuttal purposes. |

| Testimony | Objection | Response |
|---|---|---|
| **Page 10:** Dr. Trimble proposes to testify regarding Ben Menachem, et al., *Seizure frequency and CSF parameters in a double-blind placebo controlled trial of gabapentin in patients with intractable complex partial seizures*, Epilepsy Research (1995). Dr. Trimble's proposed testimony includes the display of two demonstratives: (1) the title page of the study, and (2) a bar graph from within the study. | • Although Dr. Trimble cited two other Ben Menachem studies in his general causation report, he does not cite the 1995 study he plans to testify about. Nor is the study found in Plaintiff's exhibit list. For these reasons, Dr. Trimble's planned reliance on the Ben Menachem article violates Fed. R. Civ. P. 26(a)(2)(B). | Dr. Trimble has already provided testimony to the MDL court and Defendants regarding this very article during the parties' *Daubert* hearing in July 2008, where he was in fact cross examined by Defendants. Defendants even submitted the journal article as part of their Daubert presentation (ECF Doc 1357-7). Moreover, prior to the *Daubert* hearing, Dr. Trimble provided testimony under oath to Defendants during his deposition regarding the very article in question (Trimble. Dep. 10/18/07, p.78, et. seq.), and the article was marked as Exhibit 4.<br><br>The expert is also not bound by the four corners of the expert 'report'. In *Thompson v. Doane Pet Care Co.,* District Judge William J. Haynes, Jr. denied the plaintiff's request to allow his expert to testify on direct examination that his opinion was based on "generally accepting accounting principles," because the phrase was not written in his report. 470 F.3d 1201 (6th Cir. 2006). The Court of Appeals for the Sixth Circuit, in finding that the Judge Haynes' ruling was in error and an abuse of discretion, held that Fed. R. Civ. P. 26(a)(2)(B) "does not limit an expert's testimony simply to reading his report. No language in the rule would suggest such a limitation. The rule contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report." *Id.* at 1203. The Sixth Circuit found that Judge Haynes' ruling was in violation of Fed. R. Civ. P. 26(a)(2)(B) and that the "Judge Higgins rule," as with other local rules. "must comply with Fed. R. Civ. Pro. 83(a)(2)." *Id.* at 1204.<br><br>There is also no prejudice to Defendants as their own expert(s) have already referenced and discussed the same article. In particular Dr. Charles Taylor references the article in his statement at ECF 179-1, p.20.<br><br>The article is not included on Plaintiff's |

| Testimony | Objection | Response |
|---|---|---|
| **Page 11:** Dr. Trimble plans to testify regarding Schmitz, *Effects of Antiepileptic Drugs on Mood and Behavior*, Epilepsia (2006), as well as display a demonstrative exhibit from that article. | • Dr. Trimble did not cite the Schmitz article in his general causation report, nor in any other disclosure. The Schmitz article is also not on Plaintiff's exhibit list. For these reasons, Dr. Trimble's proposed testimony violates Fed. R. Civ. P. 26(a)(2)(B). | The Neurontin Products Liability Plaintiffs' steering committee in MDL 1629 supplemented Dr. Trimble's expert disclosure on April 9, 2010 to reference the article in question.<br><br>The article is not included on Plaintiff's exhibit list. As a matter of course, Plaintiff did not include journal articles *per se* on an exhibit list because the exhibit list is meant to reflect those exhibits to be formally admitted into evidence, and journal articles would not fall under this category. Plaintiffs did not intend to formally offer journal articles into evidence and have objected to Defendants proposed journal exhibits.<br><br>However, an expert's reliance and discussion of scholarly articles is appropriate under FRE 803 (Learned Treatises) even where the journal article itself -- as an exhibit -- is not to be formally admitted into evidence. Consequently, the expert's reference to the subject journal article is appropriate.<br><br>Next, the expert is also not bound by the four corners of the expert 'report'. In *Thompson v. Doane Pet Care Co.,* District Judge William J. Haynes, Jr. denied the plaintiff's request to allow his expert to testify on direct examination that his opinion was based on "generally accepting accounting principles," because the phrase was not written in his report. 470 F.3d 1201 (6th Cir. 2006). The Court of Appeals for the Sixth Circuit, in finding that the Judge Haynes' ruling was in error and an abuse of discretion, held that Fed. R. Civ. P. 26(a)(2)(B) "does not limit an expert's testimony simply to reading his report. No language in the rule would suggest such a limitation. The rule contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report." *Id.* at 1203. The Sixth Circuit found that Judge Haynes' ruling was in violation of Fed. R. Civ. P. 26(a)(2)(B) and that the "Judge Higgins rule," as with |

| Testimony | Objection | Response |
|---|---|---|
| **Page 12-13:** Beginning on the last line of page 12, Dr. Trimble discusses a number of mechanisms by which whole-brain GABA levels may be increased, including yoga exercise and selective serotonin reuptake inhibitors. He then distinguishes their effect on human behavior from that of Neurontin, and points out that some antidepressant medications "have been associated with release of aggression and suicidality." | • Dr. Trimble's discussion of these other mechanisms by which whole-brain GABA levels may be increased is found nowhere in any of his expert reports in this case, and therefore violates Fed. R. Civ. P. 26(a)(2)(B). | Pursuant to Rule 26, Dr. Trimble's general causation narrative report/disclosure (2007) was provided in the context of the MDL 1629. It provided adequate disclosure and discussed GABA levels, serotonin and their effects on human behavior.<br><br>In particular, with respect to Yoga exercise, Dr. Trimble provided testimony at his deposition regarding Yoga exercise in response to Defendants' inquiry (Trimble dep. at p.98 et seq., 10/18/07), and Defendants marked as Ex. 5 a particular article from Journal of Alternative Complementary Medicine, *Yoga Asana Sessions Increase Brain Gaba Levels: A Pilot Study*.<br><br>Again, at the parties *Daubert* hearing in July 2008, the issue was raised and addressed as part of Defendants' cross-examination of Dr. Trimble (ECF Doc 1357-6, p.3).<br><br>Next, the expert is also not bound by the four corners of the expert 'report'. In *Thompson v. Doane Pet Care Co.,* District Judge William J. Haynes, Jr. denied the plaintiff's request to allow his expert to testify on direct examination that his opinion was based on "generally accepting accounting principles," because the phrase was not written in his report. 470 F.3d 1201 (6th Cir. 2006). The Court of Appeals for the Sixth Circuit, in finding that the Judge Haynes' ruling was in error and an abuse of discretion, held that Fed. R. Civ. P. 26(a)(2)(B) "does not limit an expert's testimony simply to reading his report. No language in the rule would suggest such a limitation. The rule contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report." *Id.* at 1203. The Sixth Circuit found that Judge Haynes' ruling was in violation of Fed. R. Civ. P. 26(a)(2)(B) and that the "Judge Higgins rule," as with other local rules. "must comply with Fed. R. Civ. Pro. 83(a)(2)." *Id.* at 1204. |

| Testimony | Objection | Response |
|---|---|---|
| Dr. Trimble's opinions in both of his expert statements that Neurontin was a substantial factor in causing Mr. Smith's suicide. | - Improper expert opinion not based upon reliable scientific evidence as set forth in Defendants' motions and objections relating to causation. (FRE 702) | Dr. Trimble's opinions are based upon reliable scientific evidence and methodology meeting requirements of FRE 702. |

Dated: May 13, 2010

Respectfully submitted,

THE LANIER LAW FIRM, P.L.L.C.

By:    **/s/ W. Mark Lanier**
    W. Mark Lanier, Esq.
    Dara G. Hegar, Esq.
    Ken S. Soh, Esq.
    Maura Kolb, Esq.
    Robert Leone, Esq.
    126 East 56th Street, 6th Floor
    New York, NY 10022

- and -

FINKELSTEIN & PARTNERS, LLP

By:    **/s/ Andrew G. Finkelstein**
    Andrew G. Finkelstein, Esq.
    Kenneth B. Fromson, Esq.
    1279 Route 300, P.O. Box 1111
    Newburgh, NY 12551

- and -

BARRETT & ASSOCIATES, P.A.

By:    **/s/ Charles F. Barrett**
    Charles F. Barrett, Esq.
    BPR # 020627
    6518 Highway 100, Suite 210
    Nashville, TN 37205

*Attorneys for Plaintiff Ruth Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of May, 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

Aubrey B. Harwell, Jr., Esq.
W. David Bridgers, Esq.
Gerald D. Neenan, Esq.
Robert A. Peal, Esq.
Neal & Harwell, PLC
2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219

Prince C. Chambliss, Jr., Esq.
Evans & Petree, PC
1000 Ridgeway Loop Road, Suite 200
Memphis, TN 38120

Mark S. Cheffo, Esq.
Catherine B. Stevens, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

Andrew Howell Myers, Esq.
James Ernest Hooper, Esq.
Stephen Ernest Oertle, Esq.
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, CO 80202-2617

Faith E. Gay, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

                                              **/s/ Andrew G. Finkelstein**
                                                Andrew G. Finkelstein

Smith Plaintiffs' Response to Trimble Objections  5/13/2010

Page 10 of 10
Case 3:05-cv-00444   Document 237   Filed 05/13/10   Page 10 of 10 PageID #: 5135