**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **RUTH SMITH, Individually and as Widow** | ) | |
| **for the Use and Benefit of Herself and the** | ) | |
| **Next of Kin of RICHARD SMITH, Deceased,** | ) | **Case #: 3:05-00444** |
| | ) | **Judge Trauger** |
| **Plaintiff,** | ) | |
| | ) | |
| **-against-** | ) | |
| | ) | |
| **PFIZER INC., PARKE-DAVIS,** | ) | |
| **a division of Warner-Lambert Company** | ) | |
| **and Warner-Lambert Company LLC,** | ) | |
| **WARNER-LAMBERT COMPANY,** | ) | |
| **WARNER-LAMBERT COMPANY LLC and** | ) | |
| **JOHN DOE(S) 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS

     Plaintiff Ruth Smith, as the Widow for the use and benefit of herself and the next of kin of Richard Smith, deceased, by and through her attorneys, hereby submits Plaintiff's Response to Defendants' Objections to Plaintiffs' Exhibits.

Below are Smith Plaintiffs' responses to Defendants' objections. This table represents the exhibits that are currently used in video clips designated by Plaintiffs or in Plaintiff witness statements. Given the extraordinary number of Defendants' objections and the very short time to respond, Plaintiffs are were unable to review the additional objections on Defendants' pages 24 to 79 and Plaintiffs do not concede that Defendants objections are valid for these documents.

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---|---|---|---|---|---|---|
| P-0066 | Medical Records: Heritage Medical Assocs | Authenticity | Cato | | | Plaintiffs' can not determine basis of Defendants' authenticity objection. |
| P-0110 | Call Notes | Authenticity; Hearsay; Hearsay within hearsay; Relevance | Krancer; | | Document represents that sales calls made by the company to Plaintiffs' doctor's medical practice.  These records were created by Defendants' employees and maintained in the routine course of business by the Defendants and are therefore business records under F.R.E 803.  Documents demonstrate the quantity and nature of the sales call made and show the persistence of contact between Defendants and Plaintiffs' doctors. | Document is a Rule 1006 Summary of data produced to Plaintiffs by Defendants |
| P-0111 | Call Notes | Authenticity; Relevance | Krancer; | | Document represents that sales calls made by the company to Plaintiffs' doctor's medical practice.  These records were created by Defendants' employees and maintained in the routine course of business by the Defendants and are therefore business records under F.R.E 803.  Documents demonstrate the quantity and nature of the sales call made and show the persistence of contact between Defendants and Plaintiffs' doctors. | Document is a Rule 1006 Summary of data produced to Plaintiffs by Defendants |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---|---|---|---|---|---|---|
| P-0119 | Mackey Call Notes | Authenticity; Relevance | Mackey | | Document represents that sales calls made by the company to Plaintiffs' doctor's medical practice. These records were created by Defendants' employees and maintained in the routine course of business by the Defendants and are therefore business records under F.R.E 803. Documents demonstrate the quantity and nature of the sales call made and show the persistence of contact between Defendants and Plaintiffs' doctors. | Document is a Rule 1006 Summary of data produced to Plaintiffs by Defendants |
| P-0121 | Information | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance: Marketing; Relevance: Plea | Taylor; | O | | |
| P-0123 | Affidavit of David Franklin | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance; Relevance: Marketing; Relevance: Plea | Franklin; | | Proper foundation for the document will be laid during the testimony of Dr. Franklin. | |
| P-0199 | Metropolitan Police Department Homicide Unit Supplemental Report – Richard Smith | No Document Produced | Biggs; | | | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---|---|---|---|---|---|---|
| P-2000 | Warner-Lambert guilty plea in United States v. Warner Lambert dated June 7, 2004 | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance: Marketing; Relevance: Other Events; Relevance: Plea | Teicher | O | | |
| P-2001 | Information in United States v. Warner Lambert, dated May 13, 2004 | Authenticity; Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance: Marketing; Relevance: Other Events; Relevance: Plea | Blume | O | | Document was authenticated in the Deposition of Martin Teicher dated 7/7/2006 on Page 89:4 |
| P-2002 | Sentencing Memorandum of the United States | Probative Value Outweighed; Relevance: Plea | Teicher | S | | |
| P-2003 | Division of Neuropharmacological Drug Products Combined Medical-Statistical Review NDA: 20-235, Indication: Adjunctive Medication | Hearsay; Probative Value Outweighed; Relevance: Other Events | Knapp | | Document listed by Defendants as DX7563. Document is the records of a regularly conducted activity of a governmental agency and is excepted from hearsay under FRE 803(6) and FRE 803(8). This document is relevant because it contains a summary of the FDA's review of the safety of Neurontin at the time of the initial approval. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|--------------------|----------------------|--------------------------------------------|------------------------------|----------------------|----------------------|
| P-2005 | Michael Trimble, Psychosis with Gabapentin (1995); | Authenticity | Trimble | | | Document has a Bates number from Defendants and is covered by stipulation of parites |
| P-2006 | RE: GABA and PMDD | Hearsay within hearsay | Trimble | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients of the emails are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D) | |
| P-2015 | Video of July 10, 2008 Advisory Committee Hearing | Hearsay; New Warning | Blume | P | Video is the public records of a regularly conducted activity of a governmental agency and is excepted from hearsay under F.R.E. 803(8). Court has previously ruled the evidence is admissible (ECF 199) | |
| P-2018 | FDA Letter to Sponsors 12-2008 | Hearsay; Probative Value Outweighed; Relevance: New Warning | Maris | P | Document is the public records of a regularly conducted activity of a governmental agency and is excepted from hearsay under F.R.E. 803(8). Court has previously ruled the evidence is admissible (ECF 199) | |
| P-2020 | Disclosure of Information By David Franklin (Exhibit 3) | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance: Marketing; Relevance: Plea | Franklin | | | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---|---|---|---|---|---|---|
| P-2061 | Gabapentin Data Capture Aid | Authenticity; Relevance | Blume | | Document is relevant to show methods the company could have used to collect suicide data prior to the death of Mr. Smith. Document also shows that the company aggregates certain terms when evaluating post marketing data concerning suicide. Plaintiff's expert Blume will testify that Defendants should have implemented a similar plan prior to the death of Mr. Smith | Document covered by stipulation of the parties: Produced by Defendans to Plainitffs |
| P-2067 | Zoloft web site About Zoloft – How Zoloft Works | Relevance | Trimble | | Document is an admission by the company on the relationship between serotonin and depression which is one of the central issues in this litigation. | |
| P-2176 | Jeffrey Mohan, Gabapentin and Suicide (Mar. 14, 2006) | Relevance; Rule of Completeness | Greenland | | Document is complete except for appendices. This document is relevant because it was prepared for the FDA in response to the FDA's request for information concerning gabapentin and suicidality. These are central issues to this case. | |
| P-2781 | E-mail from Larry Alphs to John Marino re: National Public Radio-NEURONTIN Story to be aired TONIGHT | Probative Value Outweighed; Relevance: Other Events | Alphs | | Document shows the deliberation process of the company in responding to information concerning Neurontin and suicidality. The discussion is specifically about suicide, a central issue to this case. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|---------------------|------------------------|-------------------------------------------|------------------------------|---------------------|----------------------|
| P-2784 | E-mail from Christine Aschenbach to Allison Fannon, Larry Alphs, Angela Crespo, Steve Piron, Bruce Parsons, Ellen Dukes re: PSC M | Probative Value Outweighed; Relevance | Alphs | | Document is relevant because it shows that a journal were expressing concern about Pfizer employees being authors of publications. Such influencing of the medical literature is one of the central issues in the case. | |
| P-2799 | E-mail from Atul Pande to Lloyd Knapp re: GBP in Bipolar Disorder | Irrelevant: Other indications; Probative Value Outweighed; Relevance: Marketing | Pande | | Document is relevant because it shows the company specifically aware that Neurontin was not effective for bipolar disorder and that the company believed it could not get an approval. Having this knowledge, the company failed to take appropriate steps to insure the safety of this off label population. This is evidence of Defendants' recklessness. Also demonstrates that the company is aware it can be difficult to determine which drugs were effective in polypharmacy, a central issue with the Bipolar paper of Defendants' expert Dr. Robert Gibbons. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|---------------------|------------------------|------------------------|-----------|---------------------|----------------------|
| P-2966 | E-mail from Lloyd Knapp to Drusilla Scott, Atul Pande, Stephen Gracon, Byron Scott, Robert Michael Poole re: GDRC-Nerve Conductio | Hearsay; Probative Value Outweighed; Relevance | Scott | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients of the emails are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). The document is relevant because it discusses pain indications. Furthermore, it discusses how Defendants would trade with the FDA in order to obtain an approval for some form of Neuropathic pain. | |
| P-2971 | E-mail from Meg Yoder to John Marino, Christine Grogan, Craig Glover, Suzanne Doft, Marino Garcia, Michael Rowbotham, David Probert, Allison Fannon, Steve Piron, Joan Kaplan, Angela Crespo, Leigh Anne Hemenway, Leslie Tive, Robert Glanzman, Elizabeth Muti | Probative Value Outweighed; Relevance: Foreign Labels; Relevance: Marketing; Relevance: Publications | Alphs | | The court has already ruled that marketing materials are admissible. There is no significant discussion of foreign labels. This document is relevant because it shows how Defendants were planning to expand the market. Also demonstrates that the Defendants' goals were inconsistent with on label increases in Neurontin sales. Defendants (Pfizer) have denied that off-label promotion occurred one Pfizer purchased Warner Lambert. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|---------------------|------------------------|---------------------------------------------|-------------------------------|----------------------|------------------------|
| P-2972 | E-mail from Nancy Mancini to Lucy Castro, Daphne Nugent Laiken, Manini Patel re: Neurontin sales information needed | Hearsay within hearsay; Probative Value Outweighed; Relevance: Foreign Labels; Relevance: Marketing; Relevance: Other Events | Castro | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients of the emails are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D).The court has already ruled that marketing materials are admissible. There is no significant discussion of foreign labels. This document is relevant because it discusses methods used to analyzed marketing data and also discussed specific safety findings reported to regulatory agencies. | |
| P-2973 | Presentation: Rationale for a Social Phobia Clinical Program with Neurontin,GDRC Meeting November 8, 2001 | Other; Probative Value Outweighed; Relevance | Castro | | Document is relevant because it shows the company's awareness of the extent of off label use of the Neurontin. | |
| P-3057 | 1998 Neurontin Tactics, Prepared 7-30-97 by Cline, Davis & Mann | Irrelevant: Other indications; Probative Value Outweighed; Relevance: Marketing | Knoop | | The Court has already ruled that marketing materials are admissible. This document is relevant because it shows how the company was going to expand the market for off-label indications at the same time it did not know if the product was safe for those indications. Provides evidence of the recklessness of the company. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|---------------------|------------------------|-------------------------------------------|-------------------------------|---------------------|----------------------|
| P-3129 | E-mail from Suzanne Doft to XTEC Media re: NEU-0020634 Employer Ad Bd Slides | Probative Value Outweighed; Relevance | Doft | | Document is relevant because it constitutes admissions concerning Neuropathic pain, mechanisms of action of Neurontin, and is also a description of the Defendant's clinical development program on pain. | |
| P-3133 | Suzanne Doft, Individual Development Plan | Probative Value Outweighed; Relevance: Marketing | Doft | | The Court has already ruled that marketing materials are admissible. The document is relevant because it shows Defendants' attempts to expand the Neuropathic pain market for which it did not have an approval. | |
| P-3134 | Presentation: Incremental Market Potential With An FDA Approved Indication for Neuropathic Pain | Hearsay; Probative Value Outweighed; Relevance: Marketing; Rule of Completeness | Doft | | The Court has already ruled that marketing materials are admissible. The document is relevant because it shows the belief of doctors that Neurontin had various approvals when it did not. The document is not hearsay because it was prepared at the request of Defendants and was incorporated into its files and constitutes an adoptive admission. | |
| P-3136 | Suzanne Doft, Neurontin Marketing Team Draft, 2002 Personal Goals | Probative Value Outweighed; Relevance: Marketing | Doft | | The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how Pfizer was planning to expand the Neuropathic pain indication at a time when it did not have a broad indication. Pfizer argues it never engaged in off-label promotion. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|--------------------|-----------------------|-------------------------------------------|------------------------------|---------------------|----------------------|
| P-3138 | Neurontin, Neuropathic Pain Issues in the Workplace, Meeting Report | Probative Value Outweighed; Relevance | Doft | | The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how Pfizer was planning to expand the Neuropathic pain indication at a time when it did not have a broad indication. Pfizer argues it never engaged in off-label promotion. | |
| P-3412 | Key Message Sign-Off Sheet – Neurontin Publication Plan Key Messages | Probative Value Outweighed; Relevance | Glanzman | | The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how Pfizer was planning to expand the Neuropathic pain indication at a time when it did not have a broad indication. Pfizer argues it never engaged in off-label promotion. | |
| P-3442 | Mechanisms of action: A Guide for Sales Colleagues | Probative Value Outweighed; Relevance | Glanzman | | Document is relevant because it constitute Defendants' admissions concerning the mechanism of action of Neurontin, a key issue in the case. | |
| P-3462 | Neurontin: 2001 Situation Analysis | Probative Value Outweighed; Relevance; Marketing | Marino | | The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how Pfizer was planning to expand the Neuropathic pain indication at a time when it did not have a broad indication. Pfizer argues it never engaged in off-label promotion. Document also demonstrates analyses similar to that used by Plaintiffs' expert Dr. King. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|---------------------|------------------------|-------------------------------------------|------------------------------|---------------------|----------------------|
| P-3608 | Presentation: Neurontin by Leslie Tive | Hearsay within hearsay; Probative Value Outweighed; Relevance; Relevance: Foreign Labels; Relevance: Marketing | Knapp | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D).The court has already ruled that marketing materials are admissible. There is no significant discussion of foreign labels. This document is relevant because it discusses provides an overview of the Neurontin for all aspects including marketing, regulatory, and safety. | |
| P-3637 | Memo from Cynthia de Luise re: Neurontin PMP Team Meeting (09 May 2001) Minutes | Hearsay within hearsay; Probative Value Outweighed; Relevance: Marketing | Knapp | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). The document is relevant because the PMP is a committee specifically to look at the safety of Neurontin and has nothing to do with marketing. | |
| P-3678 | E-mail from Clare Cheng to A. Crook re: Neurontin 1997 Tactical Plan | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance: Marketing | Knoop | | The Court has already ruled that marketing materials are admissible. The document is not hearsay because it shows the kinds of analyses and recommendations Defendants were seeking from its independent consultants. The document is relevant because it demonstrates the marketing plans of the company. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|---------------------|------------------------|-------------------------------------------|------------------------------|---------------------|----------------------|
| P-3769 | Presentation: Quarterly Brand Review Neurontin 4-98 | Hearsay; Probative Value Outweighed; Relevance: Marketing | Marino | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D).The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how Pfizer was planning to expand the Neuropathic pain indication at a time when it did not have a broad indication. Pfizer argues it never engaged in off-label promotion. Document also demonstrates analyses similar to that used by Plaintiffs' expert Dr. King. Furthermore, the document demonstrates Defendants' knowledge of the extent of the off label usage of Neurontin. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---|---|---|---|---|---|---|
| P-3772 | Global Development Review Committee Meeting, September 19, 2001 | Hearsay within hearsay; Probative Value Outweighed; Relevance: Foreign Labels; Relevance: Marketing; Relevance: Other Events | Marino | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D) The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how Pfizer was planning to expand the Neuropathic pain indication at a time when it did not have a broad indication. Pfizer argues it never engaged in off-label promotion. | |
| P-3773 | Presentation: Rationale for an Expanded DPN Clinical Program with Neurontin | Hearsay within hearsay; Probative Value Outweighed; Relevance: Marketing | Marino | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D) The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how Pfizer was planning to expand the Neuropathic pain indication at a time when it did not have a broad indication. Pfizer argues it never engaged in off-label promotion. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|---------------------|------------------------|---------------------------------------------|-------------------------------|----------------------|----------------------|
| P-3777 | John Marino 2001 Goals | Hearsay within hearsay; Probative Value Outweighed; Relevance; Relevance: Foreign Labels; Relevance: Marketing | Marino | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D) The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how Pfizer was planning to expand the Neuropathic pain indication at a time when it did not have a broad indication. Pfizer argues it never engaged in off-label promotion. | |
| P-3778 | John Marino OP2002 Goals | Hearsay within hearsay; Probative Value Outweighed; Relevance; Relevance: Foreign Labels; Relevance: Marketing | Marino | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D) The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how Pfizer was planning to expand the Neuropathic pain indication at a time when it did not have a broad indication. Pfizer argues it never engaged in off-label promotion. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---|---|---|---|---|---|---|
| P-3779 | WW Neurontin Team 2003 Goals | Hearsay within hearsay; Probative Value Outweighed; Relevance: Foreign Labels; Relevance: Marketing | Marino | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how Pfizer was planning to expand the Neuropathic pain indication at a time when it did not have a broad indication. Pfizer argues it never engaged in off-label promotion. | |
| P-3780 | Letter from Norm Phillips, Vice President Physicians' World Communications Group to John Marino re: contract with group in Morris | Hearsay within hearsay; Probative Value Outweighed; Relevance: Marketing; Rule of Completeness | Marino | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how Pfizer was planning to expand the Neuropathic pain indication at a time when it did not have a broad indication. Pfizer argues it never engaged in off-label promotion. | |
| P-3849 | FDA Alert: Information for Healthcare Professionals Suicidality and Antiepileptic Drugs | Probative Value Outweighed; Relevance: New Warning; Rule of Completeness | Blume; Maris; Trimble | P | The court has already ruled that these materials are admissible. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|---------------------|----------------------|-------------------------------------------|------------------------------|---------------------|----------------------|
| P-3850 | FDA Alert: Information for Healthcare Professionals Suicidality and Antiepileptic Drugs | Authenticity; Probative Value Outweighed; Relevance; Relevance: New Warning; Rule of Completeness | Greenland | P | The court has already ruled that these materials are admissible. | Document covered by stipulation of the parties: FDA Document from FDA Web Site |
| P-3851 | Record of FDA Contact, Report Outcome of FDA Gabapentin NDA acceptability to file review meeting of 3-11-92 | No Objection | McCormick; | | | |
| P-3852 | Memo from V. Trudeau to R. Delong re: Follow-up Adverse Event Report | Hearsay; Probative Value Outweighed; Relevance: Other Events | McCormick | S | The courts ruling on anecdotal adverse events does not apply. This is an adverse event from the clinical trials before approval. Such events were not the subject of the Defendants motion in limine. The document is a business record of a regularly conducted activity of Defendants and is excepted from hearsay under F.R.E. 803(6). Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D) ( that the adverse event was expected). It is relevant because it establishes that the company received a report of severe depression and suicidal ideation which in 1990, Defendants felt was expected. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|---------------------|------------------------|-------------------------------------------|------------------------------|---------------------|----------------------|
| P-3853 | Presentation: Suicidality and Anti-Epileptic Drugs: Status of Clinical Trial Data Analysis by Evelyn Mentari MD | Hearsay; Non-final agency finding; Probative Value Outweighed; Relevance | McCormick | | Document is the public records of a regularly conducted activity of a governmental agency and is excepted from hearsay under F.R.E. 803(8). Court has previously ruled the evidence is admissible (ECF 199). The document is relevant because the FDA is discussing suicidality and Neurontin. | |
| P-3854 | Affidavit of David Franklin PhD | Authenticity; Hearsay; Probative Value Outweighed; Relevance: Plea | McCormick | | Proper foundation for the document will be laid during the testimony of Dr. Franklin. | Document will be authenticated by a testifying witness |
| P-3855 | Client Register, Shook, Hardy & Bacon LLP | Hearsay; Probative Value Outweighed; Relevance | McCormick | | Document is not hearsay because it is the records identified by witness Cynthia McCormick concerning payments she received from Defendants' counsel for her testimony. It is relevant to show bias of the witness. | |
| P-4062 | Marketing Assessment Neurontin in Neuropathic Pain and Spasticity | Relevance: Marketing | Taylor | | The court has ruled that marketing material is relevant. Document demonstrates the marketing plan for Neuropathic pain at a time when Defendants did not have an approval. | |
| P-4081 | Parke-Davis Pharmaceutical Research Division of Warner-Lambert Company Research Report Title: Gabapentin Adjunctive Treatment in | Irrelevant: Other indications | Pande | | Document is relevant because it shows that the company was aware that Neurontin was not effective for Neuropathic pain, yet did not publish these results until long after. Also demonstrates Defendants new the drug was ineffective and when combined with lack of knowledge of safety and increasing sales for this indication demonstrates the recklessness of the company. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|--------------------|---------------------|---------------------------------------|------------------------------|---------------------|----------------------|
| P-4147 | Declaration of Cheryl Blume, PhD | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance; Relevance: Other Events | Blume | | As per stipulation of the parties, Plaintiffs' agree that the entire declaration will not be offered into evidence, but may seek to introduce specific graphs and charts. These charts are created under F.R.E. rule 1006 from data in the possession of the company or publicly available data equally available to the parties and for which the parties have entered into a stipulation. The charts are not hearsay because they are based either upon the data in maintained by the company in the routine course of business or by the FDA in its routine course of business. Furthermore, the charts are being introduced for notice. | |
| P-4159 | Declaration of Keith Altman | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance; Relevance: Marketing; Relevance: Other Events | Blume | | As per stipulation of the parties, Plaintiffs' agree that the entire declaration will not be offered into evidence, but may seek to introduce specific graphs and charts. These charts are created under F.R.E. rule 1006 from data in the possession of the company or publicly available data equally available to the parties and for which the parties have entered into a stipulation. The charts are not hearsay because they are based either upon the data in maintained by the company in the routine course of business or by the FDA in its routine course of business. Furthermore, the charts are being introduced for notice. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---|---|---|---|---|---|---|
| P-4207 | Gabapentin Mechanism Work Group – Team Charter, September 5, 2000 | Authenticity; Hearsay | Scott | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D) | Document covered by stipulation of the parties: Produced by Defendans to Plainitffs: Document is identical to Pfizer_CTaylor_00 12843 |
| P-4208 | Email from John Marino re: Neurontin Labeling – Ground Rules and Agenda – Meeting May 22 | Hearsay within hearsay; Probative Value Outweighed; Relevance | Scott | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). Document is relevant to show labeling negotiations between the company and the FDA. | |
| P-4209 | Email from Drusilla Scott re: Neurontin PHN sNDA | Hearsay within hearsay; Relevance | Scott | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). Document is relevant to show labeling negotiations between the company and the FDA. Also discusses mechanism of action which is a key issue in this case. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|---------------------|----------------------|----------|----------|---------------------|----------------------|
| P-4212 | Letter from Lisa Stockbridge to Lucy Castro re: a model for Neurontin that is in violation of the Federal Food, Drug, and Cosmeti | Probative Value Outweighed; Relevance: Marketing | Scott | | Document is the public records of a regularly conducted activity of a governmental agency and is excepted from hearsay under F.R.E. 803(8). Document is relevant to show that Pfizer was also engaging in marketing conduct found by the FDA to be violative of regulations. This contradicts Defendants' testimony that Pfizer did not engage in improper marketing conduct. | |
| P-4286 | Review and Evaluation of Clinical Data, NDA 20-235 Indication: Refractory Epilepsy, January 31, 1992 | Hearsay; Hearsay within hearsay; Non-final agency finding; Probative Value Outweighed; Relevance | Teicher | | This is a duplicate of P-2003. Document listed by Defendants as DX7563. Document is the records of a regularly conducted activity of a governmental agency and is excepted from hearsay under FRE 803(6) and FRE 803(8). This document is relevant because it contains a summary of the FDA's review of the safety of Neurontin at the time of the initial approval. | |
| P-4287 | Letter from Lisa Stockbridge to Andrea Garrity re: a slim jim for Neurontin that is misleading and in violation of the Federal Fo | Authenticity; Probative Value Outweighed; Relevance: Marketing | Teicher | | Document is the public records of a regularly conducted activity of a governmental agency and is excepted from hearsay under F.R.E. 803(8). Document is relevant to show that Pfizer was also engaging in marketing conduct found by the FDA to be violative of regulations. This contradicts Defendants' testimony that Pfizer did not engage in improper marketing conduct. | Document covered by stipulation of the parties: Letter on FDA letterhead with attachments |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---|---|---|---|---|---|---|
| P-4288 | Letter from Lisa Stockbridge to Lucy Castro re: a model for Neurontin that is in violation of the Federal Food, Drug, and Cosmeti | Authenticity; Probative Value Outweighed; Relevance: Marketing | Teicher | | Document is the public records of a regularly conducted activity of a governmental agency and is excepted from hearsay under F.R.E. 803(8). Document is relevant to show that Pfizer was also engaging in marketing conduct found by the FDA to be violative of regulations. This contradicts Defendants' testimony that Pfizer did not engage in improper marketing conduct. | Document covered by stipulation of the parties: Letter on FDA letterhead with attachments |
| P-4289 | Settlement Agreement and Release between the United States of America and Pfizer and Warner-Lambert | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance: Marketing; Relevance: Plea | Teicher | | The court has already ruled that these documents are admissible. (ECF 199). Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). | |
| P-4290 | United States of America v Warner Lambert Company General Allegations | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance: Marketing; Relevance: Plea | Teicher | O | | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|--------------------|----------------------|-----------------------------------------|----------------------------|--------------------|---------------------|
| P-4291 | Neurontin: 1998 Situation Analysis | Probative Value Outweighed; Relevance: Marketing | Teicher | | The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how Pfizer was planning to expand the Neuropathic pain indication at a time when it did not have a broad indication. Pfizer argues it never engaged in off-label promotion. Document also demonstrates analyses similar to that used by Plaintiffs' expert Dr. King. | |
| P-4292 | Email from Elaine Vennard to The Hallelujah Core Team re: Hallelujah Core Team Meeting Minutes – 2-27-01 | Hearsay within hearsay; Probative Value Outweighed; Relevance | Teicher | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). Document impeaches the witness' testimony that he was not involved with Neurontin. | |
| P-4293 | Development Request, Category: Sleep (New), Type of Project: Rx to OTC Switch, Date: March 31, 2003 | Probative Value Outweighed; Relevance: Marketing | Teicher | | Document impeaches the witness' testimony that he was not involved with Neurontin. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|--------------------|----------------------|------------------------------------------|------------------------------|---------------------|---------------------|
| P-4294 | Neurontin: 2001 Operating Plan Executive Summary | Hearsay within hearsay; Privilege; Probative Value Outweighed; Relevance: Foreign Labels; Relevance: Marketing | Teicher | | The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how Pfizer was planning to expand the Neuropathic pain indication at a time when it did not have a broad indication. Pfizer argues it never engaged in off-label promotion. Document also demonstrates analyses similar to that used by Plaintiffs' expert Dr. King. | |
| P-4295 | Memo from Mi Dong to Neurontin (Anticonvulsant) Development Team re: Minutes – May 22, 1997, Neurontin Development Team Meeting | Probative Value Outweighed; Relevance: Foreign Labels; Relevance: Marketing; Relevance: Other Events | Teicher | | The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how Pfizer was planning to expand the Neuropathic pain indication at a time when it did not have a broad indication. Pfizer argues it never engaged in off-label promotion. Document also demonstrates analyses similar to that used by Plaintiffs' expert Dr. King. | |
| P-4324 | Pfizer Consultants Meeting September 6, 2001 | Hearsay within hearsay; Probative Value Outweighed; Relevance | Tive | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how Pfizer was planning to expand the Neuropathic pain indication at a time when it did not have a broad indication. Pfizer argues it never engaged in off-label promotion. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---|---|---|---|---|---|---|
| P-4384 | Memo from O. Brandicourt re: Neurontin Marketing Assessment | Probative Value Outweighed; Relevance: Foreign Labels | Marino; | | The court has ruled that marketing material is relevant. Document demonstrates the marketing plan for Psychiatric Indications at a time when Defendants did not have an approval. | |
| P-4385 | Memo from Mi Dong to Neurontin (Anticonvulsant) Development Team re: Minutes, November 9, 1994, Neurontin Development Strategy Meeting | Relevance | Taylor | | The court has ruled that marketing material is relevant. Document demonstrates the marketing plan for Psychiatric Indications at a time when Defendants did not have an approval. | |
| P-4397 | Presentation: Neurontin Publications Subcommittee Current Status and 2002 Plans | Hearsay; Hearsay within hearsay; Other; Probative Value Outweighed; Relevance: Marketing | Glanzman | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how the company was using scientific publications to influence the medical community with the appropriate disclosures of safety information. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|--------------------|----------------------|--------------------------------------|------------------------------|---------------------|---------------------|
| P-4528 | Parke-Davis Memorandum: Meeting Minutes, March 14, 1995, Neurontin Development Team Meeting | Hearsay; Hearsay within hearsay; Irrelevant: Other indications; Probative Value Outweighed; Relevance: Marketing | Pande | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how Pfizer was planning to expand the Neuropathic pain indication at a time when it did not have a broad indication. | |
| P-4550 | 1998 Neurontin Tactics | Authenticity; Hearsay; Probative Value Outweighed; Relevance: Marketing | Knoop | | The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how Pfizer was planning to expand the Neuropathic pain indication at a time when it did not have a broad indication. Pfizer argues it never engaged in off-label promotion. Document also demonstrates analyses similar to that used by Plaintiffs' expert Dr. King. | Document has a Bates number from Defendants and is covered by stipulation of parites |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|--------------------|----------------------|------------------------------------------|------------------------------|---------------------|----------------------|
| P-4581 | Official research report from 945-15 Warner-Lambert. (5/8/1990) Adverse Event Information, Patient 945-15-01 #001 RWB. Parke-Davis Pharmaceutical Research Division, Warner-Lamber Company. 101-103, 118, 121, 127. | Authenticity; Probative Value Outweighed; Relevance | Blume | S | The courts ruling on anecdotal adverse events does not apply. This is an adverse event from the clinical trials before approval. Such events were not the subject of the Defendants motion in limine. The document is a business record of a regularly conducted activity of Defendants and is excepted from hearsay under F.R.E. 803(6). Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). It is relevant because it establishes that the company received a report of severe depression and suicidal ideation which in 1990, Defendants felt was expected. In addition, the report is a well documented dechallenge/rechallenge report that was specifically allowed as part of the MDL Court's ruling in Daubert | Document covered by stipulation of the parties: Produced by Defendans to Plainitffs. |
| P-4712 | FDA FOI Documents for Neurontin NDA Approval | Hearsay; Hearsay within hearsay; Non-final agency finding; Probative Value Outweighed; Relevance: Foreign Labels; Relevance: Other Events | Blume | | Document is the public records of a regularly conducted activity of a governmental agency and is excepted from hearsay under F.R.E. 803(8). This document is relevant because it contains a summary of the FDA's review of the safety of Neurontin at the time of the initial approval. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|---------------------|----------------------|-------------------------------------------|------------------------------|---------------------|----------------------|
| P-4759 | Periodic Safety Update Report Gabapentin February 1, 2003 through January 31, 2004 | Relevance: Foreign Labels; Relevance: Other Events | Blume | | Document is relevant because it constitutes a summary of the safety of Neurontin as prepared by Defendants and serves as notice. Document is also demonstrative of the methods used by Defendants in reviewing the safety of Neurontin. | |
| P-4765 | Research Report No: RR 4192-0166 | Relevance | Blume; Trimble | | Document is highly relevant. Shows that Defendants observation supports Plaintiffs' general causation theory concerning mechanism of action. Furthermore, constitutes notice to the Defendants. | |
| P-4848 | Email sent to Elizabeth Mutisya from John Marino re: POPP Study | Hearsay within hearsay; Probative Value Outweighed; Relevance | Marino | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). Document demonstrates Defendants suppression of negative information and knowledge that Neurontin is minimally effective in certain indications. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|--------------------|----------------------|-------------------------------------------|-------------------------------|---------------------|---------------------|
| P-4853 | Neurontin 2001 US Operating Plan | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance; Relevance: Marketing; Relevance: Other Events | King | P | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how Pfizer was planning to expand the Neuropathic pain indication at a time when it did not have a broad indication. | |
| P-4857 | Email sent from Larry Alphs re: Minutes from NeP expert panel | Hearsay within hearsay; Relevance | Marino | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). Document is relevant to show how the company was trying to tailor the way that information was kept to protect such information from exposure during legal proceedings. Relevant to the credibility of Defendants. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|--------------------|-----------------------|-------------------------------------------|------------------------------|---------------------|----------------------|
| P-4863 | Fax transmittle of Exploratory Development Plan for Psychiatric Indications for Gabapentin | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance; Relevance: Foreign Labels; Relevance: Marketing | Marino | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). The Court has already ruled that marketing materials are admissible. The document is relevant because it shows the Defendants were planning to expand into psychiatric indications almost immediately after launch. This demonstrates Defendants' recklessness since it was aware that the drug could be causing suicidal behavior. | |
| P-4864 | Email sent from Elizabeth Mutisya re: GBP-post amputation pain | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance; Relevance: Foreign Labels; Relevance: Marketing; Relevance: Other Events | Marino | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). Document demonstrates Defendants suppression of negative information and knowledge that Neurontin is minimally effective in certain indications. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|--------------------|-----------------------|------------------------------------------|------------------------------|---------------------|----------------------|
| P-4874 | Email sent from John Marino to Elizabeth Mutisya re: POPP Study | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance: Foreign Labels; Relevance: Marketing | Marino | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). Document demonstrates Defendants suppression of negative information. | |
| P-4876 | Email sent from Judy Brown re: 25 and 26 Studies | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance: Marketing | Marino | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). Document demonstrates Defendants suppression of negative information. | |
| P-4877 | Email sent to Leslie Tive from John Marino re: 224 Study | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance: Foreign Labels; Relevance: Marketing; Rule of Completeness | Marino | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). Document demonstrates Defendants suppression of negative information. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---|---|---|---|---|---|---|
| P-4887 | Parke-Davis Memorandum: Meeting Minutes, March 14, 1995, Neurontin Development Team Meeting | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance: Marketing | Pande | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). The Court has already ruled that marketing materials are admissible. Document shows the plans for Defendants to expand the Neurontin marketing into areas for which safety was unknown. | |
| P-4889 | 1998 Neurontin Tactics | Hearsay; Probative Value Outweighed; Relevance: Marketing | Knoop | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). The Court has already ruled that marketing materials are admissible. The document is relevant because it shows how Defendants were planning to expand the Neuropathic pain use. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|---------------------|----------------------|-------------------------------------------|------------------------------|---------------------|----------------------|
| P-5150 | Parke-Davis Memorandum: Neurontin Marketing Assessment | Hearsay within hearsay; Probative Value Outweighed; Relevance: Marketing | Marino; | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). The court has ruled that marketing material is relevant. Document demonstrates the marketing plan for Psychiatric Indications at a time when Defendants did not have an approval. | |
| P-5135 | Email sent from Drusilla Scott re: Neurontin PHN SNDA; status and labeling | Hearsay; Rule of Completeness | Knapp | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). Document is relevant to show labeling negotiations between the company and the FDA. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|--------------------|----------------------|---------------------------|--------------------|--------------------|--------------------|
| P-5174 | Email sent to Michelle Mays from Leslie Tive re: Neurontin Information | Hearsay; Probative Value Outweighed; Relevance: Marketing | Teicher | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). The Court has already ruled that marketing materials are admissible. Document is relevant because it demonstrates that Neurontin's sales have been driven by anecdotal reports and not clinical studies. It further shows Pfizer's plan to market Neurontin for numerous off-label indications, contradicting the testimony of Defendants' witnesses. | |
| P-5187 | PPT slides | Foundation; Hearsay; Rule of Completeness | Teicher | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). The Court has already ruled that marketing materials are admissible. Document is relevant because it demonstrates that Neurontin's sales have been driven by anecdotal reports and not clinical studies. It further shows Pfizer's plan to market Neurontin for numerous off-label indications, contradicting the testimony of Defendants' witnesses. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|---------------------|------------------------|------------------------------------------|------------------------------|---------------------|----------------------|
| P-5190 | Periodic Safety Update Report Gabapentin February 1, 1998 through January 31, 2003 | Hearsay within hearsay | Blume | | Document is relevant because it constitutes a summary of the safety of Neurontin as prepared by Defendants and serves as notice. Document is also demonstrative of the methods used by Defendants in reviewing the safety of Neurontin. | |
| P-5285 | Parke-Davis Memorandum: Selected Physician Titration Analysis | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance; Relevance: Marketing | Ford | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). The Court has already ruled that marketing materials are admissible. Document demonstrates Defendants promoting the drug at higher dosages than approves. | |
| P-5349 | GBP FOI DOCUMENTS | Hearsay; Hearsay within hearsay | Taylor | | Document is the public records of a regularly conducted activity of a governmental agency and is excepted from hearsay under F.R.E. 803(8). This document is relevant because it contains a summary of the FDA's review of the safety of Neurontin at the time of the initial approval. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---|---|---|---|---|---|---|
| P-5354 | Investigator Brochure | Hearsay; Probative Value Outweighed; Relevance; Relevance: Foreign Labels | Trimble | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). Document is relevant as this is the package insert provided to clinical investigators. | |
| P-5373 | Neurontin Capsules, Tablets and Oral Solution | Hearsay; Probative Value Outweighed | Scott | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). Document is the label for Neurontin as of 1999 and is also on Defendants' exhibit list as DX7014 | |
| P-5392 | Undated partial notes re pharmcovigiliance. | Hearsay; Probative Value Outweighed; Relevance: Marketing; Completeness | Blume | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). Document is dated 3/15/2001 from the page before Pfizer_MHauben_0000122. Document is also on the Defendants list as DX7161 and is comment by Defendants' expert Dr. Ruggieri in his witness statement at page 13. | |

Case 3:05-cv-00444   Document 245   Filed 05/13/10   Page 36 of 47 PageID #: 5424

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|---------------------|------------------------|-------------------------------------------|------------------------------|---------------------|----------------------|
| P-5423 | PMO-Pillar Training | Hearsay; Probative Value Outweighed; Relevance: Marketing | Teicher | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6).  The authors and recipients  are employees of Defendant.  Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D).  The Court has already ruled that marketing materials are admissible | |
| P-5747 | USA vs. Warner-Lambert Company LLC: Information | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance: Plea | Taylor | O | | |
| P-5748 | Judgement for USA vs. Warner-Lambert Company LLC | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance: Plea | Taylor | | The court has already ruled that this document is admissible (ECF 199) | |
| P-5752 | Email (January 16, 2003) from John Marino_subj: National Public Radio- Neurontin Story to be aired Tonight | Hearsay within hearsay; Probative Value Outweighed | Taylor | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6).  The authors and recipients  are employees of Defendant.  Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D).  Document shows the deliberation process of the company in responding to information concerning Neurontin and suicidality.  The discussion is specifically about suicide, a central issue to this case. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---|---|---|---|---|---|---|
| P-5753 | Chart: GABA Elevation Does Not Predict Mechanism of Action or Effects | Authenticity; Hearsay | Taylor | | Base chart was prepared by Defendants' expert Charles Taylor. | Document will be authenticated by a testifying witness |
| P-5777 | Narrative Review: The Promotion of Gabapentin: An Analysis of Internal Industry Documents | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance; Relevance: Marketing | King | | Plaintiffs agree that the entire journal article will not be offered into evidence. | |
| P-5791 | Chart of Gabapentin Reporting Rates | Foundation; Probative Value Outweighed; Relevance; Rule of Completeness | Blume | | This is a chart prepared by the Defenseman's using Defendants own data. Dr. Blume opines that it demonstrates signals prior to the death of Mr. Smith. Furthermore, it validates the charts prepared by Dr. Blume since it graphs percentages as well as aggregates terms related to suicidality. It also constitutes an admission by the Defendants. | |
| P-5800 | Email from Wohlberg to Rodriguez Re:Social phobia | Hearsay; Hearsay within hearsay; Probative Value Outweighed; Relevance | Blume | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6). The authors and recipients are employees of Defendant. Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). Document demonstrates that prior to the purchase of Warner Lambert, Pfizer employees viewed Neurontin as Snake Oil. Rebuts claims by Defendants that Neurontin was effective for the broad indications claimed. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|---------------------|------------------------|---------------------------------------------|-------------------------------|----------------------|----------------------|
| P-5809 | Email from Wohlberg to Brandicourt re: FDA teleconference | Probative Value Outweighed; Relevance; Relevance: New Warning | Blume | | Document shows the deliberation process of the company in responding to information concerning Neurontin and suicidality.  The discussion is specifically about suicide, a central issue to this case.  Also demonstrates that the FDA told Defendants that it would not accept a label that said "may increase the risk of suicide" and insisted a label that says "increases the risk of suicide". | |
| P-5858 | Email sent from John Marino October 16, 2001 re: Gabapentin Neuropathic Pain Indication | Hearsay within hearsay | Scott | | Document is records of regularly conducted activities of Defendants and is excepted from hearsay under F.R.E. 803(6).  The authors and recipients  are employees of Defendant.  Furthermore, the document is not hearsay because it constitutes admissions by the Defendants under F.R.E. 801(d)(2)(A)-801(d)(2)(D). Document demonstrates Defendants' deliberations with the FDA concerning indications for Neurontin in neuropathic pain. | |
| P-5869 | Antiepileptic drugs and risk of suicide: a nationwide study. Olesen et al. Pharmaceutical and Drug Safety 2010. | Hearsay; Hearsay within hearsay;  Untimely for expert reliance;  no statistically significant | Blume; Maris; Greenland; Trimble | | Plaintiffs agree that the entire journal article will not be offered into evidence. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---|---|---|---|---|---|---|
| P-5870 | Anticonvulsant Medications and the Risk of Suicide, Attempted Suicide, or Violent Death. Patorno et al. JAMA 303:14 1401 | Hearsay; Hearsay within hearsay; Untimely for expert reliance; exploratory only study and not reliabl methodology to prove association and/or causation | Blume; Maris; Greenland; Trimble | | Plaintiffs agree that the entire journal article will not be offered into evidence. | |
| P-N/A | Brawek article: Differential modulation of K+-evoked 3H-neurotransmitter release from human neocortex by gabapentin and pregabalin, Naunyn-Schmiedeberg's Arch Pharmacol (2008) | Not on Exhibit List | Blume; Trimble | | As a matter of course, consistent with Rule 26(a)(3), Plaintiffs did not include journal articles per se on an exhibit list because the exhibit list is meant to reflect those exhibits to be formally admitted into evidence. Plaintiffs did not intend to formally offer journal articles into evidence. However, an expert's reliance and discussion of scholarly articles is appropriate under FRE 803 (Learned Treatises) even where the journal article itself -- as an exhibit -- is not to be formally admitted into evidence. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---|---|---|---|---|---|---|
| P-N/A | Brown and Linoila's article: CSF serotonin metabolite (5-HIAAA) studies in depression, impulsivity and violence, in Journal of Clinical Pscyhiatry (1990) | Not on Exhibit List | Trimble | | As a matter of course, consistent with Rule 26(a)(3), Plaintiffs did not include journal articles per se on an exhibit list because the exhibit list is meant to reflect those exhibits to be formally admitted into evidence. Plaintiffs did not intend to formally offer journal articles into evidence. However, an expert's reliance and discussion of scholarly articles is appropriate under FRE 803 (Learned Treatises) even where the journal article itself -- as an exhibit -- is not to be formally admitted into evidence. | |
| P-N/A | Asberg and Shalling's article titled: Psychobiology of suicide, impulsivity, and related phenomena. In the textbook of Psychopharmacology: Third Generation of Progress (1987). | Not on Exhibit List | Trimble | | As a matter of course, consistent with Rule 26(a)(3), Plaintiffs did not include journal articles per se on an exhibit list because the exhibit list is meant to reflect those exhibits to be formally admitted into evidence. Plaintiffs did not intend to formally offer journal articles into evidence. However, an expert's reliance and discussion of scholarly articles is appropriate under FRE 803 (Learned Treatises) even where the journal article itself -- as an exhibit -- is not to be formally admitted into evidence. | |

Case 3:05-cv-00444   Document 245   Filed 05/13/10   Page 41 of 47 PageID #: 5429

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---------|---------------------|------------------------|---------------------------------------------|-------------------------------|----------------------|----------------------|
| P-N/A | Mayeux, Stern and Williams article titled: Altered serotonin metabolism in depressed patients with Parkinson's disease, in Journal of Neurology (1984). | Not on Exhibit List | Trimble | | As a matter of course, consistent with Rule 26(a)(3), Plaintiffs did not include journal articles per se on an exhibit list because the exhibit list is meant to reflect those exhibits to be formally admitted into evidence. Plaintiffs did not intend to formally offer journal articles into evidence. However, an expert's reliance and discussion of scholarly articles is appropriate under FRE 803 (Learned Treatises) even where the journal article itself -- as an exhibit -- is not to be formally admitted into evidence. | |
| P-N/A | 1/30/03 Email from Allison Fannon to Douglas Shapiro re: YOUR APS POSTER | Not on Exhibit List | Alphs | | Document was inadvertently left off list. Defendants have not been prejudiced as the video clip was identified discussing the exhibit. Plaintiffs' seek leave to add this exhibit so that it may be shown while the clip is being played. | |
| P-N/A | 2002 PDR Supplement B Neurontin Entry | Not on Exhibit List | Castro | | Document was inadvertently left off list. Defendants have not been prejudiced as the video clip was identified discussing the exhibit. Plaintiffs' seek leave to add this exhibit so that it may be shown while the clip is being played. | |
| P-N/A | 9/13/96, 8/22/96, 8/26/96, 9/9/96 Letters to Franklin from Johnson | Not on Exhibit List | Franklin | | Document was inadvertently left off list. Defendants have not been prejudiced as the video clip was identified discussing the exhibit. Plaintiffs' seek leave to add this exhibit so that it may be shown while the clip is being played. | |

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---|---|---|---|---|---|---|
| P-N/A | 3/96-7/96 Calendar with witness's handwriting notations | Not on Exhibit List | Franklin | | Document was inadvertently left off list. Defendants have not been prejudiced as the video clip was identified discussing the exhibit. Plaintiffs' seek leave to add this exhibit so that it may be shown while the clip is being played. | |
| P-N/A | 11/6/1995 Non-Epileptic Uses of Gabapentin Consultant Meeting Key Learnings | Not on Exhibit List | Ford | | Document was inadvertently left off list. Defendants have not been prejudiced as the video clip was identified discussing the exhibit. Plaintiffs' seek leave to add this exhibit so that it may be shown while the clip is being played. | |
| P-N/A | Robert Glanzman Job Profile | Not on Exhibit List | Glanzman | | Document was inadvertently left off list. Defendants have not been prejudiced as the video clip was identified discussing the exhibit. Plaintiffs' seek leave to add this exhibit so that it may be shown while the clip is being played. | |
| P-N/A | 4/25/01 Letter from Drusilla Scott re: Labeling Review for Proposed US Package Insert for Neurontin Neuropathic Pain Supplemental NDA | Not on Exhibit List | Knapp | | Document was inadvertently left off list. Defendants have not been prejudiced as the video clip was identified discussing the exhibit. Plaintiffs' seek leave to add this exhibit so that it may be shown while the clip is being played. | |
| P-N/A | October 2001 Assessment of Psychiatrist Usage of Anti-Convulsant Medications | Not on Exhibit List | Knapp | | Document was inadvertently left off list. Defendants have not been prejudiced as the video clip was identified discussing the exhibit. Plaintiffs' seek leave to add this exhibit so that it may be shown while the clip is being played. | |

Case 3:05-cv-00444   Document 245   Filed 05/13/10   Page 43 of 47 PageID #: 5431

| Exhibit | Document Description | Defendants' Objections | Expert Statement or Deposition Designation | Impact of Court's MIL Rulings | Plaintiffs' Response | Authenticity Response |
|---|---|---|---|---|---|---|
| P-N/A | 11/8/95 Memo from John Marino to Edda Guerro re: Neurologists Who Specialize in the Treatment of PAIN | Not on Exhibit List | Marino | | Document was inadvertently left off list. Defendants have not been prejudiced as the video clip was identified discussing the exhibit. Plaintiffs' seek leave to add this exhibit so that it may be shown while the clip is being played. | |
| P-N/A | Neurontin Publication Subcommitte Review | Not on Exhibit List | Pande | | Document was inadvertently left off list. Defendants have not been prejudiced as the video clip was identified discussing the exhibit. Plaintiffs' seek leave to add this exhibit so that it may be shown while the clip is being played. | |
| P-N/A | Slide Presentation: The Making of a Champion | Not on Exhibit List | Pippin-Moreland | | Document was inadvertently left off list. Defendants have not been prejudiced as the video clip was identified discussing the exhibit. Plaintiffs' seek leave to add this exhibit so that it may be shown while the clip is being played. | |
| P-N/A | Email from Jeffrey Dodd re: Q&A Backgrounder on suicide issue for distribution to PD2, Vista RX and Neurology | Not on Exhibit List | Pippin-Moreland | | Document was inadvertently left off list. Defendants have not been prejudiced as the video clip was identified discussing the exhibit. Plaintiffs' seek leave to add this exhibit so that it may be shown while the clip is being played. | |
| P-N/A | Early version of P-5753 | Not on Exhibit List | Taylor | | Document was inadvertently left off list. Defendants have not been prejudiced as the video clip was identified discussing the exhibit. Plaintiffs' seek leave to add this exhibit so that it may be shown while the clip is being played. | |

Case 3:05-cv-00444   Document 245   Filed 05/13/10   Page 44 of 47 PageID #: 5432

Dated:  May 13, 2010                    Respectfully submitted,

                                        THE LANIER LAW FIRM, P.L.L.C.

                        By:     **/s/ W. Mark Lanier**
                                W. Mark Lanier, Esq.
                                Dara G. Hegar, Esq.
                                Ken S. Soh, Esq.
                                Maura Kolb, Esq.
                                Robert Leone, Esq.
                                126 East 56th Street, 6th Floor
                                New York, NY  10022

                                        - and -

                                FINKELSTEIN & PARTNERS, LLP

                        By:     **/s/ Andrew G. Finkelstein**
                                Andrew G. Finkelstein, Esq.
                                Kenneth B. Fromson, Esq.
                                1279 Route 300, P.O. Box 1111
                                Newburgh, NY  12551

                                        - and -

                                BARRETT & ASSOCIATES, P.A.

                        By:     **/s/ Charles F. Barrett**
                                Charles F. Barrett, Esq.
                                BPR # 020627
                                6518 Highway 100, Suite 210
                                Nashville, TN  37205
                                *Attorneys for Plaintiff Ruth Smith*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 13th day of May, 2010, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. True and correct copies of the foregoing documents are being served via the Court's CM/ECF system on the following:

Aubrey B. Harwell, Jr., Esq.
W. David Bridgers, Esq.
Gerald D. Neenan, Esq.
Robert A. Peal, Esq.
Neal & Harwell, PLC
2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219

Prince C. Chambliss, Jr., Esq.
Evans & Petree, PC
1000 Ridgeway Loop Road, Suite 200
Memphis, TN 38120

Mark S. Cheffo, Esq.
Catherine B. Stevens, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

Andrew Howell Myers, Esq.
James Ernest Hooper, Esq.
Stephen Ernest Oertle, Esq.
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600

Denver, CO  80202-2617

Faith E. Gay, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010

/s/ **Andrew G. Finkelstein**
Andrew G. Finkelstein